UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Judge Posner

| UNITED STATES OF AMERICA | ) | No. **14 CR 447** |
|---|---|---|
| v. | ) | Violations: Title 18, United States Code, Sections 287 and 1341 |
| HAKEEM EL BEY | ) | MAGISTRATE JUDGE MASON |
| | ) | **UNDER SEAL** |

**FILED**

AUG 1 3 2014
AUG 13 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

### COUNT ONE

The SPECIAL MARCH 2013 GRAND JURY charges:

1. At times material to this Indictment:

   a. The Internal Revenue Service was an agency of the United States Department of the Treasury. The IRS provided that estates and trusts entitled to a refund of federal income taxes could claim that refund by submitting a Form 1041 United States Income Tax Return for Estates and Trusts.

   b. On the Form 1041 return, the estate or trust was required to provide the estate's or trust's name and address, the name and title of its fiduciary, its Employer Identification Number, its total income for the tax year, the amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed.

   c. The IRS relied upon information from the Form 1041 in determining and issuing refunds. After receiving this information, the IRS issued a refund to the taxpayer by mail, via the United States Postal Service, if there were

no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

   d. Defendant HAKEEM EL BEY was a United States Postal Service employee who lived in Chicago, Illinois.

   e. On or about March 18, 2002, defendant filed and caused to be filed a document with the Mecklenburg County, North Carolina, Recorder of Deeds entitled "Declaration of National Moorish Name and Title Reclamation," in which he "relinquished" the name of Frederick Wade Jones and stated that he was to be known by the name HAKEEM EL BEY, "a Free and Sovereign Moorish National."

  2. Beginning no later than on or about August 10, 2009, and continuing through at least in or around November 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM EL BEY,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from the IRS by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

  3. It was part of the scheme that on or about August 10, 2009, defendant established and caused to be established an EIN with the IRS for the "Hakeem El Bey Trust," and caused himself to be named as the trustee and fiduciary of that purported trust. Defendant obtained EIN 27-616XXXX for the purported Hakeem El Bey Trust.

4. It was further part of the scheme that between no later than on or about August 14, 2009, and continuing through at least on or about November 29, 2010, defendant prepared and filed, and caused to be prepared and filed, with the IRS at least six materially false and fraudulent Form 1041 trust tax returns for the purported Hakeem El Bey Trust, EIN 27-616XXXX, for tax years 2006, 2007, 2008, and 2009. Each return included, among other things, fictitious information relating to income, fees, exemptions, and tax withholding for the trust, including false income in the amount of $900,000, false fiduciary fees in the amount of $900,000, a false exemption in the amount of $7,950, and false tax withholding by the IRS in the amount of $300,000. Each return also falsely listed "xx/xx/1959," defendant's date of birth, as the date the entity was created. In this manner, defendant falsely and fraudulently claimed tax refunds for the purported Hakeem El Bey trust in the amount of approximately $1,800,000.

5. It was further part of the scheme that on or about November 6, 2009, defendant opened bank account xxxxxx5730 in the name of Trust Agreement for Hakeem El Bey, Hakeem El Bey TTE, at Wells Fargo Bank.

6. It was further part of the scheme that on or about January 5, 2010, defendant caused the United States Department of the Treasury to issue an income tax refund check in the amount of $300,000 in the name of the Hakeem El Bey TR, Hakeem El Bey TTEE, and to mail the refund check to defendant's residence. The refund check was issued as a result of a fraudulent 2008 Form 1041 trust tax return filed by defendant on or about December 8, 2009. The refund check was endorsed by

defendant and deposited into Wells Fargo bank account xxxxxx5730 on or about January 11, 2010.

7. It was further part of the scheme that on or about April 1, 2010, defendant opened bank account xxxxxx1206 in the name of Trust Agreement for Hakeem El Bey, Hakeem El Bey TTE, at Wells Fargo Bank.

8. It was further part of the scheme that on or about June 22, 2010, defendant caused the United States Department of the Treasury to issue an income tax refund check in the amount of $300,000 in the name of the Hakeem El Bey TR, Hakeem El Bey TTEE, and to mail the refund check to defendant's residence. The refund check was issued as a result of a fraudulent 2009 Form 1041 trust tax return filed by defendant on or about May 24, 2010. The refund check was endorsed by defendant and deposited into Wells Fargo bank account xxxxxx1206 on or about June 28, 2010.

9. It was further part of the scheme that defendant used the proceeds of the fraudulently obtained refund checks for his own personal use, including the purchase of real estate and vehicles.

10. It was further part of the scheme that defendant misrepresented, concealed and hid the acts done in furtherance of his scheme to defraud.

11. On or about January 5, 2010, at Chicago in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM EL BEY,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, by mail, according to the direction thereon, an envelope addressed to an address on South Calumet Avenue, Chicago, Illinois, which envelope contained check number 2310-02741293, dated January 5, 2010, in the amount of $300,000, from the IRS and made payable to Hakeem El Bey TR, Hakeem El Bey TTEE;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about June 22, 2010, at Chicago in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM EL BEY,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, by mail, according to the direction thereon, an envelope addressed to an address on South Calumet Avenue, Chicago, Illinois, which envelope contained check number 2310-38743444, dated June 22, 2010, in the amount of $300,000, from the IRS and made payable to Hakeem El Bey TR, Hakeem El Bey TTEE;

In violation of Title 18, United States Code, Section 1341.

## COUNTS THREE THROUGH EIGHT

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about the dates set forth below, each such date constituting a separate count of this Indictment, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM EL BEY,

defendant herein, made, presented, and caused to be presented to the IRS, an agency of the United States Department of Treasury, a claim upon and against the IRS, that is, a tax return as set forth below, claiming a federal income tax refund in the amount set forth below, knowing that the claim was false, fictitious, and fraudulent, in that the return falsely indicated that the taxpayer was entitled to a refund in the amount set forth:

| Count | Date | Tax Return | Refund Claimed |
|---|---|---|---|
| 3 | August 14, 2009 | 2006 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |
| 4 | August 14, 2009 | 2007 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |
| 5 | August 14, 2009 | 2008 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |
| 6 | December 8, 2009 | 2008 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |

| | | | |
|---|---|---|---|
| 7 | May 24, 2010 | 2009 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |
| 8 | November 29, 2010 | 2007 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Hakeem El Bey Trust | $300,000 |

In violation of Title 18, United States Code, Section 287.

## **FORFETURE ALLEGATION**

The SPECIAL MARCH 2013 GRAND JURY further charges:

1.  The allegations of Counts One and Two of this Indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  As a result of his violations of Title 18, United States Code, Section 1341, as alleged in the Indictment,

HAKEEM EL BEY,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3.  The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to approximately $600,000; the real property located at 439 South Hoxie Avenue, Calumet City, Illinois; and one Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937.

4.  If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third party;

      c.      Has been placed beyond the jurisdiction of the Court;

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY