UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 14 CR 447 |
| v.  ) | |
| ) | Judge Richard A. Posner |
| HAKEEM EL BEY ) | |

## PRELIMINARY ORDER OF FORFEITURE

The United States asks me to issue a preliminary order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

On August 13, 2014, an indictment was returned charging the defendant with mail fraud, in violation of 18 U.S.C. § 1341, among other offenses. The indictment sought forfeiture to the United States of property that constituted or was derived from proceeds traceable to the charged offenses.

The defendant was tried before a jury that on March 4, 2015 returned a verdict of guilty on all counts of the indictment, thereby making certain property named in the indictment subject to forfeiture pursuant to the statutes cited above. Also on March 4 the jury returned a special forfeiture verdict finding that the following property constitutes or was derived from proceeds traceable to the mail fraud offenses of conviction and was therefore subject to forfeiture:

1. One Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937;
2. Real Property Located at 439 South Hoxie, Calumet City, Illinois, legally described as follows:
   LOT 34 IN BLOCK 1 IN CALUMET CITY SUBDIVISION BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
   PIN: 29-12-231-004

Fed. R. Crim. P. 32.2(b)(2) states that following a finding that property is subject to forfeiture the court should enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing forfeiture of any substitute property if the government has met the criteria in 21 U.S.C. § 853(p).

The United States has asked me enter a money judgment against the defendant for $600,000. This amount reflects the total proceeds traceable to the mail fraud offenses of conviction. The United States also asks me to enter an order of forfeiture against the defendant with respect to the specific property that the jury determined is subject to forfeiture. That property is to be forfeited in partial satisfaction of the money judgment.

Pursuant to 21 U.S.C. § 853(m), (n) and Fed. R. Crim. P. 32.2(b)(3), the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the property subject to forfeiture; to conduct any discovery that the court considers proper in identifying, locating, or disposing of the property; and to begin any proceedings necessary to comply with any statutes governing third-party rights in seized property. Pursuant to Rule 32.2(b)(6), the government must publish notice of the preliminary order of forfeiture and mail notice to any person who reasonably appears to be a potential claimant to the property, or part of it, who has standing to contest the forfeiture. The government advises me that it has conducted searches of the Cook County Recorder of Deeds, the Cook County Treasurer, the Illinois Secretary of State, and law enforcement databases, and has discovered no third party who has an interest in any of the property subject to forfeiture.

Accordingly, I order that a judgment be entered against the defendant for $600,000. If by an act or omission on his part funds in the amount of $600,000 can't be located to satisfy the money judgment, then pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the United States shall be authorized to forfeit substitute assets of the defendant. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Civ. P. 32.2, all right, title, and interest of the defendant in the personal and real property named in the third paragraph of this order shall be forfeited to the United States for disposition according to law, in partial satisfaction of the money judgment. Should further assets become available to satisfy the forfeiture judgment in the future, the United States shall file a motion requesting permission to seize such assets and publish notice of the intent of the United States to forfeit them in satisfaction of the forfeiture money judgment.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in this case. In accordance with Rule 32.2(b)(4)(A), at sentencing—or at any time before sentencing if the defendant consents—the preliminary order of forfeiture, including the money judgment, will become final as to the defendant. And pursuant to rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited I must hold a hearing to determine his rights. Pursuant to 21 U.S.C. § 853(n)(2), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary

proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, I shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

Pursuant to 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Civ. P. 32.2, the personal and real property named in the third paragraph of this order shall upon entry of this preliminary order of forfeiture be seized by the United States Treasury.

I shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

Circuit Judge RICHARD A. POSNER
Sitting in the United States District Court
by designation.

DATED: August 18, 2015