UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 14 CR 447 |
| v. ) | |
| ) | Judge Richard A. Posner |
| HAKEEM EL BEY ) | |

## FINAL ORDER OF FORFEITURE

The United States asks me to issue a final order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

On August 13, 2014, an indictment was returned charging the defendant with mail fraud, in violation of 18 U.S.C. § 1341, among other offenses. The indictment sought forfeiture to the United States of property that constituted or was derived from proceeds traceable to the charged offenses.

The defendant was tried before a jury that on March 4, 2015 returned a verdict of guilty on all counts of the indictment, thereby making certain property named in the indictment subject to forfeiture pursuant to the statutes cited above. Also on March 4 the jury returned a special forfeiture verdict finding that the following property constitutes or was derived from proceeds traceable to the mail fraud offenses and was therefore subject to forfeiture:

1. One Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937;

2. Real Property Located at 439 South Hoxie, Calumet City, Illinois, legally described as follows:

    LOT 34 IN BLOCK 1 IN CALUMET CITY SUBDIVISION BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    PIN: 29-12-231-004

Fed. R. Crim. P. 32.2(b)(2) states that following a finding that property is subject to forfeiture the court should enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing forfeiture of any substitute property if the government has met the criteria in 21 U.S.C. § 853(p).

On August 18, 2015, upon motion of the government, I entered a preliminary order of forfeiture against the defendant. That order included a money judgment against the defendant in the amount of $600,000, which reflected the total proceeds traceable to the mail fraud offenses of

conviction. The preliminary order also included forfeiture of all right title, and interest of defendant in the 2010 Buick LaCrosse 4-Door Sedan and the real property located at 439 South Hoxie, Calumet City, Illinois, in partial satisfaction of the money judgment. The preliminary order of forfeiture became final as to the defendant at his sentencing hearing on September 17, 2015.

Pursuant to 21 U.S.C. §§ 853(g) & (n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Department of the Treasury posted a copy of the Notice of Forfeiture Action and Preliminary Order of Forfeiture on the front door of the real property located at 439 South Hoxie, Calumet City, Illinois; Personal Service was also executed for the Quicksilver LaCrosse vehicle; notice of the criminal forfeiture proceedings was posted on an official government internet site for at least 30 days beginning on September 2, 2015; the Cook County Treasurer's office was served with a copy of the notice of forfeiture and Preliminary Order of Forfeiture; and the Preliminary Order of Forfeiture was served to ECF filers through the district court's ECF system.

No other parties, including mortgage holders, are known to have an ownership interest in the property and accordingly, no other parties were personally served with a copy of the notice of publication and preliminary order of forfeiture.

Pursuant to 21 U.S.C. § 853(n)(2), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition asserting an interest in the property to be forfeited. To date, no petitions have been filed requesting a hearing to adjudicate any interest in the foregoing property in this case, and the time to do so has expired.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant Hakeem El Bey and any third party in the foregoing property is hereby forfeited to the United States for disposition according to law.

Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following entry of this order, the United States shall have clear title to the foregoing property and shall dispose of the property according to law. The proceeds from the sale of the real property located at 439 South Hoxie, Calumet City, Illinois, shall be distributed in the following order:

1. Any outstanding state, county, city, or school taxes and any unpaid real estate taxes due and owing, as documented at the date of closing on the property, shall be paid;

2. The United States Department of the Treasury shall be permitted to deduct any reasonable and necessary costs incurred to effectuate the sale of the property and maintain the property pending its sale; and

3. The net proceeds from the sale of the real property shall be issued to the United States Department of the Treasury and be credited to the defendant's forfeiture judgment.

I shall retain jurisdiction to take additional action and enter further orders as necessary to

implement and enforce this final order of forfeiture.

                                        */s/ Richard A. Posner*
                                        RICHARD A. POSNER
                                        Circuit Judge RICHARD A. POSNER
                                        Sitting in the United States District Court
                                        by designation.

DATED:   January 11, 2016