1       IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3
UNITED STATES OF AMERICA,          )
4                                  )
                     Plaintiff,    )   Case No. 14 CR 447
5    -vs-                          )
                                   )   Chicago, Illinois
6    HAKEEM EL BEY,                )   September 17, 2014
                                   )   10:01 a.m.
7                    Defendant.    )

8                TRANSCRIPT OF PROCEEDINGS
9    BEFORE THE HONORABLE RICHARD A. POSNER

10   APPEARANCES:

11   For the Government:   MR. ZACHARY T. FARDON
                           United States Attorney
12                         BY:  MS. KATHRYN E. MALIZIA
                           219 S. Dearborn Street
13                         Chicago, IL  60604
                           (312) 353-5300
14                         E-mail: Kathryn.malizia@usdoj.gov

15   For the Defendant:    MR. PIYUSH CHANDRA
                           Federal Defender Program
16                         55 East Monroe Street
                           Suite 2800
17                         Chicago, IL  60603
                           (312) 621-8337
18                         E-mail:  Piyush_chandra@fd.org

19

20

21   Court Reporter:

22               KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                        Official Court Reporter
23                 United States District Court
           219 South Dearborn Street, Suite 2524-A
24                  Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25             Kathleen_Fennell@ilnd.uscourts.gov

2

1    (Proceedings heard in open court:)

2    THE COURT:  Good morning, everybody.

3    MR. CHANDRA:  Good morning.

4    THE COURT:  Maybe you could introduce yourselves.

10:01:59    5    MS. MALIZIA:  Good morning, your Honor.  Kathryn

6    Malizia on behalf of the United States.

7    MR. CHANDRA:  Good morning, your Honor.  Piyush

8    Chandra with the Federal Defender Program, and Mr. El Bey is

9    present as well.

10:02:10    10    THE COURT:  This -- you are Mr. El Bey?

11    THE DEFENDANT:  Yeah, I am, yes, sir.

12    THE COURT:  All righty.  Well, we can get started.

13    You can all sit back.

14    Well, is there anything -- so this is a hearing about

10:02:24    15    representation of Mr. El Bey.  So is there anything, any

16    preliminaries before I ask him the necessary questions or --

17    MR. CHANDRA:  No, your Honor.  I filed my motion to

18    withdraw based on Mr. El Bey's request to represent himself.

19    I've had an opportunity to speak with Mr. El Bey on

10:02:49    20    two occasions regarding -- regarding that issue and proceeding

21    in that manner, and he, after having those discussions, he

22    reiterated that he wished to represent himself.

23    THE COURT:  And does the prosecutor have anything?

24    MS. MALIZIA:  Your Honor, the government has no

10:03:07    25    objection to Mr. Chandra withdrawing as counsel provided that

1    is what Mr. El Bey has expressed.

2         THE COURT:  Provided what?

3         MS. MALIZIA:  Provided that is Mr. El Bey's expressed

4    wish that he represent himself in this case.

10:03:19    5         THE COURT:  Okay.  Well, why don't I -- Mr. El Bey,

6    why don't you take the -- you know, stand in front of the mic

7    there, and I will -- I will ask you a few questions.

8         So, what did I do with my -- so under the law, you

9    have a right to counsel.  You also have a right, with some

10:04:08    10    qualifications, to represent yourself.  And so far as counsel

11    is concerned, depending on your financial circumstances, you

12    may be entitled to have a lawyer appointed by the court and

13    you wouldn't have to pay anything.  That's one possibility.

14         If -- but if you have, you know, significant

10:04:36    15    financial resources, then I wouldn't be allowed to appoint

16    someone.  You would have to hire a lawyer.  I could help you

17    find a lawyer, but you would have to pay for the lawyer.

18         So that's -- that's the choice.  If you have no

19    resources, you can have an appointed counsel, like the Federal

10:04:57    20    Defender, and, you know, if you and this particular Federal

21    Defender don't get along, there are other lawyers who could be

22    appointed.  But if you do have financial resources, then I

23    just do not have the authority to appoint a lawyer, and you

24    would have -- I mean -- and you would have to pay for a

10:05:16    25    lawyer, although we could help you find one.

1    So that's -- that's your choice. And if you do want
2  to represent yourself, then I do have to ask you a few
3  questions. I'm also required to caution you about the
4  downside of self-representation.

10:05:43   5    So, let me ask you whether you would prefer to
6  represent yourself than to have an attorney?

7    THE DEFENDANT: I didn't understand, your Honor.

8    THE COURT: Let me ask whether you would prefer to
9  represent yourself rather than to have a lawyer?

10:06:04  10    THE DEFENDANT: Yes. I'm coming in, your Honor, as a
11  friend of the court in my own accord motu proprio.

12    THE COURT: I'm sorry, could you say that? I
13  didn't --

14    THE DEFENDANT: I'm coming in as a friend of the
10:06:21  15  court on my own accord motu proprio.

16    THE COURT: I didn't understand the last couple of
17  words. Is that English?

18    THE DEFENDANT: Yes, it is, motu proprio. Motu
19  proprio, your Honor.

10:06:35  20    THE COURT: Oh, I just don't understand those words.

21    THE DEFENDANT: Okay. Well, I'm coming in in the
22  flesh on my own accord.

23    THE COURT: Okay. So you want to represent yourself.

24    THE DEFENDANT: I want to represent myself -- not
10:06:46  25  represent myself.

1      THE COURT:  I'm sorry.

2      THE DEFENDANT:  Yes, I'm coming in on my own accord

3  in the flesh --

4      THE COURT:  Oh, on your own accord, okay, that's

10:06:59    5  what -- I understand.  Okay.  And are you familiar with the --

6  the offenses with which you're charged?

7      THE DEFENDANT:  Yes.

8      THE COURT:  The fraud, and you realize that if you

9  are convicted, if you lose your case, there is a potentially

10:07:24   10  heavy penalty, you know, long prison sentence is a

11  possibility.  It's not a certainty, but there is -- I'm sure

12  you realize, it's a serious case.

13      THE DEFENDANT:  I do.

14      THE COURT:  So -- so we're required to advise a

10:07:51   15  defendant who wants to represent himself that it's -- you'll

16  be at a disadvantage if you do not have -- I don't know,

17  maybe -- do you have any legal training, or have you studied

18  law?

19      THE DEFENDANT:  I've been in federal cases before,

10:08:13   20  yes, sir.

21      THE COURT:  Excuse me?

22      THE DEFENDANT:  I've held -- been in federal cases.

23  I filed federal cases before.  I have.

24      THE COURT:  Okay.  So you have some familiarity with.

10:08:20   25      THE DEFENDANT:  Yes, I do.

1      THE COURT:  But you haven't studied -- I mean, you

2  didn't go to law school or anything.

3      THE DEFENDANT:  No.

4      THE COURT:  Have -- have you ever previously

5  represented yourself in a case?

6      THE DEFENDANT:  I have.

7      THE COURT:  You have.

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Was that a criminal or a civil case?

10      THE DEFENDANT:  No, it was a case that I brought

11  myself.

12      THE COURT:  That you brought yourself.

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  And how did you do in your case?

15      THE DEFENDANT:  I don't remember.

16      THE COURT:  Now, most of what a trial, a criminal

17  trial, consists of is, you know, testimony by witnesses.  And

18  when a witness testifies, often the opposing lawyer will make

19  an objection, say like hearsay or leading or not best

20  evidence.

21      Now, if the prosecutor were to make an objection, say

22  you were testifying or you had a witness who was testifying

23  for you.  If the prosecutor said objection, hearsay, or

24  objection, leading, or objection, asked and answered, will you

25  be -- will you be comfortable in evaluating the validity of

1    the objection?  Because often, if you have lawyers on both

2    sides and one lawyer says objection, the other lawyer will --

3    may say, well, Judge, you know, I'd like to approach the

4    bench.  I'd like to -- I'd like to explain why I don't think

10:10:18    5    that's a valid objection.

6            Now, if you're -- assuming, although you say you've

7    had some experience in court, but if you're not actually

8    familiar with the Federal Rules of Evidence, it will be

9    difficult for you to contest an objection.  So that's

10:10:39    10    something you have to think about.

11            And I have to tell you also that I don't know whether

12    you've had any previous experience with federal criminal

13    prosecutions, but the -- you're up against the United States,

14    right, the Justice Department, and just in this district,

10:11:08    15    which is mainly Chicago, what, you have more than a hundred

16    lawyers, don't you?

17            MS. MALIZIA:  That's correct, your Honor.

18            THE COURT:  These -- to be an Assistant United States

19    Attorney, which means to be a federal prosecutor, this is a

10:11:25    20    very elite job.  This is very coveted by young lawyers, and

21    they just get terrific people.  So these are real pros and

22    they're top law school graduates, and, you know, for anybody

23    who is not a lawyer to have to be dueling with one of these

24    prosecutors, it's very difficult.  I mean, it's difficult for

10:11:57    25    the experienced lawyers to go up against them.

1    So, you know, you want to think carefully whether you
2  feel you can -- you can, without, I say, formal legal
3  training, without -- whether you really are able to go up, you
4  know, on terms of approximate equality with the ...

5    In addition, if you ever looked at the, and certainly
6  can furnish you with the Federal Rules of Evidence, they're
7  really formidable, and they go on and on.

8    And so there's this -- there's a general rule against
9  hearsay, which means, you know, if someone told you something
10 and you want to say that that person was telling the truth,
11 and that sort of secondhand evidence is generally excluded,
12 but there are, I don't know, you know better than I do, but I
13 think there are more than 20 exceptions to the hearsay rule.

14    So if you were to object, say, it's hearsay, that the
15 prosecutor wanted to put in hearsay evidence, she would say,
16 well, yes, but there's Exception No. 13 or No. 17 or
17 something, and you would be at a disadvantage because you're
18 not, you know, steeped in all this stuff.  I find it very
19 confusing.  I've been a lawyer for 53 years.

20    So generally with very, very rare exceptions, we
21 advise -- we advise defendants that a competent lawyer who's
22 experienced in criminal cases will do a much more effective
23 job of defending you than you can do yourself, no matter how
24 intelligent and articulate you are, because you lack the
25 training.

1    So there's another thing which is unrelated to

2 training, and so suppose that you decide that you want to

3 testify.  Now, you don't have to.  There's no -- we can't

4 compel a criminal defendant to testify, but if you decide to

5 testify, you're in a somewhat awkward position because for

6 ordinary testimony, the lawyer asks questions, the witness

7 answers.

8    It's very difficult for you.  I don't know how a

9 jury, find it very puzzling if you tried to ask yourself

10 questions.  So you'd be providing a narrative, unlike the

11 other witnesses, and the jury, you know, might wonder what --

12 what this was about and whether this was, you know, kosher,

13 whatever.  And, you know, I could explain to the jury, you

14 know, the defendant is representing himself.  That's his

15 right.  And, of course, he can't really question himself, so

16 he'll be narrating his testimony, but, you know, you should

17 consider it as seriously as you'd consider any other witness's

18 testimony, but it's -- it will be a problem.

19    And, again, it will be a situation where if the

20 prosecutor says I object, you may find it, I mean, both

21 awkward because you're in the witness box testifying, but also

22 awkward because you're -- you're not going to be, as I say,

23 steeped in the rules of evidence.  And we may have to recess

24 to give you a chance to study the particular rule of evidence

25 in question and that may, you know, annoy the jury as delay,

1    it's delaying the trial.

2         Another complication, there's typically an opening

3    statement by the lawyers and then a closing statement to the

4    jury, and these statements have to remain within particular

5    boundaries having to do with the nature of the case, and the

6    jury is -- the judge is going to instruct the jury.

7         That's another difficult problem for a nonlawyer

8    defending himself because toward the end of the trial, there

9    will be an instructions conference, at which both sides

10   propose instructions, you know, defining the crime and

11   defining the state of mind that a defendant has to have to be

12   convicted.  And the prosecutor undoubtedly will come in with a

13   set of instructions, and you will be at a disadvantage trying

14   to challenge her instructions, suggesting your own

15   instructions, putting them in language which is considered

16   legally appropriate.  So that's another problem.

17        So it's very, very uphill to defend yourself, but it,

18   as I say, if you -- if you feel that you -- that that's

19   advantageous for you, then you certainly have that right.

20        Now, you may want to think about this or discuss it

21   with your friends or something like that.

22        One final wrinkle here, we usually, in a case where

23   the defendant does decide to defend himself, we appoint a

24   lawyer as what we call standby counsel.  So the lawyer will

25   not be representing you, but he'll -- he'll be available as a

1    resource.  If you have questions about the law, he can -- he

2    may be able to answer you.  Again, there's a certain

3    awkwardness because if you have to ask the standby counsel

4    questions, it kind of interrupts the trial, and, you know, the

10:19:13    5    jury -- the jury is going to come in with the expectation that

6    both sides are represented by lawyers, and if they see the

7    defendant is representing himself, they may say, oh, this is

8    kind of weird stuff, what's going on, and it's just another

9    way in which -- I will, of course, explain to the jury it's

10:19:39    10    perfectly permissible for a defendant to defend himself, but

11    the jury, they're going to have their own views and they may

12    feel this is -- this is irregular.

13         So I would certainly recommend that you hire a lawyer

14    if you can afford to or if you can't, I'll appoint one, but

10:20:07    15    that would be my advice to you.  But if you're -- if you're

16    really set on defending yourself, then that's your right.

17         THE DEFENDANT:  Yes, I am.

18         THE COURT:  You may want to think about it.  You

19    don't have to decide today.

10:20:29    20         THE DEFENDANT:  No, I'm -- I'm ready to defend

21    myself.

22         THE COURT:  I'm sorry, you have to speak a little

23    louder.

24         THE DEFENDANT:  No, nothing to think about.  I'm

10:20:37    25    ready to defend myself.

1    THE COURT:  You're definite about that.

2    THE DEFENDANT:  Yes, sir.

3    THE COURT:  Do you have any --

4    MS. MALIZIA:  Your Honor, would you object to me

10:20:43  5  advising the defendant one more time of the crimes with which

6    he's charged?

7    THE COURT:  I'm sorry?

8    MS. MALIZIA:  Would you object to me advising the

9    defendant one more time of the crimes with which he is charged

10:20:52  10  and the maximum penalties for those crimes?

11    THE COURT:  Okay, you may if you wish.

12    MS. MALIZIA:  The defendant is charged with two

13    counts of mail fraud.  Each of these counts carries a maximum

14    penalty of 20 years, or a maximum fine of $250,000 or twice

10:21:07  15  the gross gain or loss.

16    So each of those counts alleges that the defendant

17    defrauded the government of $300,000.  So twice $300,000,

18    that's 600,000 on each count.  In addition, each of those

19    counts, your sentence can run consecutively for a maximum

10:21:23  20  sentence of up to 40 years.

21    You're also charged with six counts of making false

22    claims against the government.

23    Do you understand what that means?

24    THE DEFENDANT:  Yes, I do.

10:21:33  25  MS. MALIZIA:  Each of those counts carries a maximum

1    penalty of 20 years and a maximum fine of $250,000.

2              Do you understand that?

3              THE DEFENDANT:  I do.

4              MS. MALIZIA:  And those sentences can run

5    consecutively.

6              THE DEFENDANT:  Okay.

7              MS. MALIZIA:  Are you familiar with the sentencing --

8    the sentencing guidelines?

9              THE DEFENDANT:  I am.  I'm pretty familiar -- I'm

10   pretty familiar.  I don't need to be -- you don't have to -- I

11   understand the charges that you're bringing against me, and as

12   I said before, I'm ready to defend myself.

13             MS. MALIZIA:  Okay.

14             THE DEFENDANT:  Okay.

15             MS. MALIZIA:  All right.

16             THE COURT:  Is there anything further that I should

17   do at this hearing or --

18             MS. MALIZIA:  I just wanted to be clear that the

19   defendant is aware of the maximum penalties he's facing should

20   he choose to represent himself.

21             THE COURT:  So -- so, Mr. El Bey, I would suggest

22   that I appoint standby counsel, but -- but if you don't want

23   me to, I won't.  It's up to you.

24             THE DEFENDANT:  No.

25             THE COURT:  You don't want standby counsel.

10:21:41

10:21:50

10:21:59

10:22:13

10:22:39

1           THE DEFENDANT:  No, sir.

2           THE COURT:  Okay.  So as I say, is there anything

3   else we need to discuss or --

4           MS. MALIZIA:  Oh, could we set a motion date, your

5   Honor?

6           THE COURT:  Pardon?

7           MS. MALIZIA:  A schedule for pretrial motions and a

8   new status date?

9           THE COURT:  Right.  Do you have a suggested date?

10          I had some dates, but I think they're probably too

11  close.

12          MS. MALIZIA:  We could do 30 days out.

13          THE COURT:  Excuse me?

14          MS. MALIZIA:  30 days.

15          THE COURT:  30 days from today --

16          MS. MALIZIA:  Is that all right?

17          THE COURT:  -- is your suggestion?

18          What do you think?

19          THE DEFENDANT:  Today is the -- yeah, that would be

20  fine.

21          MS. MALIZIA:  Will that give you enough time to file

22  any pretrial motions?

23          THE DEFENDANT:  Yes, it will.  30 days will give me

24  time to do what I need to do.

25          MR. CHANDRA:  And, Judge, I can tender discovery

1    today to --

2            THE COURT:  Excuse me?  I'm sorry, I can't hear you.

3            MR. CHANDRA:  I'm sorry.  I can tender the discovery

4    I received from the government to Mr. El Bey today.

10:23:44    5            THE COURT:  Tender it to --

6            MR. CHANDRA:  Mr. El Bey today.

7            THE COURT:  Okay.  So is the 30 days, do the hearing

8    on pretrial filings, is that okay?

9            THE DEFENDANT:  Well, can we make it around the end

10:23:59    10   of October?  That way I have a little time to -- because I

11   feel like I'm at a disadvantage because I haven't received

12   anything, so I need time to look at her discoveries and get

13   mine prepared and do the things I need to do.

14           THE COURT:  So you'd prefer it to be end of October

10:24:18    15   rather than middle of October.

16           THE DEFENDANT:  Yes.

17           MS. MALIZIA:  There's no objection from the

18   government.

19           THE COURT:  Excuse me?

10:24:23    20           MS. MALIZIA:  No objection from the government, your

21   Honor.

22           THE COURT:  Okay.  I'll -- I'll pick a date at the

23   end of October.

24           And what about the next stage after that?

10:24:37    25           MS. MALIZIA:  Well, depending on what Mr. El Bey

1  files, I'm not sure if he's going to -- he may try to suppress

2  evidence in this case.  It's really hard to say.  I haven't

3  had any communication either with counsel or with Mr. El Bey

4  at this time about his intentions moving forward.

10:24:54  5  THE COURT:  Okay.  So the 30-day -- well, it's no

6  longer.  So toward the end of October, there will be these

7  pretrial filings.

8  MS. MALIZIA:  I think --

9  THE COURT:  And then you're saying you want some

10:25:07  10  interval to decide whether to --

11  MS. MALIZIA:  I think at that time, I would have some

12  sense whether or not it would be appropriate to set a trial

13  date or a change of plea.

14  THE COURT:  I see.

10:25:16  15  THE DEFENDANT:  I don't have any information on

16  anyone.  I don't even know who's coming at me.  I haven't

17  received any information about --

18  THE COURT:  She's coming at you.

19  THE DEFENDANT:  I just need all her information and

10:25:27  20  whoever is --

21  MS. MALIZIA:  I will say the discovery in this case

22  is not voluminous, but it is substantial.

23  THE COURT:  That's yours, the government's discovery.

24  MS. MALIZIA:  Yes.  I tendered it to counsel last

10:25:38  25  week, but it sounds like Mr. El Bey has not had a chance to

1    review any of it.

2        THE DEFENDANT:  Well, he said he couldn't open it.

3    He said it had a code on it, that he couldn't open it, so it

4    didn't do me any good.

10:25:50   5        MS. MALIZIA:  The password is actually in the cover

6    letter to the discovery, but if you have any trouble accessing

7    it, please let me know.

8        MR. CHANDRA:  I'll -- and the government made that

9    clear to me, and I'll make sure Mr. El Bey sees where that

10:26:03  10   password is.

11       THE COURT:  Would it make sense for the Federal

12   Defender to remain, you know, until -- until next month to

13   make sure you get everything?

14       MR. CHANDRA:  Judge, I -- unless some -- Ms. Malizia

10:26:35  15   expects to have more discovery, I believe I've received all

16   discovery.

17       THE COURT:  You received it.

18       MR. CHANDRA:  And I will now tender it to Mr. El Bey

19   today.

10:26:43  20       THE COURT:  Okay.  That's fine.  I just want to make

21   sure he gets it.

22       MS. MALIZIA:  Certainly, yes.  All Rule 16 has been

23   produced.

24       THE COURT:  I'm sorry?

10:26:50  25       MS. MALIZIA:  All the Rule 16 discovery has been

1    produced in this case to Mr. Chandra.

2              THE COURT:  Okay.  So I see, so there isn't going to

3    be any more between now and this hearing at the end of

4    October?

5              MS. MALIZIA:  No, your Honor.

6              THE COURT:  So just a chance for Mr. El Bey to study

7    it.

8              MS. MALIZIA:  Certainly if the government becomes

9    aware of additional discovery, we will produce it promptly,

10   but at this time, I'm not aware of any.

11             THE DEFENDANT:  And also I know we got a schedule

12   date for September 25th.  Would that day still --

13             THE COURT:  No.

14             THE DEFENDANT:  Okay.

15             THE COURT:  That's off.

16             THE DEFENDANT:  Yes, 'cause we're going to set a new

17   date for today.

18             THE COURT:  So -- well, Mr. El Bey, I would suggest

19   that you use whatever free time you have between now and the

20   end of October, not only in studying these discovery

21   materials, but studying -- trying to familiarize yourself, to

22   the extent you don't feel familiar, with judicial procedures.

23   It's all online, you know.  You can look up the Federal Rules

24   of Evidence.

25             THE DEFENDANT:  I have the book.

10:27:02

10:27:12

10:27:21

10:27:32

10:27:57

1     THE COURT:  Okay.  All right.

2     THE LAW CLERK:  Judge?

3     THE COURT:  Yes.

4     Question from my law clerk.

10:28:07  5     (Discussion held off the record.)

6     THE COURT:  My law clerk just suggested, Mr. El Bey,

7 I ask you, you said you didn't want to have standby counsel.

8 I just wanted to ask you or he suggests I ask you why?

9     THE DEFENDANT:  Why?

10:28:31  10     THE COURT:  Yes.

11     THE DEFENDANT:  I have some other people in law

12 representing me, helping me study and prepare for the case.

13     THE COURT:  I see.  You have people who will help

14 you.

10:28:41  15     THE DEFENDANT:  Yes, sir.  I have some other people

16 helping me with the case, yes, sir.

17     THE COURT:  Is that it?

18     MS. MALIZIA:  Your Honor, if we could set a schedule

19 for pretrial motions in advance of the next status hearing, I

10:28:54  20 would suggest two weeks before the next status.

21     THE COURT:  Now, wait.  Next status hearing, that's

22 different from the end of October or what?

23     MS. MALIZIA:  No.  So if we are setting the next

24 status for the end of October, I just want to be clear are we

10:29:10  25 going to be litigating pretrial motions at that time, or is

1  that just to allow the defendant to review discovery and we'll

2  set a motions calendar at that -- on that date?

3  THE COURT:  No, I would think, given -- we're talking

4  about six weeks that -- that both you and Mr. El Bey should be

10:29:33  5  prepared at that hearing to present any motions, or before.  I

6  don't know.

7  MS. MALIZIA:  In that case, may I suggest setting a

8  date for pretrial motions two weeks before that with responses

9  due the week before the status hearing?

10:29:58  10  THE COURT:  Well, I want to give Mr. El Bey the six

11  weeks to prepare any motions.

12  MS. MALIZIA:  So you're anticipating him filing

13  motions on that date.

14  THE COURT:  On that, yeah, the end of October.

10:30:10  15  MS. MALIZIA:  When would the government's response be

16  due?

17  THE COURT:  You won't be filing motions?

18  MS. MALIZIA:  Well, it's possible we would file

19  pretrial motions.  I don't anticipate at this time, but we

10:30:22  20  would like a chance to respond in writing --

21  THE COURT:  No, of course.

22  MS. MALIZIA:  -- to Mr. El Bey's motions.

23  THE COURT:  So how much time would you like?

24  MS. MALIZIA:  I think a week should be fine.

10:30:30  25  THE COURT:  A week?  Okay.  That's fine.

| | |
|---|---|
| 1 | And should the government file any motions, you would |
| 2 | also have a week. |
| 3 | THE DEFENDANT:  Okay. |
| 4 | THE COURT:  So are we all set?  Is that it? |
| 10:30:47  5 | MS. MALIZIA:  What would that date be in October, |
| 6 | your Honor? |
| 7 | THE COURT:  Oh, I'll have to look at my calendar, and |
| 8 | I'll notify everybody today. |
| 9 | THE DEFENDANT:  Okay. |
| 10:30:57  10 | THE COURT:  Why, do you have a particular conflict |
| 11 | or -- |
| 12 | MS. MALIZIA:  Not at this time, but we can look for |
| 13 | the minute order. |
| 14 | THE COURT:  All right.  So I will set that. |
| 10:31:04  15 | THE DEFENDANT:  Okay. |
| 16 | THE COURT:  Do you have a particular day in late in |
| 17 | October that would be bad for you? |
| 18 | THE DEFENDANT:  Any time after the 25th of October |
| 19 | would be fine. |
| 10:31:15  20 | THE COURT:  25th? |
| 21 | THE DEFENDANT:  Yes. |
| 22 | THE COURT:  Do you want to say tentatively the 25th? |
| 23 | MS. MALIZIA:  The 25th is a Saturday. |
| 24 | THE DEFENDANT:  Okay. |
| 10:31:22  25 | THE COURT:  Monday the -- it would be the 27th? |

1    THE DEFENDANT:  That's fine.

2    MS. MALIZIA:  And just to be clear, the defendant's

3    pretrial motions will be due on that date with the

4    government's responses due or any response due from either

10:31:35   5    party a week --

6    THE COURT:  A week.

7    MS. MALIZIA:  -- after that.

8    THE COURT:  Yeah.  Okay.

9    MS. MALIZIA:  The government would also move to

10:31:41   10   exclude time between now and the next status date.

11   THE COURT:  To do what?

12   MS. MALIZIA:  In the interests of justice.

13   THE COURT:  Oh, for the Speedy Trial Act.

14   MS. MALIZIA:  Yes, the Speedy Trial Act.

10:31:50   15   THE COURT:  That's fine.  So I should write

16   something, shouldn't I?  I mean, shouldn't I issue an order?

17   MS. MALIZIA:  Yes.  I think typically in the minute

18   order, you include the date of the next status, the schedule

19   for pretrial motions, and the granting the motion to exclude

10:32:04   20   time as well.

21   MR. CHANDRA:  And, Judge, just for the record, I'm

22   assuming that the motion to withdraw has been granted?

23   THE COURT:  Yes, that's -- that's fine, subject to

24   your -- maybe it's not a total withdrawal because you'll make

10:32:23   25   sure that Mr. El Bey gets all these materials, and if he has

1    difficulty -- this is online, is that the problem?

2         MR. CHANDRA:  No, Judge, I have it here.  They're on

3    two disks.

4         THE COURT:  Right.  So if he has any trouble opening

10:32:37  5    that, you'll help him.

6         MR. CHANDRA:  I will.

7         MS. MALIZIA:  Your Honor, I'd ask to, in addition to

8    your granting Mr. Chandra's motion to withdraw, if you could

9    also enter a minute order finding the defendant's waiver of

10:32:50  10    counsel knowing and voluntary.

11        THE COURT:  I'm sorry, finding what?

12        MS. MALIZIA:  Finding the defendant's waiver of

13    counsel knowing and voluntary.

14        THE COURT:  Yes.  All right.  That's it.  Okay.

10:33:06  15    So --

16        MR. CHANDRA:  Thank you, your Honor.

17        THE DEFENDANT:  So I can -- you'll e-mail it to --

18    the dates and everything that we need to know about?  You say

19    you're going to put it on a -- we haven't got a date yet.

10:33:18  20    You're going to notify by e-mail --

21        THE COURT:  No, I think October 27th will be the

22    date --

23        THE DEFENDANT:  Okay.  October 27th, okay.

24        THE COURT:  -- for filing any motions and then a week

10:33:27  25    to respond.

1        MS. MALIZIA:  I think Mr. El Bey's concern is that

2  he's not on ECF at this time, but we can try to assist him --

3        THE COURT:  You mean to get --

4        MS. MALIZIA:  -- to receive notification.

10:33:38    5        THE COURT:  -- online notification of everything?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Okay.  So that's something that you will

8  help -- that they will help you get.

9        THE DEFENDANT:  Okay.

10:33:45   10        THE COURT:  Okay.

11        THE DEFENDANT:  I appreciate it, Judge.

12        THE COURT:  Okay.

13        THE DEFENDANT:  Thank you very much.

14        THE COURT:  Okay.  So we'll be in recess.  Thank you

10:33:52   15  for your attendance.

16        THE DEFENDANT:  Thank you very much.

17        THE COURT:  And see you next month.

18        MS. MALIZIA:  Thank you, your Honor.

19        (Which were all the proceedings heard.)

20                          CERTIFICATE

21     I certify that the foregoing is a correct transcript from

22  the record of proceedings in the above-entitled matter.

23  */s/Kathleen M. Fennell*              *February 11, 2016*

24  _____        _____
   Kathleen M. Fennell                    Date
25  Official Court Reporter