```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
    UNITED STATES OF AMERICA,        )
 4                                   )
                       Plaintiff,    )  Case No. 14 CR 447
 5  -vs-                             )
                                     )  Chicago, Illinois
 6  HAKEEM EL BEY,                   )  November 10, 2014
                                     )  10:08 a.m.
 7                     Defendant.    )

 8
                       TRANSCRIPT OF PROCEEDINGS
 9           BEFORE THE HONORABLE RICHARD A. POSNER

10  APPEARANCES:

11  For the Government:   MR. ZACHARY T. FARDON
                          United States Attorney
12                        BY: MS. KATHRYN E. MALIZIA
                          219 S. Dearborn Street
13                        Chicago, IL  60604
                          (312) 353-5300
14                        E-mail: Kathryn.malizia@usdoj.gov

15  For the Defendant:    MR. HAKEEM EL BEY
                          Pro Se
16

17

18

19

20

21  Court Reporter:

22        KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                    Official Court Reporter
23                United States District Court
        219 South Dearborn Street, Suite 2524-A
24                  Chicago, Illinois  60604
                Telephone: (312) 435-5569
25          Kathleen_Fennell@ilnd.uscourts.gov
```

|  |  |
|---|---|
| | 1 (Proceedings heard in open court:) |
| | 2 THE CLERK: 14 CR 447-1, USA versus El Bey. |
| | 3 MS. MALIZIA: Good morning, your Honor. Kathryn |
| | 4 Malizia on behalf of the United States. |
| 10:08:22 | 5 THE COURT: Good morning, Mr. El Bey. |
| | 6 THE DEFENDANT: Good morning, Judge. Coming in as a |
| | 7 friend of the Court, sui juris, Hakeem El Bey. |
| | 8 THE COURT: And the third person? |
| | 9 MR. ZACCAR: I'm Zaccar, friend of the Court. |
| 10:08:42 | 10 THE COURT: One of your advisors? |
| | 11 THE DEFENDANT: Yes. |
| | 12 THE COURT: Okay. That's fine. |
| | 13 So there are several matters I want to deal with and |
| | 14 anything else that you all want to. |
| 10:09:03 | 15 THE DEFENDANT: First of all, your Honor, I'd like to |
| | 16 know is this the court of record? |
| | 17 THE COURT: Is this a court of record? |
| | 18 THE DEFENDANT: Yes, sir. |
| | 19 THE COURT: Yes. |
| 10:09:11 | 20 THE DEFENDANT: Okay. |
| | 21 THE COURT: It's federal district court. |
| | 22 Okay. So Ms. Malizia, is that how you pronounce your |
| | 23 name? |
| | 24 MS. MALIZIA: Yes, your Honor. |
| 10:09:27 | 25 THE COURT: So have you given any discovery materials |

| | | |
|---|---|---|
| | 1 | to Mr. El Bey? |
| | 2 | MS. MALIZIA: Yes. The government has produced all |
| | 3 | Rule 16 materials at this time. |
| | 4 | THE COURT: Okay. Now, there are various other |
| 10:09:45 | 5 | materials that I gather Mr. El Bey is entitled to, so |
| | 6 | impeachment evidence? |
| | 7 | MS. MALIZIA: Your Honor, as detailed in the letter |
| | 8 | enclosed with the discovery produced to Mr. El Bey, the |
| | 9 | government is prepared to tender impeachment evidence, |
| 10:10:02 | 10 | Rule 3500 material, Jencks Act material, et cetera, two weeks |
| | 11 | before trial. Since the trial date has not been set in this |
| | 12 | case, the government has not produced all of those materials |
| | 13 | at this time. |
| | 14 | THE COURT: Okay. And are there any Jencks Act |
| 10:10:17 | 15 | materials? |
| | 16 | MS. MALIZIA: Not that I'm aware of at this time. |
| | 17 | Again, since a trial date hasn't been set, I haven't -- I |
| | 18 | haven't gone through the IRS's complete case file. |
| | 19 | THE COURT: Okay. And do you have any plans, is |
| 10:10:34 | 20 | there any, you know, 404(b) evidence that you're planning |
| | 21 | to -- |
| | 22 | MS. MALIZIA: There may be, your Honor. |
| | 23 | THE COURT: -- obtain? But, again, not yet? |
| | 24 | MS. MALIZIA: We would address that in a motion *in* |
| 10:10:48 | 25 | *limine*. |

|  |  |
|---|---|
| 1 | THE COURT: Okay. So with regard to a trial date, I |
| 2 | was thinking February 16th. Is that convenient? |
| 3 | MS. MALIZIA: Your Honor, I'm actually on trial that |
| 4 | week. |
| 10:11:08   5 | THE COURT: I'm sorry? |
| 6 | MS. MALIZIA: I am on trial that week. |
| 7 | THE COURT: Do you have another suggestion? |
| 8 | MS. MALIZIA: Is your Honor available the first week |
| 9 | of March? |
| 10:11:21  10 | THE COURT: Yes. |
| 11 | MS. MALIZIA: The week of March 2nd? |
| 12 | THE COURT: Week of March 2nd? Okay. |
| 13 | Is that convenient for you, Mr. El Bey? |
| 14 | THE DEFENDANT: Okay. First of all, your Honor, I'd |
| 10:11:36  15 | like to know, I've submitted affidavits of truth on the |
| 16 | records, and I never -- I never got a response or an answer, |
| 17 | and so I'm reserving all my rights until I get a response. I |
| 18 | haven't got a response from any of my records, any of my |
| 19 | affidavits. |
| 10:11:56  20 | THE COURT: Let me understand. A response to your -- |
| 21 | THE DEFENDANT: Affidavits of truth. |
| 22 | THE COURT: October 16th, your affidavit of truth. |
| 23 | Okay. I will deal with that now, yeah. |
| 24 | THE DEFENDANT: Okay. |
| 10:12:07  25 | THE COURT: But the trial date is okay, March 2nd? |

|||
|---|---|
| | 1  THE DEFENDANT: I don't see how we can proceed with |
| | 2  trial until -- until my affidavits are answered. |
| | 3  THE COURT: Yes. No, I understand. I'll deal with |
| | 4  the affidavit today. |
| 10:12:23 | 5  THE DEFENDANT: That will be fine. I don't have a |
| | 6  problem with that. |
| | 7  THE COURT: Okay. |
| | 8  THE DEFENDANT: You know what, your Honor? |
| | 9  THE COURT: Yeah, go ahead. |
| 10:12:30 | 10  THE DEFENDANT: I'm going to say this. I'm not going |
| | 11  to consent to anything until I get an answer, until I get a |
| | 12  response. |
| | 13  THE COURT: I'm going to give your answer today. |
| | 14  THE DEFENDANT: Okay. Once I get a response, then I |
| 10:12:39 | 15  can consent to your questions. |
| | 16  THE COURT: Okay. So -- so -- well, Ms. Malizia, |
| | 17  when should we have the pretrial conference so as not to run |
| | 18  into your trial? |
| | 19  MS. MALIZIA: It's really up to your Honor. I'm |
| 10:13:07 | 20  going to be honest. I've never had a case like this where a |
| | 21  defendant has proceeded -- |
| | 22  THE COURT: I'm sorry, what? |
| | 23  MS. MALIZIA: I've never had a case like this where a |
| | 24  defendant has insisted on proceeding pro se. It's really up |
| 10:13:16 | 25  to your Honor. There may be -- the issues before trial that |

1  need to be resolved may be more complicated because the
2  defendant is unrepresented and is in some ways unfamiliar with
3  the criminal justice system. I would suggest maybe three
4  weeks out, maybe a month out from trial.
5        THE COURT: Two weeks before?
6        MS. MALIZIA: Two weeks sounds fine.
7        THE COURT: And you would be available?
8        MS. MALIZIA: I would be -- I could do the week of --
9  I could do any time during the week of February 9th.
10       THE COURT: February 9th, okay.
11 And then there will be pretrial filings before then,
12 but I don't want to read them out. I want to -- it might be
13 confusing. I'll issue an order dealing with that.
14 Now, Mr. El Bey, of course, you decided to proceed
15 without a lawyer, which I agree that would be okay, but I am
16 going to appoint what's called standby counsel. So he's not
17 your lawyer. You're not bound by anything he does or anything
18 like that, but he's someone that you can consult with if you
19 have a legal question. So he'll be present.
20 And the lawyer that I've selected is named Gabriel
21 Fuentes. He's a partner at Jenner & Block, which is, you
22 know, a very major Chicago firm. None of us, neither my law
23 clerks nor I, have -- have any relationship with Fuentes.
24 I've never met him or anything. I have not -- we have no
25 connection with Jenner & Block either, but he's, you know,

1 very experienced lawyer and he will do a very good job, and
2 he'll get in touch with you.
3 And so if you have a legal question that you want to
4 discuss with a lawyer, if you have some puzzle about court
10:15:37  5 rules or filings, he will be available for you.  You're in
6 charge of your defense.  You're the lawyer representing
7 yourself, but he's there to help you, and if you decide at
8 some point you like him, want him to be your lawyer, he can --
9 that's fine.
10:16:02  10 THE DEFENDANT:  Your Honor, I really don't need his
11 assistance.  I have an advisor right here, and so we -- I
12 figure I can -- I study law.  Only going strictly on law, so I
13 don't need another man to tell me how to follow law, so I
14 really don't need his assistance.
10:16:21  15 THE COURT:  Well, he's not going to tell you what to
16 do.  It's just that you might have a question for him.
17 THE DEFENDANT:  I'll study and find it myself, your
18 Honor.  I really don't need his assistance at all.
19 THE COURT:  Well, I am going to appoint him.  You
10:16:34  20 don't have to speak to him.
21 THE DEFENDANT:  Okay.
22 THE COURT:  But he'll be there.  Maybe you'll change
23 your mind, so -- but he's not going to intervene.  If you
24 don't have any questions for him --
10:16:46  25 THE DEFENDANT:  Okay.

Case: 1:14-cr-00447 Document #: 115 Filed: 02/11/16 Page 8 of 17 PageID #:675

8

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | THE COURT: -- he won't do anything.                          |
|          | 2  | THE DEFENDANT: Okay.                                         |
|          | 3  | THE COURT: I have one more question for Ms. Malizia.         |
|          | 4  | So do you want me to exclude the time between now and        |
| 10:17:07 | 5  | the trial from the --                                        |
|          | 6  | MS. MALIZIA: Yes, your Honor.                                |
|          | 7  | THE COURT: -- the Speedy Trial Act?                          |
|          | 8  | MS. MALIZIA: The government would move to exclude            |
|          | 9  | time until the next court appearance.                        |
| 10:17:15 | 10 | THE COURT: So ordered.                                       |
|          | 11 | Okay. Now, Mr. El Bey, you wanted me to rule on your         |
|          | 12 | affidavit of truth.                                          |
|          | 13 | Now, so I have two documents from you. I have the            |
|          | 14 | affidavit of truth, and I have your default judgment.        |
| 10:17:31 | 15 | THE DEFENDANT: Yes, sir.                                     |
|          | 16 | THE COURT: Now, with respect to the default                  |
|          | 17 | judgment, let me lay down a rule for you to follow.          |
|          | 18 | You know, you can file any kind of motion document           |
|          | 19 | you want, but if you're filing a motion, that is, you're     |
| 10:17:58 | 20 | asking for something, you must give some legal basis for it. |
|          | 21 | I mean, you have to cite a constitutional provision, a       |
|          | 22 | statute, a rule, like the Federal Rule of Evidence, Federal  |
|          | 23 | Rules of Criminal Procedure, a rule of the Northern District |
|          | 24 | of Illinois, and so on.                                      |
| 10:18:21 | 25 | Now, in your affidavit of truth, there are a lot of          |

Case: 1:14-cr-00447 Document #: 115 Filed: 02/11/16 Page 8 of 17 PageID #:675

8

1  THE COURT: -- he won't do anything.

2  THE DEFENDANT: Okay.

3  THE COURT: I have one more question for Ms. Malizia.

4  So do you want me to exclude the time between now and

10:17:07  5  the trial from the --

6  MS. MALIZIA: Yes, your Honor.

7  THE COURT: -- the Speedy Trial Act?

8  MS. MALIZIA: The government would move to exclude

9  time until the next court appearance.

10:17:15  10  THE COURT: So ordered.

11  Okay. Now, Mr. El Bey, you wanted me to rule on your

12  affidavit of truth.

13  Now, so I have two documents from you. I have the

14  affidavit of truth, and I have your default judgment.

10:17:31  15  THE DEFENDANT: Yes, sir.

16  THE COURT: Now, with respect to the default

17  judgment, let me lay down a rule for you to follow.

18  You know, you can file any kind of motion document

19  you want, but if you're filing a motion, that is, you're

10:17:58  20  asking for something, you must give some legal basis for it.

21  I mean, you have to cite a constitutional provision, a

22  statute, a rule, like the Federal Rule of Evidence, Federal

23  Rules of Criminal Procedure, a rule of the Northern District

24  of Illinois, and so on.

10:18:21  25  Now, in your affidavit of truth, there are a lot of

1  references to legal documents, so that's fine. But in your
2  default judgment, you don't have any legal references. You
3  don't indicate any legal basis for -- you conclude, you say,
4  I, Hakeem El of the House of Bey, is ordering the court to
5  enter the default judgment in this case, but you don't
6  indicate any basis. And indeed a litigant -- you're a
7  litigant, of course, a defendant -- cannot issue a judgment.
8  That's what the judges do. So you can't do that.
9      So in the future, when you want to -- want me to do
10 something, dismiss or not, what have you, you have to
11 indicate, and that's, as I say, where standby counsel might be
12 useful. You might ask him, is there something I could cite
13 for this? But it's up to you. As I say, you're not under any
14 obligation to consult with Mr. Fuentes.
15     Now, with regard to your affidavit of truth, you do
16 cite a number of materials, but, you know, you explain coram
17 nobis and so on and dismissal for failure to state proper
18 jurisdiction, but I have to deny your motion because the
19 federal courts unquestionably have jurisdiction over criminal
20 prosecutions. You know, the Justice Department is prosecuting
21 you, and the Northern District of Illinois, which I'm
22 temporarily assigned to, has jurisdiction of it. That's just
23 the law.
24     THE DEFENDANT: Okay.
25     THE COURT: So --

1  THE DEFENDANT: Your Honor, can I ask you a question?
2  THE COURT: Yeah, sure.
3  THE DEFENDANT: In my affidavits, you know, all I
4  want to know is who has a claim against me and who have I
5  harmed, and so if they can't produce that, then it's not a
6  case. So what I'm asking for, you said these were
7  discoveries, so I put my discoveries on there.
8  So all I'm asking for is an answer. If there's
9  someone in human flesh, man or woman who I harmed, then let
10 them come forward and tell me why I harmed them and the damage
11 that I did to them. If there's not, then we don't have a
12 case, your Honor.
13 I'm not in a fictional court. I'm a flesh-and-blood
14 man, so -- I'm not a person, so all I want the Court to is to
15 come to me and let me know who have I harmed and who I've
16 damaged, and if they can't do that, then we don't have a case,
17 and that's all I'm asking for is her to tell me who did I
18 harm, who -- who provided me anything. They haven't given me
19 who I'm going up against. I don't know who I'm going up
20 against.
21 I don't -- I haven't -- nobody signed, I don't have a
22 sworn affidavit, no bonds, no bonding company, no one has come
23 forward, and so that's all I'm asking.
24 Now, that's been over -- almost two months and still
25 no answer. So I'm just saying, your Honor, you know, I just

1 want to know who I'm going up against. I don't think I'm
2 asking too much.
3     THE COURT: Ms. Malizia, how would you answer Mr. El
4 Bey's question?
5     MS. MALIZIA: The government has -- I guess I would
6 point to the sworn indictment in this case as the instrument
7 perhaps that would answer -- satisfy Mr. El Bey that there is
8 a criminal case against him.
9     THE DEFENDANT: But they're not signed. Who signed
10 them?
11     MS. MALIZIA: The foreman of the grand jury and the
12 United States Attorney.
13     THE DEFENDANT: They're not going -- they can't go up
14 against me. Who did I harm?
15     MS. MALIZIA: Actually they can, Mr. El Bey.
16     THE DEFENDANT: Well, how are they going to represent
17 the United States? If they're not flesh and blood, they got
18 to come to me and tell me what have I done to them.
19     MS. MALIZIA: Mr. El Bey, I am here as a
20 representative of the United States --
21     THE DEFENDANT: Okay.
22     MS. MALIZIA: -- accusing you of committing a federal
23 crime for which you can be imprisoned.
24     THE DEFENDANT: Okay.
25     MS. MALIZIA: I'm here on behalf of the United States

1 Attorney. You've been charged with a crime. Nobody is suing
2 you. The IRS is the victim in this case. It's a government
3 agency. You have defrauded them.
4     THE DEFENDANT: It's a corporation. So who have I
5 harmed in that corporation? They have to come forward to me.
6 I want the human flesh --
7     THE COURT: Well, but there's a difference between a
8 civil case --
9     THE DEFENDANT: I understand that, your Honor.
10     THE COURT: -- where you'd have the victim, someone
11 who'd lost money, say, would sue you for damages. Okay,
12 that's --
13     THE DEFENDANT: Can I ask you one quick question?
14     THE COURT: But in a criminal case, the, as
15 Ms. Malizia was saying, the government is accusing you of a
16 crime, and it doesn't have to -- it doesn't have to bring
17 forward --
18     THE DEFENDANT: Your Honor, is this commercial or
19 what? Is this a commercial case? I filed a reservation of
20 rights, 1-308. Every court operates through it, so all I'm
21 asking for is to come forward whoever I damaged. That's --
22     THE COURT: No, but the indictment says that you
23 defrauded --
24     THE DEFENDANT: The indictment is a piece of paper,
25 your Honor. We got to bring the flesh and blood or whoever

1 did I damage, so that's all I'm asking. So, but I'm -- I'm
2 going to reserve my rights.
3     THE COURT: At the trial, undoubtedly --
4     THE DEFENDANT: Okay.
5     THE COURT: -- I'll ask Ms. Malizia, there will be a
6 representative of the Internal Revenue Service --
7     THE DEFENDANT: Okay.
8     THE COURT: -- to testify about the fraud. There
9 will be that.
10     THE DEFENDANT: Okay.
11     THE COURT: It's premature now.
12     THE DEFENDANT: Yes, sir.
13     THE COURT: That's the only thing.
14     So we're in a pretrial phase between now and March,
15 and you can certainly, you know, request information from the
16 government. That's part of the pretrial discovery procedure.
17 That's perfectly fine, but they don't have -- they're not
18 under obligation to bring their witnesses, you know, to court
19 before the trial.
20     THE DEFENDANT: Right.
21     THE COURT: That's how the system works.
22     THE DEFENDANT: So on discoveries, we are -- we are
23 discovering things and we're passing information, we have --
24 discovery is for the defendant or the plaintiff to answer, so
25 what I'm saying is, is that since I put my affidavit of

|  |  |
|---|---|
| | 1   truth -- I gave -- I sent some complaints to them. I expected |
| | 2   them to answer me. How can we proceed to trial if we can't |
| | 3   get any discoveries? No one has answered. They got this on a |
| | 4   piece of paper that's not signed, there's no sworn affidavits, |
| 10:25:22 | 5   no bonds, no oath, no anything, sir. |

     6        So you have to have some kind of liability. I want
7 to know who's putting up the liability against me because I'm
8 putting my liability up.
9        THE COURT: Well, the Internal Revenue Service is the
10:25:35   10 government agency that accuses you --
11        THE DEFENDANT: Internal Revenue Service, even though
12 the indictment say that they used to be an employee of the
13 United States. They're just a corporation, sir. Okay, but
14 any way, I'm sorry, your Honor.
10:25:46   15        THE COURT: Well, but a lot of -- a lot of property
16 is owned not by individuals but by organizations, now, many of
17 them corporations, but the federal government has a great many
18 assets, you know. The Internal Revenue Service --
19        THE DEFENDANT: But the federal government is a
10:26:10   20 corporation also, your Honor.
21        THE COURT: -- collects billions of dollars a year,
22 so that's their money and if someone takes their money, they
23 have the same --
24        THE DEFENDANT: But the federal government is just a
10:26:18   25 corporation.

|   |   |
|---|---|
|  | 1  THE COURT: Pardon? |
|  | 2  THE DEFENDANT: The federal government is a |
|  | 3  corporation. It's a corporation, your Honor. |
|  | 4  THE COURT: In a sense, yeah, sure, okay. |
| 10:26:24 | 5  THE DEFENDANT: Not in a sense, it's the fact, |
|  | 6  they're a corporation. And also -- okay, I'll save that for |
|  | 7  when we go a little further. |
|  | 8  But, yes, sir, you know, the dates you set for the |
|  | 9  hearing, I'm available. |
| 10:26:38 | 10  THE COURT: Okay. I mean, you can certainly ask the |
|  | 11  government for any information, documents that you think would |
|  | 12  be helpful. They may not be obligated to turn everything over |
|  | 13  and they're not obligated at this stage actually to produce a |
|  | 14  live person, a live victim. But you can ask them for anything |
| 10:27:05 | 15  you want, and I have to -- if they object, they don't supply |
|  | 16  you with something you ask for, I have to make a ruling -- |
|  | 17  THE DEFENDANT: Okay. |
|  | 18  THE COURT: -- on whether you're entitled to it. |
|  | 19  THE DEFENDANT: Yeah. Then I just have to do a |
| 10:27:18 | 20  subpoena and -- |
|  | 21  THE COURT: Okay. That should be fine. |
|  | 22  THE DEFENDANT: -- do some things to make them bring |
|  | 23  them in because we need to get to the bottom of this, and like |
|  | 24  I said, I'm not here to argue. I just -- I have to -- if I'm |
| 10:27:28 | 25  wrong, I'll admit I'm wrong, but if I'm not wrong, I'm not |

1 taking anyone else's -- not for no corporation just to dip in
2 my account, no, sir. So whenever you said, whatever date you
3 want --
4     THE COURT: Okay.
5     THE DEFENDANT: -- I'm going to make myself
6 available.
7     THE COURT: Okay. Well, I think does that do it
8 or --
9     MS. MALIZIA: Your Honor, perhaps it would be
10 beneficial to have a short status date.
11     THE COURT: I'm sorry?
12     MS. MALIZIA: Perhaps it would be beneficial to have
13 a short status date before the pretrial conference just to see
14 where we are.
15     THE COURT: Yeah, I think that's a good idea. Sure.
16     Do you have a suggested date, Ms. Malizia?
17     MS. MALIZIA: Maybe sometime in mid-December.
18     THE COURT: In December?
19     THE DEFENDANT: That would be a bad time for me.
20     THE COURT: Well --
21     THE DEFENDANT: December because my brother just got
22 shot, your Honor. I'm going back and forth. I'm taking care
23 of him and my mother.
24     THE COURT: Where is he?
25     THE DEFENDANT: I beg your pardon?

|  |  |
|---|---|
| | 1    THE COURT: Where is he? |

```
                1    THE COURT:  Where is he?
                2    THE DEFENDANT:  He's here.
                3    THE COURT:  He's in Chicago.
                4    THE DEFENDANT:  Yeah, I'm taking care of him.  My
10:28:27        5  mother has Alzheimer's and my brother's been shot, so I got --
                6  my hands are full right now until I can get someone back here.
                7  My help will come in January.  So any time in January would be
                8  fine.
                9    THE COURT:  Okay, January.
10:28:39       10    MS. MALIZIA:  Perhaps the week of January 5th?
               11    THE COURT:  January 5th?
               12    THE DEFENDANT:  Yes, that's fine.
               13    THE COURT:  Okay.  Great.
               14    Okay.  Is there anything else we should discuss?
10:28:50       15    MS. MALIZIA:  No, sir.
               16    THE DEFENDANT:  No, sir.  Thank you.
               17    THE COURT:  Okay.  Well, see you in January.
               18    THE DEFENDANT:  Yes, sir.  Enjoy your day.
               19    THE COURT:  Okay.  Same to you.  Nice to meet you.
               20       (Which were all the proceedings heard.)
               21                        CERTIFICATE
               22      I certify that the foregoing is a correct transcript from
                    the record of proceedings in the above-entitled matter.
               23  /s/Kathleen M. Fennell                February 11, 2016
               24  Kathleen M. Fennell                   Date
                   Official Court Reporter
               25
```