UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 447 |
| v. | |
| HAKEEM EL BEY | Hon. Edmond E. Chang |

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully moves this Court, *in limine*, for entry of an order excluding and admitting certain evidence at trial in the above referenced case.

## I.  BACKGROUND

The defendant has been charged in an eight-count indictment with mail fraud, in violation of 18 U.S.C. § 1341 (Counts One and Two), and defrauding the Department of the Treasury by filing false claims, in violation of 18 U.S.C. § 287 (Counts Three through Eight). The indictment alleges that the defendant prepared and filed six false returns seeking a total of $1.8 million in refunds to which he was not entitled. Of the six refunds sought, the defendant obtained, by mail, two refund checks for $300,000 each. The defendant deposited these checks and used the proceeds to purchase real and personal property, including one house and multiple vehicles. Dkt. No. 1. At the conclusion of the first trial in this matter, the jury returned verdicts of guilty as to all counts of the indictment.  On appeal, the Seventh

1

Circuit reversed those convictions and remanded the case for a new trial. *United States v. El Bey*, 873 F.3d 1015 (7th Cir., 2018). The re-trial has been set for April 23, 2018.

## II.  IF THE DEFENDANT PROCEEDS *PRO SE*, THE COURT SHOULD PROHIBIT THE DEFENDANT FROM TESTIFYING DURING OPENING STATEMENT AND CLOSING ARGUMENT

The government anticipates that the defendant, while serving as his own counsel at trial, may attempt to introduce his own testimony during his opening statement, during his closing argument, or during cross-examination of witnesses. Although the defendant, in his capacity as counsel, is of course entitled to present an opening statement and closing argument to the jury, any attempt by the defendant to testify during his opening statement and closing argument would be improper because he would not be subject to cross-examination. *Cf. United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001) ("hybrid representation," in which *pro se* defendant and standby counsel both effectively serve as counsel, is forbidden because "it allows a defendant to address the jury, in his capacity as counsel, without being cross-examined, in his capacity as a defendant." (quoting *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988))).

Should the Court continue to grant the defendant's request to proceed *pro se*, the government respectfully requests that the Court admonish the defendant against testifying during his opening statement and closing argument. To effectuate such an order, the government asks the Court: (1) to advise the defendant that he will be held to rules of law and evidence; (2) to advise the defendant that he should refrain from

2

speaking in the first person while commenting on evidence to the jury; and (3) to instruct the jury before opening statements, before closing arguments, and in final instructions, that any statements by the attorneys in this case, including those made by the defendant while serving in his capacity as counsel, do not constitute evidence. *See United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985) (citing *United States v. Veteto*, 701 F.2d 136, 138-39 (11th Cir. 1983)).

## III. THE COURT SHOULD ELICIT THE DEFENDANT'S PROCEDURAL PLANS FOR TRIAL

Given the confusion inherently involved in a criminal defendant's *pro se* representation, the government requests that the Court inquire of the defendant how he plans to conduct trial as a procedural matter, including whether he intends to make an opening statement or closing argument to the jury, introduce exhibits, etc. The defendant, of course, is not required to present any evidence and should be advised in advance of trial of the government's burden to prove its case beyond a reasonable doubt. *See United States v. Braxton*, 877 F.2d 556, 562-63 (7th Cir. 1989); *Taylor v. Kentucky*, 436 U.S. 478 (1978). However, conducting this inquiry before trial will avoid wasting the court's and the jury's time during trial, will produce a clear record of the defendant's intentions on these issues, and will allow the government to comport with its ethical obligations during trial.

In addition, while standby counsel should not be allowed to take over the defendant's case, *McKaskle v. Williams*, 465 U.S. 168 (1984), there is no bar to standby counsel's unsolicited participation in the presentation of defendant's case

3

before the jury. *Id.* If the defendant persistently refuses to obey the Court's orders, or injects irrelevant matters into the record, the court *may* direct standby counsel to take over defendant's representation. *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998).

In *Brock*, the defendant asked for a Bill of Particulars, and the Court denied his request. At each hearing before the trial, the defendant re-raised his request, which the Court repeatedly denied. In response, the defendant refused to answer the Court's questions about whether he wanted representation and repeatedly demanded the Court state the basis for its authority to rule against him. In addition, the defendant repeatedly challenged the Court's jurisdiction. *Id.* at 1080.

Eventually, the Court directed standby counsel to proceed on Brock's behalf. On appeal, the Seventh Circuit held that while a defendant has a right to represent himself, that right is not absolute. *Id.* at 1079. It then evaluated the defendant's conduct, which consisted of repeatedly making frivolous motions, arguing with the district court, denying the district court's jurisdiction, and refusing to answer the court's questions. The Seventh Circuit then determined that the defendant's behavior was a strong indication the defendant would be disruptive at trial and, looking to precedent in other circuits, held that his behavior and refusal to focus on the trial issues meant he would be unprepared to defend himself. *Id.* at 1080. The Seventh Circuit upheld the district court's decision to direct standby counsel to represent the defendant at trial.

4

## IV. The Court Should Preclude Evidence or Argument that Is Irrelevant or Would Invade the Court's Province of Instructing the Jury on the Law

It is fundamental that "evidence which is not relevant is not admissible." Fed. R. Evid. 402, 103(c). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if arguably "relevant," evidence should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985) (finding in tax protester case even if certain defense exhibits excluded as irrelevant, were, in fact, relevant, their probative value was outweighed by danger of confusing the jury); *United States v. Willie*, 941 F.2d 1384, 1395-96 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106 (1992) (tax protester's exhibits were properly excluded "because they were confusing, because the danger of the jury's misuse was great, and because the relevant point was provable by other evidence").

In addition, "it is the district court's peculiar province to instruct the jury on the law." *Mann*, 884 F.2d at 538. As one court has explained:

> The law is given to the jury by the court and not introduced as evidence. . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be. The law is the singular province of the judge. Juries only decide

> facts, to which they apply the law given to them by the judge. They may not decide what the law is and should not be given the opportunity to do so.

*Willie*, 941 F.2d at 1396 (quoting *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974) (internal quotation marks and citations omitted)).

There are several types of evidence and argument that the government believes the defendant may attempt to improperly introduce at trial. With the foregoing tenets in mind, the government requests that the Court exclude evidence or argument of the following nature, or, at a minimum, require a proffer of such evidence outside of presence of the jury to ensure that it is properly admissible.

### A. Evidence or Argument Regarding the Defendant's Claimed Exemption from the Jurisdiction of the United States Should Precluded.

The defendant has identified himself variously as a "Moorish American" and as a member of an "Aboriginal Indigenous Tribe" in filings with various public entities; in tax forms and correspondence submitted to the IRS; and in filings and hearings in this case. Dkt. Nos. 20, 22, 29, 32. For example, in a document filed with the Mecklenburg County Record of Deeds, the defendant has claimed to be a "free and sovereign Moor" who is immune to the imposition of "all Federal, State, City, Municipal, County, Local Real Estate, and Sales taxes" and who is not subject to the jurisdiction of the United States government. The Court has properly rejected such arguments (Dkt. No. 25), and the Seventh Circuit has likewise consistently dismissed such arguments out of hand:

6

> Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also, United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting as "completely without merit and patently frivolous," defendant's argument that he is a "citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts"); *United States v. Sloan*, 939 F.2d 499, 500-501 (7th Cir. 1991) ("Mr. Sloan's proposition that he is not subject to the jurisdiction of the laws of the United States is simply wrong."). Because the Court has already ruled on these arguments and rejected them, the defendant should be barred from raising them again before the jury.

**B.    Evidence or Argument Related to the Validity or Constitutionality of the Law Is Irrelevant and Should Be Precluded.**

The defendant's views on the validity or constitutionality of federal, state, and local law, and in particular the federal tax statutes, are irrelevant to whether he knowingly filed false income tax returns, in violation of 18 U.S.C. § 287, and used the mails to obtain refunds based on those false returns, in violation of 18 U.S.C. § 1341. *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993); *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990) (finding that the duty to pay federal tax is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations").

Such wholesale attacks on the legitimacy of the federal tax laws "transform legal argument from an intellectual process aimed at the derivation of the correct legal principle to a carnival of frivolity aimed at disseminating defendant's political views." *United States v. Collins*, 920 F.2d 629, 633, (10th Cir. 1990), *cert. denied*, 500 U.S. 920 (1991). Any testimony or other evidence concerning what the defendant thinks the law is, or previously thought the law "should be," including his current or prior views on the constitutionality and validity of the law, should be excluded. *See Dack*, 987 F.2d at 1285 (precluding "[a]rguments which are political disagreements or which challenge the constitutionality or validity of the tax laws"); *Latham,* 754 F.2d at 751.

**C.   Evidence or Argument Related to the Defendant's Beliefs about What the Law Is, or What the Law Should Be, Is Immaterial to a Good Faith Defense and Should Be Precluded.**

The defendant's views on the validity of the law are likewise immaterial to any defense that he acted in good faith. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases)); *United States v. Moore*, 627 F.2d 830, 833 (7th Cir. 1980) ("Good faith disagreements with the law or good faith beliefs that it is unconstitutional are not defenses."). A good faith defense to fraud requires evidence of the defendant's honest belief in the truthfulness of the claim that the government

8

has charged as being false or fraudulent.[1] *See* Seventh Circuit Pattern Criminal Jury Instruction 6.10 (2012); *United States v. Dunn*, 961 F.2d 648, 650 (7th Cir. 1992) ("The good faith defense requires a genuine belief that the information being sent or given is true." (internal citations and quotations omitted)); *United States v. Otto*, 850 F.2d 323, 327 (7th Cir. 1988). The defendant's beliefs that the law should not apply to him or that the law itself is invalid or unconstitutional provide no such defense. *Dack*, 987 F.2d at 1285 (district court did not err in "advising the jury that a disagreement with or a protest to the tax laws was not a defense"); *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) ("[G]ood faith belief that [the laws] are unconstitutional provides no defense"). Evidence or argument advancing such beliefs as a basis for a defense of good faith should therefore be excluded.

## V. THE COURT SHOULD EXCLUDE ARGUMENT, EVIDENCE OR INQUIRY THAT MAY ENCOURAGE JURY NULLIFICATION

The government moves this Court to preclude the defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit, jury nullification. The law is plain that it is improper for a defendant to suggest in any

---

[1] Although a defendant's belief as to the law may be relevant to other tax violations, such as violations of 18 U.S.C. §§7203 and 7206, which require a showing of willfulness, no such requirement obtains here. The defendant is charged with mail fraud and filing false claims. Neither of these charges requires proof of willfulness. *See United States v. Catton*, 89 F.3d 387, 392 (7th Cir.1996) ("It is implicit in the filing of a knowingly false claim that the claimant intends to defraud the government, and hence unnecessary to charge willfulness separately."); *United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir.1986) ("[U]nder 18 U.S.C. § 287, the Government must prove that a defendant made a claim upon the United States knowing that the claim was false. The Government need not prove that the defendant acted willfully.").

way that the jury should acquit a defendant even if it finds that the government has met its burden of proof. *E.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citations omitted)); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("Neither the court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *see also* Seventh Circuit Pattern Federal Criminal Jury Instruction 1.01 (2012).

Although the government cannot anticipate each form of potential "jury nullification" argument or evidence in this case, the government moves to exclude the potential areas noted below, all of which are irrelevant to the elements of the crimes charged. The government seeks by this motion to preclude any argument or questioning, no matter what its form, that would, in effect, "encourage [the] jury to acquit under any circumstances' regardless of the applicable law or proven facts." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983) (quoting *United States v. Dougherty*, 473 F.2d 1113, 1137 (D.C. Cir.1972)).

## A. This Court Should Preclude Arguments and Evidence That the IRS was Negligent in Not Preventing the Fraud From Occurring.

The government moves this Court to preclude the defendant from introducing evidence or making argument that the IRS was negligent in not detecting or

preventing the fraud from occurring. In this case, the IRS did not determine that the trust tax returns were fraudulent until after the IRS already paid a fraudulent refund of $600,000 to the defendant. Any argument the defendant may make suggesting that the IRS was negligent in processing and paying a fraudulent refund is improper.

It is well-established that relevant evidence in this case is that which focuses on the knowledge and intent of the defendant, not evidence that focuses on the victim. *See, e.g., United States v. Hartz*, 296 F.3d 595, 600 (7th Cir. 2002) (a defendant "is in no position to blame one of his victims of his scheme for falling prey to his fraud."); *United States v. Catalfo*, 64 F.3d 1070, 1078 (7th Cir. 1995) ("Fraud remains fraud even if the victim should have acted more prudently."); *United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (affirming conviction because the "[t]he excluded testimony . . . would have improperly shifted the jury's attention away from the knowledge and intent of [defendant] and focused instead on the beliefs of the victims of the alleged scheme to defraud," and explaining that "[t]hose who are gullible, as well as those who are skeptical, are entitled to the protection of the mail statute" (citing *United States v. Sylvannus*, 192 F.2d 96, 105 (7th Cir. 1951)). Accordingly, the Seventh Circuit repeatedly has held that evidence of what a reasonable investigation would have unearthed is inadmissible, *see, e.g., United States v. Rosby*, 454 F.3d 670, 673 (7th Cir. 2006) (rejecting argument that victim "could have figured out" fraud "by making prudent inquiries); *United States v. Serfling*, 504 F.3d 672 672, 679 (7th Cir.

11

2007) ("[T]he perpetrator of a fraud may not defend himself by blaming the victim for being duped."), and this Court should do the same.

**B.** **Argument or Questioning about the Motivation for Investigating or Prosecuting this Case Should Be Precluded.**

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *see Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) ("So long as the prosecutor had probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (internal quotations omitted)); *United States v. Goulding,* 26 F.3d 656, 667 (7th Cir. 1994). In addition, inquiries regarding the subjective intentions or motivations of a government agent or officer are irrelevant to determining the factual guilt or innocence of a defendant. *E.g.*, *Goulding*, 26 F.3d at 667 (noting that, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such evidence was irrelevant"). Accordingly, this Court should preclude the defendant from making argument or inquiries concerning the government's motivations for investigating and prosecuting this case.

### C. Argument or Evidence Concerning Allegations of Governmental Misconduct or Outrageous Government Conduct Arguments Should Be Precluded.

The government moves this Court to preclude the defendant from presenting arguments or evidence concerning allegations of governmental misconduct and outrageous government conduct. As one court has put it, the "thrust of the defense" in these types of cases is this: "the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (Zagel, J.) (citation omitted). The Seventh Circuit has held that such claims afford no defense to a criminal prosecution as a matter of law. *See United States v. Sherman*, 268 F.3d 539, 549 (7th Cir. 2001); *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). Accordingly, the defendant should be precluded from attacking the propriety of the government's investigation as part of his defense.

### D. Arguments and Evidence Regarding Penalties Faced by the Defendant Should Be Precluded.

The government moves this Court to preclude the defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties he will face if convicted. Such argument or evidence concerning punishment is improper because the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be

imposed.'") (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991). Mention of the potential penalties faced by the defendant would serve only the improper purpose of promoting jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.") (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980)). Accordingly, this Court should preclude the defendant from introducing evidence, making argument, or otherwise mentioning potential penalties resulting from his conviction in this case.

## VI. THE COURT SHOULD PRECLUDE REQUESTS FOR OR COMMENTARY REGARDING DISCOVERY IN THE PRESENCE OF THE JURY.

The government respectfully moves to preclude the defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. The government has and will continue to fulfill its discovery obligations under Rule 16, *Brady*, and *Giglio*. Discovery requests by the defendant, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government seeks an order from this Court that any requests for discovery or comments relating to discovery be made

outside the presence of the jury. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

## VII. THE COURT SHOULD PRECLUDE ARGUMENT EXPLAINING OR DEFINING REASONABLE DOUBT.

The Seventh Circuit has repeatedly held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *E.g.*, *United States v. Hatfield*, 590 F.3d 945, 949 (7th Cir. 2010); *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1997) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term [reasonable doubt]"). The pattern jury instructions for the Seventh Circuit similarly omit any instruction defining "reasonable doubt." *See* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 1.04. Though the defendant may argue that the government bears the burden of proving his guilt beyond a reasonable doubt, neither party should be permitted to define that term to the jury at trial. *Glass*, 846 F.2d at 386 ("Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define 'reasonable doubt.'*") (emphasis in original).

## VIII.  EVIDENCE OF FINANCIAL MOTIVE

The government expects to introduce evidence that, following receipt of the two $300,000 IRS refund checks, the defendant went on cash-fueled spending sprees. The defendant's spending sprees are relevant to prove his motive to commit the charged offenses as well as his involvement in the offenses.

Specifically, the government expects to introduce evidence that, following receipt of the ill-gotten refund checks, the defendant used this money to fund various personal expenditures, including a new home in Calumet City, Illinois and eight new vehicles.  For example, the government expects the evidence will show that, after receipt of the refund checks, the defendant purchased a cashier's check in the amount of $115,500 which he then used to purchase the real estate located at 439 South Hoxie Avenue, in Calumet City.  Similarly, around the same time, the defendant purchased a 2010 Buick LaCrosse sedan for approximately $33,000 using a check drawn on one of the trust accounts into which the fraudulently obtained refund checks was deposited.  In total, the government seeks to admit evidence that the defendant spent approximately $327,000 of the proceeds from the refunds checks on the new home as well as the eight new vehicles.[2]

---

[2]  The remaining $273,000 in proceeds from the $600,000 in total refund checks was spent on other personal expenses, such as home furnishings and travel.  At this time, the government does not seek to admit evidence of these other purchases.

Courts allow "spending spree" evidence to show participation in crimes involving financial enrichment, regardless of whether the specific money used for the spending spree can be traced directly to the illegal source of funds. *See United States v. Carrera*, 259 F.3d 818 (7th Cir. 2001); *United States v. Kwitek*, 467 F.2d 1222, 1225 (7th Cir. 1972). "Expensive trips, gambling, and other instances of free spending and high living may be pertinent in crimes involving a motive of enrichment." *Kwitek*, 467 F.2d at 1225.

Courts have observed that evidence of a defendant's spending sprees tend to prove a defendant's motive for committing the charged crime. *See United States v. Robinson*, 177 F.3d 643, 647 (7th Cir. 1999) (finding that evidence of defendant's financial problems relevant to prove motive for bank robbery); *United States v. Holt*, 817 F.2d 1264, 1269-70 (7th Cir. 1987) (evidence of defendant's "dire financial situation" properly admitted as motive for bank robbery); *Kwitek*, 467 F.2d at 1225 (evidence of gambling is relevant to prove motive for crimes involving enrichment); *see also United States v. King*, 627 F.3d 641, 650 (7th Cir. 2010) (finding that phone call in which defendant discussed his financial problems was properly admitted in drug case, as it provided financial motive for the crime charged); *United States v. Mobley*, 193 F.3d 492, 495-96 (7th Cir. 1999) (finding that evidence that defendants spent more than they earned was relevant to show economic motive in theft case).

Consistent with this precedent, the evidence of the defendant's spending sprees are relevant evidence to prove his motive and involvement in the charged crimes. First, the government's evidence relates to expenditures by the defendant that occurred at or around the same time he fraudulently received the refund checks from the IRS. Second, the evidence will show that the amount of money the defendant spent during this time is consistent with the amount of money he received from the refund checks – allowing the jury to draw the reasonable inference that the source of the funds used to make these purchases was the refund checks that were at the heart of the charged scheme, as opposed to some other source. Moreover, the government intends to introduce the evidence of the defendant's spending near the end of its case-in-chief, at which time the government will have already established the underlying fraud against the IRS. In these circumstances, the evidence of the spending sprees is relevant and should be deemed admissible. *See United States v. Harris*, 536 F.3d 798, 811 (7th Cir. 2008) (overruled in part on other grounds).

## IX. THE GOVERNMENT REQUESTS THE COURT FIND THAT CERTAIN BUSINESS RECORDS ARE ADMISSIBLE PURSUANT TO FED. R. EVID. 803(6) AND 902(11)

At trial, the government intends to introduce various categories of evidence through the admission of business records. For example, the government intends to introduce evidence of the spending sprees the defendant engaged in following his receipt of the charged fraudulently obtained refunds from the Internal Revenue Service. Such evidence includes records from numerous businesses showing that the defendant made significant purchases of, among other things, real estate and new

18

vehicles. The government expects that analysis of the defendant's spending sprees will involve the introduction into evidence of defendant's bank records, including records from Wells Fargo Bank, as well as records from the various car dealerships from which the defendant purchased his new vehicles, including Mancari Chrysler Jeep Dodge, Circle Buick GMC, and Shaffer Hyundai. The government intends to introduce these records through certifications, pursuant to Federal Rule of Evidence 902(11).

The business records that the government intends to introduce at trial are admissible as noted hearsay exceptions, pursuant to Federal Rules of Evidence 803(6) and 902(11). As such, they do not require live witness testimony from records custodians. The government hereby moves this Court to find, pursuant to Federal Rule of Evidence 104, that the records are authentic business records within the meaning of Federal Rule of Evidence 803(6).

Federal Rule of Evidence 104 authorizes the Court to determine in advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence." This rule applies to all preliminary determinations, including the question of whether documents fall within the "business records exception" to the hearsay rule. *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)).

19

The records that the government intends to offer at trial fall within the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Rule 803(6) provides that such records are admissible, notwithstanding the hearsay rule, provided:

(A)     the record was made at or near the time by–or from information transmitted by–someone with knowledge;

(B)     the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)     making the record was a regular practice of that activity;

(D)     all these conditions are shown by the testimony of the custodian or another qualified witness, *or by a certification that complies with Rule 902(11)* or (12) or with a statute permitting certification; and

(E)     neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added). In other words, the authenticity of business records may be established either through live testimony of a custodian of records, or by a certification that complies with Rule 902(11).

Rule 902(11) provides that certain items of evidence are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted, including:

The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record–and must make the record and certification

20

available for inspection–so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). The Seventh Circuit has long upheld the introduction of business records through 902(11) certifications. *See e.g.*, *United States v. Green*, 648 F.3d 569, 579-80 (7th Cir. 2011); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Keplinger*, 776 F.2d 678, 692 (7th Cir. 1985).

Here, as authorized by Rule 803(6), the government has established the authenticity of the business records that it intends to introduce, as well as their admissibility under Rule 803(6), through certifications obtained from the custodians of records that comply with Rule 902(11). The procured certifications attest to the foundational requirements set forth by these rules. Moreover, through this pretrial motion, the government complies with Rule 902(11)'s requirement of advanced notice to the defense of its intent to introduce these documents pursuant to Rule 902(1)) and provides an opportunity for inspection of the records and declarations. Indeed, the government has tendered all of the records in its possession that it intends to introduce pursuant to Rule 902(1)) and will produce those documents that it may receive subsequently promptly after it obtains them.

Admission of these documents through 902(11) certification will save the parties, the Court, and the jury members significant time and resources, as the certifications will obviate the need for live witness testimony from multiple different custodians of records. It will also save considerable time and resources for the witnesses.

21

## X.   CONCLUSION

In light of the foregoing, the government respectfully requests that its motions *in limine* be granted.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By:   */s/ Christopher Hotaling*
KATHRYN E. MALIZIA
CHRISTOPHER HOTALING
Assistant United States Attorneys
219 South Dearborn Street, Room 500
Chicago, Illinois 60604
(312) 353-5300

Date: March 19, 2018

## CERTIFICATE OF SERVICE

I, Kathryn E. Malizia, an attorney for the United States Attorney's Office for the Northern District of Illinois, hereby certify that on March 19, 2018, I caused copies of the foregoing to be filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the ECF system. In addition, I have served the above via U.S. Mail upon:

> Hakeem El Bey
> 1905 East 172nd Street
> South Holland, IL 60473

/s/ *Kathryn E. Malizia*