UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 447 |
| v. | ) | |
| | ) | Hon. Edmond E. Chang |
| HAKEEM EL BEY | ) | |

ORDER

In advance of the pretrial conference, the Court issues the following decisions on the government's motions in limine and Bey's various motions. This Order also flags certain issues so that the parties are ready to discuss them at the conference.

### I. Government's Motions in Limine

**Prohibit Bey from testifying during opening statements and closing argument.** The government wants to bar Bey from testifying during his opening and closing statements. In particular, the government asks that the Court (1) admonish Bey that he will be held to the rules of law and evidence; (2) advise Bey that he should refrain from speaking in the first person while commenting on evidence to the jury; and (3) instruct the jury before opening arguments, closing arguments, and in the final instructions that statements made by Bey in his capacity as counsel are not evidence.

This motion is granted in part. It is true that statements in opening statements and closing arguments are not evidence, and the jury will be instructed on that. *United States v. Schimmel*, 943 F.2d 802, 805 (7th Cir. 1991). On opening statements, however, lawyers and *pro se* defendants alike are free to use openings to summarize the facts that they expect to prove during trial. If Bey believes in good faith that he might testify at trial, then it would be appropriate for him to tell the jury what testimony they could expect to hear. Bey is likewise free to tell the jury what facts he expects to prove via the testimony of other witnesses and his exhibits. That said, this is *not* a license for Mr. Bey to make statements during the opening that he does not genuinely expect to prove. Also, only *relevant* facts are permitted during opening statements. With regard to closings, both sides' factual statements are limited to the evidence that was actually presented at trial (and inferences drawn from the evidence).

On the government's motion to instruct Bey that he cannot speak in the first person when commenting on evidence to the jury, to the extent that the motion

targets the opening statement and closing argument, the motion is denied. Bey need not speak about himself in the third person, which would be unnatural and difficult for Bey to manage, not to mention confusing to the jury. To be sure, as discussed above, Bey must stick to facts that he expects to prove (for opening statement) and to facts introduced during the trial (for closings). But if, for example, there is trial evidence that Bey signed a document, then he can say, "I signed the document." He need not couch the evidence as "Bey signed the document."

To the extent that the motion seeks to prevent Bey from testifying to the jury when he is conducting cross-examinations or direct examinations, as happened occasionally at the first trial, the motion is granted. In other words, Bey cannot turn to the jury and make a factual statement, divorced from any question to the witness.

**Elicit Bey's procedural plans for trial.** At the pretrial conference, the Court will discuss Bey's general plans about conducting the trial. Of course, the Court will not attempt to elicit confidential defense strategy; but the logistics of how long Bey plans to take for opening and closing arguments, what exhibits he wants to introduce (just as the government has disclosed its proposed exhibits), and what witnesses he might call are all fair game. Like the government, if Bey wants to introduce a new exhibit at trial due to some unexpected development, then he should ask permission from the Court.

At the pretrial conference, the Court will ask the parties' plans for the forfeiture determination (if Bey is convicted). The parties should come prepared to discuss whether they will agree to have the Court decide forfeiture at some later time, or if instead they want the jury to decide forfeiture. If the parties plan to have the jury decide forfeiture, then they must submit appropriate jury instructions by April 11, 2018.

**Preclude irrelevant evidence or argument; prevent Bey from instructing the jury.** The government generally seeks to bar Bey from making irrelevant arguments and attempting to instruct the jury. These motions anticipate that Bey might attempt to make some of the same arguments that he made in his previous trial (and that he has continued to make before this Court). Specifically, the government asks for the following:

- Bar evidence or argument regarding Bey's claimed exemption from the jurisdiction of the United States.
- Bar evidence related to the validity or constitutionality of the law.
- Rule that evidence or argument about Bey's beliefs about the law is immaterial to the good-faith defense and should be precluded.

All of these motions are granted for now. Bey's belief that he is immune from the jurisdiction of the United States and tax laws, and his belief that the laws of the United States are unconstitutional or otherwise invalid, have no legal merit. *See, e.g.*, *Bey v. State of Indiana*, 847 F.3d 559, 559-560 (7th Cir. 2017); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Just as importantly, they are irrelevant to the *jury*'s determination of the *facts* of this case and whether the facts support the charges.[1] The government contends that Bey violated the law by making false statements to the Internal Revenue Service on his tax returns. Bey's belief that he is exempt from the jurisdiction of the United States or that taxation is unconstitutional has nothing to do with the alleged false statements, and the jury does not decide the applicability of subject matter jurisdiction or constitutionality of laws.

It would be a different matter if Bey could offer evidence (probably based on his own testimony) of *facts* relevant to his intent to defraud the IRS. If, for example, Bey honestly but incorrectly believed the statements on his tax return, and that belief was somehow tied to his sovereign-citizen beliefs, that evidence could be relevant even though Bey's beliefs are legally incorrect. (In that scenario, the Court would issue a limiting instruction informing the jury that Bey's beliefs do not reflect the actual state of the law.) But Bey has not explained how any of his unconventional beliefs are relevant to the *factual* question of whether he knowingly lied to the IRS. The Court will discuss this in more depth at the pretrial conference, and Bey should be prepared to explain how, if at all, his sovereign-citizen beliefs are relevant to his intent to defraud (and how he could back up the connection with evidence at trial). If Bey cannot offer a permissible theory, then evidence about his beliefs must be excluded as irrelevant.

**Bar arguments encouraging jury nullification.** The government anticipates that Bey might attempt to make arguments encouraging the jury to disregard the law, or to reach a verdict of not guilty for reasons other than the evidence at trial. In particular, the government's motions are as follows:

- **Bar evidence that the IRS was negligent for not preventing the fraud from occurring.** The government argues that Bey should be precluded from arguing that the IRS was negligent for not catching on to Bey's alleged fraud before issuing $600,000 in refund checks. Bey argues in response that the fact that the IRS issued him refunds led him to believe that his behavior was legal. R. 162, Def. Resp. at 4-5. But the question in this case is not whether Bey believed his actions were *legal*. The question is whether Bey believed the statements he was making were *true*. *See, e.g.*, *United States v. Clarke*, 801

---

[1] Bey also argues that he is a "foreign national," meaning, according to Bey, that he does not need to pay taxes. Def. Opp. at 2. This argument is irrelevant because Bey is not accused of failing to pay taxes; he is accused of procuring tax refunds through fraud. Whether or not Bey is responsible for *paying* taxes is irrelevant to the charges in this case.

3

F.3d 824 ("[T]he government need not prove willfulness in a § 287 case."). So the issue of legality is irrelevant to Bey's guilt or innocence in this case. And, as the government points out, the IRS's supposed negligence is not relevant for any other reason: a victim's negligence or gullibility is not a defense to fraud. *See, e.g., United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) ("Those who are gullible, as well as those who are skeptical, are entitled to the protection of the mail fraud statute."); *Ward v. United States,* 845 F.2d 1459, 1462 (7th Cir. 1988). So any argument that the IRS's negligence is a legal defense to the charges is barred. That said, at the pretrial conference, the Court will ask Bey whether there is some other *factual* argument that he wishes to make based on the fact that the refunds were disbursed.

- **Bar argument or questioning about the motivation for investigating or prosecuting this case.** This motion is granted. The government's motive for bringing this case is completely irrelevant to the question of Bey's guilt or innocence.

- **Bar evidence or argument concerning allegations of government misconduct.** This motion is also granted. Bey offers no argument that any alleged government misconduct is relevant to this case, and the Court sees none either.

- **Bar arguments and evidence related to penalties faced by Bey.** This motion is granted. It is established beyond question that a jury ought to "reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975); *see also Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000); *United States v. Garrett*, 757 F.3d 560, 571 (7th Cir. 2014). "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Giving information about sentencing to the jury "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*.

    This means that Mr. Bey will *not* be allowed to discuss any sentencing consequences of conviction. This includes the possible forfeiture of his house and cars (unless and until the trial moves on to the forfeiture phase). And this prohibition extends to the sentence of imprisonment he already served after his previous trial. All of these consequences (and the fact that Bey already served some prison time) are irrelevant.

    **Preclude requests for or commentary regarding discovery in the presence of the jury.** The government asks that any requests for discovery or commentary regarding discovery take place outside the presence of the jury. This

4

motion is granted. There is no evidence in this case that the government has engaged in discovery misconduct. And even if a defendant believes there have been discovery problems, discovery disputes should be vetted outside the jury's presence.

**Preclude argument explaining or defining reasonable doubt.** The government moves to prevent the Court or the parties from attempting to define the phrase "reasonable doubt." This motion is granted. The Seventh Circuit strongly disfavors attempts to define reasonable doubt for the jury, because attempts to do so usually just muddy the waters. *See, e.g.*, *United States v. Bruce,* 109 F.3d 323, 329 (7th Cir. 1997); *United States v. Hanson,* 994 F.2d 403, 408 (7th Cir. 1993); *United States v. Langer,* 962 F.2d 592, 600 (7th Cir. 1992); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997); *see also* Seventh Circuit Criminal Pattern Jury Instruction, cmt. to Instruction 1.04 ("The Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the jury.").

It is worth clarifying for Bey that the jury *will* be instructed that the government must prove his guilt beyond a reasonable doubt, and that if the government does not do so, the jury must find Bey not guilty. The government's motion in limine only requests that no one attempt to specifically define what "reasonable doubt" means.

**Admit evidence of Bey's "spending sprees" as financial motive.** The government seeks to introduce evidence that Bey went on "spending sprees" after receiving his two IRS refunds. This evidence would show that Bey purchased eight cars and a house soon after receiving each IRS refund check. The government argues that these sprees tend to prove Bey's financial motive to commit the crime, and to show his personal participation in the charged offenses. The Court agrees, and grants the motion. This evidence is probative of motive to commit the crime, and also tends to prove that Bey was the person who sought and obtained the allegedly fraudulent refunds. *See United States v. Kwitek*, 467 F.2d 1222, 1225 (7th Cir. 1972) ("Expensive trips, gambling and other instances of free spending and high living may be pertinent in crimes involving a motive of enrichment."); *United States v. Ewings*, 936 F.2d 903, 906 (7th Cir. 1991) ("[T]he expenditure evidence was relevant to show that the defendant, rather than someone else, committed the fraud. Spending sprees, like other evidence of pecuniary gain, tend to show participation in crimes where financial enrichment is the motive."). The purchases are close enough in time to the refund disbursements to warrant a reasonable inference that the money came from the refunds.

Bey argues that this evidence should be inadmissible because the government cannot prove that the money for the sprees came from the tax refunds. But the government need not prove the foundation for the evidence (that it came from the refunds) with 100% certainty. Of course Bey may argue against the

5

inference that the government is proposing, but that only goes to the weight of the evidence, not its admissibility. *See United States v. Hogan*, 886 F.2d 1497, 1507 (7th Cir. 1989) ("Evidence that the money came from another source goes to the weight and not the admissibility of the evidence."). What's more, money is fungible, so it does not matter whether the exact dollars Bey used to allegedly purchase the house and cars came from the tax returns or some other source. What matters is that Bey allegedly received a sudden influx of money, and then immediately began to spend significant dollars, which does tend to prove involvement in fraud.

**Admit documents such as records of Bey's purchases and Bey's bank records as business records.** The government plans to offer evidence such as Bey's bank records and records from the car dealerships where Bey purchased vehicles. The Court will discuss the specific proposed exhibits at the pretrial conference, but it seems likely that most of these documents will be admissible under Federal Rule of Evidence 803(6) (which excepts records of regularly conducted activities from the general rule against hearsay). The government plans to authenticate these records by certification, as permitted by Federal Rules of Evidence 803(6)(D) and 902(11). Authentication by certification will probably be sufficient, but Rule 902(11) does contemplate that the opposing party may object to the certification. Bey should look over the government's proposed exhibits before the pretrial conference and consider whether he has questions about the authenticity of these documents, and, if so, what questions he would ask the custodians of the documents. If Mr. Bey does have legitimate questions, then the Court will consider ordering the government to produce the custodians as live witnesses.

The Court does note that, if Bey is arguing that introducing business records violates the Confrontation Clause of the Sixth Amendment, *see* Def. Resp. at 7, that argument is misplaced. The proposed records in this case do not comprise *testimonial* statements (that is, were not originally generated for the purposes of a prosecution), and so do not trigger the protections of the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 55 (2004) (noting that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records."); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation … because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.").

## II. Bey's Exhibits

Bey filed a number of documents on the docket and provided copies of these documents to the government. *See* R. 151, 156, 157, 160. It appears that these documents might be his proposed trial exhibits. *See* R. 157, Letter from AUSA. In

6

any event, the government objects to all of these documents on relevance and authenticity grounds, and argues that they are unduly confusing and prejudicial.

At first glance, it is hard to see how any of these documents—which include an IRS Form W-8 dated January 2018 (long after the events of this case), Bey's birth certificate, and something called "Restoration and Declaration of Standing"— are relevant to the facts at issue in this case. The documents appear to be directed towards proving that Bey is not a United States citizen, or that he is a "foreign national" not subject to tax laws, which, as discussed earlier are irrelevant arguments. But Bey is welcome to try to explain the relevance of the exhibits at the pretrial conference. Bey will also need to explain how he will establish that these documents are authentic.

### III. Bey's Motions

Bey has filed a few additional motions with the court. These are not directly related to the pretrial conference, but the Court addresses them here for the sake of clearing up any doubts before moving forward. These motions are labeled "Notice for an Identity Hearing" (R. 151); "Declaration Challenging Jurisdiction" (R. 161); and "Judicial Notice of Incapacity, Abuse, and Void Judgment" (R. 162). In these motions, Bey argues, among other things, that names spelled in capital letters are "fictitious names" that "exist to give the Courts jurisdiction," R. 161 ¶ 3; that the lead prosecutor has "assumed and stolen" Bey's identity, R. 151, Notice for Identity Hearing ¶¶ 1-7; that the Court lacks jurisdiction over Mr. Bey because he is not an "artificial person," R. 161 ¶ 12; that courtrooms displaying flags with gold fringes are military tribunals, R. 161 ¶ 15; and that the attorneys and the judge in this case have assumed titles of nobility in violation of the United States Constitution by taking the title "Esquire," R. 162, Judicial Notice at 1.

These arguments are without merit. *See Bey v. State of Indiana*, 847 F.3d at 560 (noting that the Seventh Circuit "has repeatedly rejected" sovereign-citizen tax arguments); *Benabe*, 654 F.3d 753 ("We have repeatedly rejected [ ] theories of individual sovereignty, immunity from prosecution, and their ilk."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding that defendant's proposed sovereign-citizen defense "has no conceivable validity in American law"); *United States v. Phillips*, 326 Fed. Appx. 400, 400 (dismissing sovereign-citizen

jurisdictional challenge as "frivolous"). Bey's motions (to the extent they seek discernable relief from the Court) are denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April, 6 2018