

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Hakeem El Bey | ) | Case Number: 14 CR 00447-1 |
| | ) | USM Number: 47442-424 |
| | ) | |
| | ) | Pro Se |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**
☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☒ was found guilty on count(s) 1-8 of the indictmentt after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 11/29/2010 | 1 & 2 |
| 18 U.S.C. § 287 | False, Fictitious or Fradualent Claims | Various | 3,4,5,6,7 & 8 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

July 24, 2018
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Edmond E. Chang - United States District Court Judge
Name and Title of Judge

July 30, 2018
Date

DEFENDANT: HAKEEM EL BEY
CASE NUMBER: 14 CR 00447-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Twenty-eight [28] months on Counts 1 through 8 of the indictment, all terms runing concurrently with one another. Time is considered served in light of the service of the same imprisonment term after the first trial and sentencing.

☒ The court makes the following recommendations to the Bureau of Prisons:
TIME CONSIDERED SERVED.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2:00 pm on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: HAKEEM EL BEY
CASE NUMBER: 14 CR 00447-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment**                    | **Fine** | **Restitution** |
|--------|-----------------------------------|----------|-----------------|
| Totals | $800.00 ($400 of which is unpaid) | $        | $600,000        |

☐ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Department of Treasury | $600.000 | $600,000 | |
| Internal Revenue Service | | | |
| MSC 6261 Restitution | | | |
| 333 W. Pershing Road | | | |
| Kansas City, MO 64108-4302 | | | |
| **Totals:** | 600,000 | 600,000 | |

☐ Restitution amount ordered pursuant to plea agreement $ ___

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to **18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the restitution.

    ☐ the interest requirement for the ___ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: HAKEEM EL BEY
CASE NUMBER: 14 CR 00447-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $600,800 due immediately from non-exempt assets, if any.

    ☐ balance due not later than    , or
    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     (e.g. weekly, monthly, quarterly) installments of $     over a period of     (e.g., months or years), to commence     (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal     (e.g. weekly, monthly, quarterly) installments of $     over a period of     (e.g., months or years), to commence     (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
Defendant to be credited for $400.00 for prior payments on the special assessments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: Preliminary Order of Forefeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 447 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| HAKEEM EL BEY | ) | |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On August 13, 2014, an indictment was returned charging defendant HAKEEM EL BEY with mail fraud, in violation of 18 U.S.C. ' 1341, among other violations. The indictment also sought a money judgment in the amount of $600,000 and forfeiture to the United States of certain property pursuant to 18 U.S.C. ' 981(a)(1)(C) and 28 U.S.C. ' 2461(c);

(b) Beginning on April 24, 2018, a jury trial was held before this Court. On April 26, 2018, the jury returned a verdict of guilty against defendant HAKEEM EL BEY on all counts of the indictment, thereby making certain property named in the indictment subject to forfeiture pursuant to 18 U.S.C. ' 981(a)(1)(C) and 28 U.S.C. ' 2461(c);

(c) Furthermore, on April 26, 2018, upon consideration of the forfeiture allegations in the indictment, the jury returned a special forfeiture verdict finding the following property subject to forfeiture pursuant to the provisions of 18 U.S.C. ' 981(a)(1)(C) and 28 U.S.C. ' 2461(c), which represents property that constitutes or was derived from proceeds traceable to the commission of the offense:

1. One Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN:

1G4GC5EG8AF300937; and

2. Real Property Located at 439 South Hoxie, Calumet City, Illinois, legally described as follows:

LOT 34 IN BLOCK 1 IN CALUMET CITY SUBDIVISION BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 29-12-231-004

(d) Federal Rule of Criminal Procedure 32.2(b)(2) directs that, following a finding that property is subject to forfeiture, the Court must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing forfeiture of any substitute property if the government has met the statutory criteria set forth in 21 U.S.C. § 853(p).

(e) The United States has requested that this Court enter a money judgment against defendant HAKEEM EL BEY in the amount of $600,000. This amount reflects the total proceeds traceable to the mail fraud offenses of conviction and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b), which authorize forfeiture in the form of a personal money judgment against defendant.

(f) The United States has further requested that this Court enter a preliminary order of forfeiture against defendant HAKEEM EL BEY as to the specific property that the jury found was subject to forfeiture. The specific property subject to forfeiture shall be forfeited in partial satisfaction of the money judgment.

(g) Pursuant to 21 U.S.C. § 853(m),(n) and Federal Rule of Criminal Procedure 32.2(b)(3), entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in

identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

(h) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6), the government must publish notice of the preliminary order of forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture. The government has represented that it is unaware of any third parties that have an interest in specific property subject to forfeiture.

(i) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), at sentencing—or at any time before sentencing if the defendant consents—the preliminary order of forfeiture becomes final as to the defendant.

(j) Pursuant to Federal Rule of Criminal Procedure 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, the court must hold an ancillary hearing to determine the status of any third party rights in the property. The preliminary order of forfeiture remains preliminary as to third parties until an ancillary proceeding can be conducted under Rule 32.2(c).

(k) Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant HAKEEM EL BEY and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That a judgment is entered against defendant HAKEEM EL BEY in the amount of $600,000.

2. IT IS FURTHER ORDERED THAT if by an act or omission on the part of defendant HAKEEM EL BEY, funds in the amount of $600,000 cannot be located to satisfy the

3

forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the United States has the authority to forfeit substitute assets up to the amount of the entered judgment amount to satisfy the money judgment entered by this Court. It is further ordered,

3. IT IS FURTHER ORDERED THAT should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States= intent to forfeit the property in satisfaction of the forfeiture money judgment according to law. It is further ordered,

4. IT IS FURTHER ORDERED THAT pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title and interest of defendant HAKEEM EL BEY in the following property is hereby forfeit to the United States of America for disposition according to law:

    a. One Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937; and

    b. Real Property Located at 439 South Hoxie, Calumet City, Illinois, legally described as follows:

        LOT 34 IN BLOCK 1 IN CALUMET CITY SUBDIVISION BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

        PIN: 29-12-231-004

6. IT IS FURTHER ORDERED THAT pursuant to the provisions of 21 U.S.C. ' 853(g), as incorporated by 28 U.S.C. ' 2461(c), upon entry of this preliminary order of forfeiture, the United States Treasury is ordered to seize and take custody of the foregoing property for disposition as the Attorney General may direct.

7. IT IS FURTHER ORDERED THAT pursuant to the provisions of 21 U.S.C. ' 853(n)(1), as incorporated by 28 U.S.C. ' 2461(c), upon entry of a preliminary of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government has represented that it is unaware, at this time, of anyone who qualifies for such notice.

8. IT IS FURTHER ORDERED THAT pursuant to the provisions of 21 U.S.C. ' 853(n)(2), as incorporated by 28 U.S.C. ' 2461(c), if following notice as directed by this Court, and 21 U.S.C. ' 853(n)(1), any person, other than the defendant, asserts an interest in property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph seven (7), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury.

9. IT IS FURTHER ORDERED THAT following the Court's disposition of all third party interests, the Court shall, upon the government=s motion, if appropriate, enter a final order of forfeiture as to the foregoing property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America.

10. IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Edmond E. Chang*

EDMOND E. CHANG
United States District Court

DATED: July 24, 2018