1        UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS
2             EASTERN DIVISION

3

4   UNITED STATES OF AMERICA,          )

5            Plaintiff,                 )

6   vs.                                 )    No. 14-CR-00447

                                        )
7   HAKEEM EL BEY,                      )    Chicago, Illinois
                                        )    January 29, 2018
8            Defendant.                 )    9:17 o'clock a.m.

9

10            TRANSCRIPT OF PROCEEDINGS - HEARING
         BEFORE THE HONORABLE JUDGE EDMOND E. CHANG
11

12  APPEARANCES:

13

14   For the Plaintiff:       UNITED STATES ATTORNEY'S OFFICE
                              MS. KATHRYN E. MALIZIA
15                            MR. CHRISTOPHER P. HOTALING
                              219 South Dearborn Street
16                            Chicago, Illinois 60604
                              312-353-5300
17                            kathryn.malizia@usdoj.gov
                              christopher.hotaling@usdoj.gov
18

19   For the Defendant:      MR. HAKEEM EL BEY
                              PRO SE
20                            1905 East 172nd Street
                              South Holland, Illinois 60473
21

     Standby counsel:        JENNER & BLOCK LLP
22                            MR. GABRIEL A. FUENTES
                              353 N. Clark Street
23                            Chicago, Illinois 60654
                              312-222-9350
24                            gfuentes@jenner.com

25

| | | |
|---|---|---|
| 1 | Court Reporter: | FEDERAL OFFICIAL COURT REPORTER |
| 2 | | MS. KRISTA BURGESON |
| | | 219 South Dearborn Street |
| 3 | | Chicago, Illinois 60604 |
| | | 312-435-5567 |
| 4 | | krista_burgeson@ilnd.uscourts.gov |

09:09:01

09:09:01  1           THE COURTROOM DEPUTY:  14 CR 447, USA versus Hakeem
09:09:12  2  El Bey.
09:17:35  3           MS. MALIZIA:  Good morning, Your Honor.  Kathryn
09:17:37  4  Malizia and Christopher Hotaling on behalf of the United
09:17:45  5  States.
09:17:45  6           MR. HOTALING:  Good morning, Your Honor.
09:17:48  7           MR. FUENTES:  Good morning, Judge.  Gabe Fuentes
09:17:50  8  here as a member of the trial bar responding to the Court's
09:17:53  9  order.
09:17:53  10           THE COURT:  Introduce yourself please.
09:17:55  11           DEFENDANT BEY:  Yes, good morning.  My name is Bey,
09:17:58  12  comma, Hakeem El, doing business as, Hakeem El Bey.
09:18:03  13           THE COURT:  Shall I address you as Mr. Bey or Mr. El
09:18:08  14  Bey?
09:18:08  15           DEFENDANT BEY:  Mr. Bey.
09:18:11  16           PRE-TRIAL SERVICES OFFICER:  Victor Alvarez from
09:18:14  17  Pre-Trial Services.
09:18:14  18           THE COURT:  Good morning to you as well.
09:18:15  19           Do we have the appellate attorney on the phone?
09:18:20  20           THE COURTROOM DEPUTY:  I'm sorry, Judge.
09:18:22  21           THE COURT:  Let's dial her in.
09:18:26  22           (Whereupon, a phone call was placed in open court.)
09:18:50  23           While we are waiting for her, Mr. El Bey -- sorry,
09:18:54  24  Mr. Bey, did you receive a copy of the motion that
09:18:57  25  Ms. Christiansen filed?

09:18:59　1　　　　　DEFENDANT BEY:  Oh, yeah, yeah.

09:19:00　2　　　　　THE COURT:  Okay.

09:19:02　3　　　　　MS. CHRISTIANSEN:  Hello.

09:19:03　4　　　　　THE COURT:  Ms. Christiansen, this is Judge Chang.

09:19:06　5　Could you state your appearance for the record, please.

09:19:06　6　　　　　MS. CHRISTIANSEN:  Johanna Christiansen with the

09:19:09　7　Federal Defender's Office, I guess appearing for Mr. El Bey at

09:19:11　8　this point.

09:19:11　9　　　　　THE COURT:  Right.

09:19:12　10　　　　And Mr. Bey is here, the AUSA's are here, we have

09:19:17　11　Mr. Fuentes from the trial bar and a representative from

09:19:22　12　Pre-Trial Services as well.

09:19:23　13　　　　MS. CHRISTIANSEN:  Okay.

09:19:25　14　　　　THE COURT:  So let's take care of this part first.

09:19:27　15　Ms. Christensen has moved to withdraw as the attorney because

09:19:30　16　she represented you in the appeal, which is what the Seventh

09:19:35　17　Circuit Court of Appeals appointed her for.

09:19:37　18　　　　Do you have any objection to her withdrawing her

09:19:40　19　appearance?

09:19:40　20　　　　DEFENDANT BEY:  None at all.

09:19:41　21　　　　THE COURT:  Okay, Ms. Christensen, thank you for

09:19:45　22　appearing telephonically.

09:19:47　23　　　　MS. CHRISTIANSEN:  Sure.

09:19:49　24　　　　THE COURT:  Your motion is granted and I am sure the

09:19:51　25　Seventh Circuit appreciates your service as always.

09:19:54  1      MS. CHRISTIANSEN:  Thank you, Judge.

09:19:55  2      THE COURT:  If you don't mind, we will drop you from

09:19:58  3  the hearing.

09:19:59  4      MS. CHRISTIANSEN:  That is fine.

09:20:00  5      Thank you.

09:20:00  6      THE COURT:  Okay.

09:20:04  7      So then I am going to ask the government a question

09:20:07  8  first, and then we can try to take care of the other issues

09:20:10  9  going forward:

09:20:11  10     Are you still moving forward with the prosecution?

09:20:13  11     MS. MALIZIA:  Yes, Your Honor.

09:20:15  12     THE COURT:  And then can I ask, the forfeited

09:20:17  13 properties, what has happened to the house and the car?

09:20:21  14     MS. MALIZIA:  It is my understanding that they have

09:20:23  15 been forfeited pursuant to the order of the Court below, and

09:20:27  16 they are in our -- they are in the government's possession.

09:20:30  17 They haven't been auctioned, they haven't been resold.  I

09:20:35  18 believe IRS still has custody of both the house and the cars.

09:20:39  19     THE COURT:  Okay.

09:20:40  20     So please do insure that they are not auctioned off

09:20:45  21 during the pendency of the prosecution because with the

09:20:49  22 vacature, the fact that the conviction was vacated, with the

09:20:54  23 vacature of the conviction, there really is no forfeiture of

09:20:58  24 the properties at this point.

09:20:59  25     MS. MALIZIA:  Correct.

6

| | | |
|---|---|---|
| 09:21:00 | 1 | THE COURT:  Okay. |
| 09:21:07 | 2 | Make sure the IRS puts a hold on that. |
| 09:21:10 | 3 | Then the next question is, Mr. Bey, given that the |
| 09:21:14 | 4 | government does want to move forward, do you want me to |
| 09:21:19 | 5 | appoint a lawyer for you or not? |
| 09:21:24 | 6 | DEFENDANT BEY:  No. |
| 09:21:25 | 7 | THE COURT:  All right. |
| 09:21:26 | 8 | I understand that you represented yourself during the |
| 09:21:31 | 9 | first trial and proceeding.  And Mr. Fuentes here was good |
| 09:21:36 | 10 | enough to be the standby counsel, although I think there might |
| 09:21:41 | 11 | have been a different label used at a different time, a good |
| 09:21:45 | 12 | label rather than a bad label, something like amicus. |
| 09:21:51 | 13 | But in any event, if you want to represent yourself |
| 09:21:53 | 14 | again, and it sounds like you do, right? |
| 09:21:55 | 15 | DEFENDANT BEY:  I do, Your Honor. |
| 09:21:56 | 16 | THE COURT:  Okay. |
| 09:21:59 | 17 | Then let me make sure -- I will go through again what |
| 09:22:02 | 18 | we call a colloquy, it's just a question and answer, where I |
| 09:22:05 | 19 | want to satisfy myself, as the previous judge did, that you |
| 09:22:09 | 20 | should represent yourself, and I say should in the sense that |
| 09:22:16 | 21 | of course defendants do generally have a right to represent |
| 09:22:19 | 22 | themselves, but I have to make sure you have certain warnings, |
| 09:22:22 | 23 | and that I think that you can at least somewhat competently |
| 09:22:26 | 24 | represent yourself. |
| 09:22:27 | 25 | Okay? |

09:22:28    1         DEFENDANT BEY:  Yes, sir.

09:22:29    2         THE COURT:  So this will be familiar to you because I

09:22:32    3   assume you did this the first time, but let's just go through

09:22:36    4   it again.

09:22:37    5         DEFENDANT BEY:  Yes.

09:22:37    6         Okay, okay.

09:22:38    7         THE COURT:  Number one, I do need to warn you, it is

09:22:42    8   normally very, very unwise for a nonlawyer to represent him or

09:22:46    9   herself.  You don't typically know the statutory law and the

09:22:57   10   rules, like the rules of criminal procedure, the Rules of

09:23:02   11   Evidence, as well as case law, like the decisions of courts,

09:23:09   12   and it is often very difficult for a nonlawyer to even

09:23:12   13   research through those, okay?  As good as some online services

09:23:20   14   are, if you don't have access to some of the legal tools that

09:23:26   15   some of the lawyers have access to, you are at a really

09:23:29   16   serious disadvantage.

09:23:31   17         So do you first understand how difficult it is for

09:23:36   18   nonlawyers to even access and find out the law?

09:23:42   19         DEFENDANT BEY:  Yes.

09:23:42   20         THE COURT:  You understand that?

09:23:44   21         DEFENDANT BEY:  I understand.

09:23:44   22         THE COURT:  I read your trial transcript, so I think

09:23:47   23   you might have experienced some of that during the trial

09:23:50   24   itself when you were trying to get exhibits into evidence, for

09:23:57   25   example.

09:23:57  1          So even having gone through that first trial and the

09:24:01  2   difficulties there, Mr. Bey, you still would want to represent

09:24:04  3   yourself?

09:24:04  4          DEFENDANT BEY:  Oh, yes, sir.

09:24:06  5          THE COURT:  And I am just making a record, I'm not

09:24:09  6   doubting you wanting to do this, I just have to make sure I

09:24:12  7   have a complete record.

09:24:14  8          DEFENDANT BEY:  Okay.

09:24:14  9          THE COURT:  So besides just researching the law and

09:24:17  10  finding out what the law is, there is also strategy decisions

09:24:21  11  that lawyers are better at because they have experience with

09:24:26  12  the legal system.  And so that is another disadvantage that

09:24:32  13  nonlawyers suffer under.  Like you don't have the strategy.

09:24:39  14  Even if you know the law, do you know what strategy to use

09:24:43  15  during a trial or to defend a case.

09:24:46  16         So do you understand that strategy is also another

09:24:48  17  disadvantage that you are going to be suffering under?

09:24:51  18         DEFENDANT BEY:  Um, yes.  I had 28 months to

09:24:57  19  strategize and remember what I went through.

09:25:07  20         THE COURT:  What is your education level, Mr. Bey?

09:25:10  21         DEFENDANT BEY:  I did not get my degree.  I'm just

09:25:12  22  about 13 hours from my bachelor's.

09:25:15  23         THE COURT:  So obviously you have a high school

09:25:17  24  degree?

09:25:19  25         DEFENDANT BEY:  Yes.  Oh, yes.

09:25:22  1          THE COURT:  And you got that here in the Chicago

09:25:22  2   area?

09:25:26  3          DEFENDANT BEY:  I did.

09:25:26  4          THE COURT:  Okay.  You say you're about 13 hours --

09:25:29  5          DEFENDANT BEY:  From my bachelor's.  I was going to

09:25:30  6   be an engineer, but the postal service called me for my

09:25:35  7   services so I never finished.  And I have been with them for

09:25:38  8   34 years.

09:25:40  9          THE COURT:  So then you obviously held down

09:25:43  10  employment a long time at the postal service.

09:25:46  11         DEFENDANT BEY:  Yes, sir.

09:25:47  12         THE COURT:  And I ask that because being able to hold

09:25:49  13  down a job for is some indication of intelligence.

09:25:53  14         DEFENDANT BEY:  Yes.

09:25:54  15         THE COURT:  And so you were there for over three

09:25:56  16  decades?

09:25:58  17         DEFENDANT BEY:  Yes, sir.

09:25:58  18         THE COURT:  And that was a full-time job?

09:26:01  19         DEFENDANT BEY:  Yes, sir.

09:26:03  20         THE COURT:  All right.

09:26:05  21         Part of this colloquy too is just to get an

09:26:09  22  understanding, again, of what the maximum penalties are in a

09:26:13  23  case.

09:26:14  24         So why don't I ask the government to say what its

09:26:18  25  position would be in terms of what are the maximum penalties

09:26:23 1    that Mr. Bey would face?

09:26:27 2            MS. MALIZIA:  Your Honor, off the top of my head, I

09:26:29 3    believe that the maximum penalty per count of the indictment

09:26:31 4    was 20 years.  There was no mandatory minimum.

09:26:38 5            And --

09:26:39 6            THE COURT:  So on the mail fraud count.

09:26:42 7            MS. MALIZIA:  And supervised release term of up to --

09:26:46 8            MR. HOTALING:  3 years.

09:26:47 9            MS. MALIZIA:  3 years.

09:26:48 10           And a maximum fine of to $250,000 per count.

09:27:00 11           THE COURT:  Mr. Bey, you understand what's at stake.

09:27:01 12   Obviously you served a 28-month imprisonment sentence.

09:27:06 13           DEFENDANT BEY:  I did.

09:27:07 14           THE COURT:  But the maximum penalties for the crimes

09:27:09 15   you were charged with, the mail fraud counts, which I think

09:27:11 16   there were --

09:27:14 17           DEFENDANT BEY:  Two.

09:27:15 18           THE COURT:  Two.

09:27:16 19           MS. MALIZIA:  (Continuing) -- two of those, and four

09:27:18 20   false claims counts, Your Honor.

09:27:20 21           THE COURT:  Right.

09:27:20 22           So two mail fraud counts and those have 20-year

09:27:25 23   maximum terms of imprisonment, supervised release of up to 3

09:27:29 24   years, and a fine of either $250,000 or twice the gain or

09:27:35 25   twice the loss, and then restitution would be required as

09:27:38   1   well.  And in theory, those can be stacked on top of each
09:27:42   2   other, so this is like 20 years plus 20 years.
09:27:45   3         And then there were it looks like 6 false claim
09:27:55   4   counts, under 18 U.S.C. 287 and the maximum penalties for
09:28:01   5   287 -- yes, it is five years' imprisonment, and same thing
09:28:04   6   with the supervised release term of three years, and same
09:28:10   7   potential fine and restitution as well.
09:28:13   8         So you understand those are the maximum penalties
09:28:16   9   that you would face?
09:28:17  10         DEFENDANT BEY:  Yes, sir.
09:28:18  11         THE COURT:  Now, the other thing I want to make sure
09:28:21  12   you understand, because of the situation that your convictions
09:28:25  13   were reversed on appeal and they have come back.
09:28:28  14         It is generally true that after a new trial is
09:28:31  15   ordered, if a sentence -- and if you were to be convicted
09:28:35  16   again, if a sentence is greater after a new trial than -- and
09:28:44  17   after an appeal, than what was imposed a first time, there is
09:28:48  18   a doctrine in the law called judicial vindictiveness.  It is a
09:28:54  19   pretty strict name there, but what it means is that there is a
09:28:58  20   presumption, in other words, the Court of Appeals from that
09:29:03  21   point on presumed that the sentence should not be higher than
09:29:09  22   what was received the first time.  Okay.  That's the general
09:29:10  23   principle.  However, there are exceptions to that general
09:29:12  24   principle.
09:29:14  25         And as I said, it is just a general principle, and

| | |
|---|---|
| 09:29:17 | 1 |
| 09:29:23 | 2 |

one exception arguably is if it is a new judge, and obviously it is a different judge the second time around.

So I do want to make sure you understand that whether it is because I am a different Judge from the first one or if there have been events after your first sentencing, and I don't know if there have been, but the point is, I want to make sure you understand that you might face, you might get, a higher sentence if you are convicted again.

Do you understand that?

DEFENDANT BEY:  I do.

THE COURT:  All right.

So understanding all these risks, do you still want to represent yourself?

DEFENDANT BEY:  I do.

THE COURT:  Does the government want to add anything as to the colloquy?

MR. HOTALING:  Judge, the only thing I would again mention, and I think you might have touched on this, but again, that the same principles apply to lawyers.  The rules of evidence apply, rules of criminal procedure apply.  I know that you had asked about whether or not he had general awareness, but again, making sure he understands that those principles will apply to whatever trial will happen in the future.

THE COURT:  Yes, that is fair.

09:30:35  1        Mr. Bey, just like the first time around, even though
09:30:41  2  you are representing yourself, you would be required to follow
09:30:43  3  all of the statutes, all of the rules, all of the case law
09:30:47  4  decisions that a lawyer would be required to as well.  Do you
09:30:50  5  understand that?
09:30:51  6        DEFENDANT BEY:  Yes, sir.
09:30:58  7        THE COURT:  All right.
09:30:59  8        I do think then that Mr. Bey ought to be permitted to
09:31:04  9  exercise his right to represent himself.
09:31:07  10       Looking over the docket, it looks like you tried to
09:31:10  11 file motions in advance of the trial, in other words, motions
09:31:14  12 in limine, even if the labels were maybe unorthodox.  He has
09:31:20  13 now been through an entire trial, so in some sense you have a
09:31:23  14 better grasp of what a trial is like than a lot of nonlawyers
09:31:30  15 would, and certainly more than you did the first time around.
09:31:36  16 And the previously assigned judge did try to explain jury
09:31:41  17 selection, for example, and the other phases of the trial.  I
09:31:46  18 think he might have explained cross examination a little bit
09:31:50  19 after you started the first one.
09:31:55  20       But Mr. Bey has been through a trial already, he
09:31:59  21 obviously is not shy about asserting his rights.  When I read
09:32:06  22 through the trial transcript, he objected to a late witness
09:32:09  23 disclosure.  He elicited on cross a couple of points from the
09:32:13  24 IRS agent on how likely it would be for the IRS to make a
09:32:19  25 mistake and issue refunds in those amounts.

| | |
|---|---|
| 09:32:23 | 1 |
| 09:32:28 | 2 |
| 09:32:38 | 3 |
| 09:32:42 | 4 |
| 09:32:42 | 5 |
| 09:32:45 | 6 |
| 09:32:49 | 7 |
| 09:32:55 | 8 |
| 09:32:55 | 9 |
| 09:32:59 | 10 |
| 09:33:03 | 11 |
| 09:33:07 | 12 |
| 09:33:10 | 13 |
| 09:33:15 | 14 |
| 09:33:24 | 15 |
| 09:33:29 | 16 |
| 09:33:32 | 17 |
| 09:33:38 | 18 |
| 09:33:44 | 19 |
| 09:33:47 | 20 |
| 09:33:55 | 21 |
| 09:33:56 | 22 |
| 09:34:03 | 23 |
| 09:34:07 | 24 |
| 09:34:12 | 25 |

So while I think my general warning remains true that it is much, much harder for a nonlawyer to represent himself, in this instance I do find Mr. Bey competent to represent himself.

Okay.  So now we have that in the books.

The next question is obviously the previously assigned judge had requested Mr. Fuentes to help out by being standby counsel.

What is your position on -- and of course I will ask Mr. Fuentes his position as well, but what is your position as to whether there ought to be a standby counsel?

DEFENDANT BEY:  I -- I don't really need one, but if I had to have one, I would want this young man beside me.

THE COURT:  All right.

I appreciate your -- you say you don't really need one, and having reviewed the trial transcript, I do think you would benefit from one, and this is the kind of situation where I can override your decision.  Obviously as long as all the other circumstances point one way, I can't override your decision to represent yourself, but I can have a standby counsel ready to assist.

I do think things would work differently this second time around.  I would allow standby counsel to sit at counsel table, and hopefully there wouldn't be as much, let's say, tension at side bars, he would have to stand there so he could

| | | |
|---|---|---|
| 09:34:16 | 1 | listen and advise you, but the thing is, he would be an |
| 09:34:22 | 2 | available resource for you. |
| 09:34:22 | 3 | Also, I think standby counsel might be able to help |
| 09:34:25 | 4 | with exhibits more, because I think you really struggled with |
| 09:34:29 | 5 | exhibits last time. |
| 09:34:31 | 6 | So I am going to recruit a standby counsel for you. |
| 09:34:35 | 7 | But now the moment of truth: |
| 09:34:38 | 8 | Mr. Fuentes, and it is up to you, because you have |
| 09:34:41 | 9 | provided, and your firm too, has provided an enormous service |
| 09:34:48 | 10 | to the Court, in many pro bono matters, including this one, of |
| 09:34:53 | 11 | course. |
| 09:34:53 | 12 | So please, with a clean conscious, answer however you |
| 09:34:57 | 13 | like. Will you serve as standby counsel in this case? |
| 09:35:01 | 14 | MR. FUENTES: Judge, I think -- as I interpret the |
| 09:35:06 | 15 | Court's remarks as recruiting someone, the Court would like me |
| 09:35:10 | 16 | and our firm to do this again, serve as standby counsel. And |
| 09:35:14 | 17 | I would like, if I could, to take it under advisement and |
| 09:35:18 | 18 | speak with my partners and management about whether the firm |
| 09:35:21 | 19 | wants me to do that, whether I want to do it. |
| 09:35:25 | 20 | If the Court please. |
| 09:35:27 | 21 | THE COURT: Okay. I think that is reasonable, don't |
| 09:35:30 | 22 | you think, Mr. Bey? |
| 09:35:31 | 23 | DEFENDANT BEY: Yes, sir. |
| 09:35:32 | 24 | THE COURT: Give him some time and his law firm to |
| 09:35:36 | 25 | think about it. |

09:35:36  **1**          DEFENDANT BEY:  Okay.

09:35:36  **2**          THE COURT:  And I will set a schedule to accommodate

09:35:40  **3**  that, to accommodate that in a moment.

09:35:47  **4**          I think the next thing we should address is the

09:35:50  **5**  pre-trial release conditions.

09:35:52  **6**          You remember the first time around, obviously for

09:35:59  **7**  most of the prosecution you were on pre-trial release.

09:36:00  **8**          And those conditions -- let's see, let me just make

09:36:05  **9**  sure here, we should go through them again.  And I am just

09:36:24  **10**  going to look up the old order.

09:36:34  **11**          THE COURTROOM DEPUTY:  Judge, did you find it?  It is

09:36:37  **12**  document Number 9.

09:36:39  **13**          THE COURT:  Okay.  Thank you.

09:36:44  **14**          Now, I will go over these in a moment, but Mr. Bey,

09:36:47  **15**  do you have any -- and maybe you don't remember them, but do

09:36:51  **16**  you have any objections to them?

09:36:55  **17**          DEFENDANT BEY:  You mean the way that my pre-trial

09:36:58  **18**  was set up last time?

09:37:00  **19**          THE COURT:  Yes.

09:37:00  **20**          DEFENDANT BEY:  No, I didn't have any objection to

09:37:02  **21**  it.

09:37:02  **22**          THE COURT:  Let me go through them and you can object

09:37:05  **23**  if you have a problem with it.

09:37:07  **24**          Does the government have any other conditions other

09:37:10  **25**  than the ones that have been proposed before?

09:37:12  1        MS. MALIZIA:  No, Your Honor.

09:37:14  2        THE COURT:  All right.

09:37:15  3        So let me go through these and then, Mr. Bey, you can

09:37:19  4    raise your hand if you think you have a problem with one of

09:37:22  5    these.

09:37:22  6        All right?

09:37:22  7        DEFENDANT BEY:  Okay.

09:37:23  8        THE COURT:  And they can be found on the docket at

09:37:26  9    entry Number 9, as Ms. Brooks pointed out.

09:37:30  10       First, you may not violate any federal, state, or

09:37:33  11   local law while on release.

09:37:36  12       You must cooperate in the collection of a DNA sample

09:37:44  13   if it's authorized by law.  That might have already been done.

09:37:44  14       You have to advise the Court or the pre-trial

09:37:44  15   services office --

09:37:45  16       Will you be the supervising officer?

09:37:48  17       PRE-TRIAL SERVICES OFFICER:  I am not sure right now.

09:37:50  18       THE COURT:  So you are just representing the office

09:37:52  19   for now.

09:37:52  20       PRE-TRIAL SERVICES OFFICER:  Correct.

09:37:53  21       THE COURT:  Okay.

09:37:55  22       So pre-trial will tell you who your supervising

09:37:57  23   officer is, all right?  But you have to advise that Pre-Trial

09:38:02  24   Services officer in writing before making any change of

09:38:05  25   residence or telephone number.

09:38:07   1         And where are you at now?  Where are you living at

09:38:10   2   now?

09:38:11   3         DEFENDANT BEY:  In South Holland.

09:38:12   4         THE COURT:  In South Holland?

09:38:14   5         DEFENDANT BEY:  Yes, sir.

09:38:14   6         THE COURT:  Are you living with a family member?

09:38:17   7         DEFENDANT BEY:  Yes.

09:38:17   8         THE COURT:  Who is that?

09:38:18   9         DEFENDANT BEY:  My sister.

09:38:20   10         THE COURT:  Okay.

09:38:24   11         Is pre-trial aware of that, the address?

09:38:27   12         PRE-TRIAL SERVICES OFFICER:  We had some knowledge of

09:38:29   13   it, Your Honor.

09:38:30   14         THE COURT:  When this hearing ends today, before you

09:38:34   15   leave, just in the hallway, tell pre-trial exactly the address

09:38:38   16   and telephone number, all right?

09:38:40   17         DEFENDANT BEY:  It is no problem.

09:38:41   18         THE COURT:  Okay.

09:38:42   19         You have to appear in court as required.  And if you

09:38:44   20   are convicted again, and if you are sentenced again, you do

09:38:48   21   have to surrender as directed to serve any sentence that is

09:38:52   22   imposed.

09:38:53   23         You have to appear at the next status hearing, which

09:38:57   24   I will set in a minute.

09:38:59   25         You already signed an appearance bond the first time,

09:39:02  **1** and so we will reinstate that. That appearance bond, let's

09:39:08  **2** see, how much was that for? Probably $4500.

09:39:12  **3** THE COURTROOM DEPUTY: Yes.

09:39:17  **4** THE COURT: Yes, it was $4500, which means you don't

09:39:20  **5** have to put up any property, but if you don't follow the

09:39:24  **6** conditions of release, then you could end up owing the

09:39:27  **7** government $4500.

09:39:28  **8** Do you understand that?

09:39:29  **9** DEFENDANT BEY: Yes, sir.

09:39:30  **10** THE COURT: Next, you do have to submit to the

09:39:33  **11** supervision and report for supervision to Pre-Trial Services

09:39:33  **12** as directed.

09:39:36  **13** You must not obtain a passport or other international

09:39:42  **14** travel document --

09:39:42  **15** Do you have a passport?

09:39:44  **16** DEFENDANT BEY: I don't.

09:39:45  **17** THE COURT: You have to stay within the Northern

09:39:48  **18** District of Illinois, that is basically the northern third of

09:39:53  **19** Illinois, and Pre-Trial Services can give you a map of all the

09:39:56  **20** counties if you need one.

09:39:57  **21** You can't possess a firearm, destructive device or

09:40:02  **22** other weapon.

09:40:02  **23** Is there a firearm at the residence?

09:40:04  **24** DEFENDANT BEY: No.

09:40:05  **25** THE COURT: You must not use alcohol excessively.

09:40:09  1          You must not use or unlawfully possess a narcotic,

09:40:12  2  drug, or other controlled substance unless prescribed by a

09:40:16  3  licensed medical practitioner.

09:40:19  4          So that is it.

09:40:20  5          Do you have any objections to those, Mr. Bey?

09:40:22  6          DEFENDANT BEY:  None at all.

09:40:24  7          THE COURT:  I will reinstate that.  You don't have to

09:40:27  8  resign the order.  The pre-trial release conditions are

09:40:32  9  reinstated.

09:40:34  10         My next question is:  Do you still have all the

09:40:38  11  discovery and paperwork and all of that you had in the case?

09:40:41  12  Or is that gone?

09:40:42  13         DEFENDANT BEY:  No, no.

09:40:44  14         I don't have it.

09:40:45  15         THE COURT:  Okay.

09:40:46  16         So I would like the government to reproduce all of

09:40:49  17  the discovery in the case.  And you know what might be

09:40:57  18  helpful, is also -- and I assume you had this for the appeal,

09:41:00  19  is also all the trial exhibits --

09:41:05  20         MS. MALIZIA:  Yes, Your Honor.

09:41:06  21         THE COURT:  Then Mr. Bey will have those as well.

09:41:14  22         Let's see, is it easier for you to get them in paper

09:41:18  23  or electronic, like on a thumb drive?

09:41:22  24         DEFENDANT BEY:  I would prefer paper, then I can see

09:41:26  25  it and read it and take my time to get a thorough

09:41:29  1    understanding.

09:41:30  2              THE COURT:  Okay.

09:41:31  3              It is a paper version for now.

09:41:36  4              If -- actually, when recruited counsel is on the

09:41:40  5    case, whether it is Mr. Fuentes or someone else, I will ask

09:41:46  6    you to produce it electronically as well to the standby

09:41:50  7    counsel.

09:41:50  8              MS. MALIZIA:  We will produce it in both formats.

09:41:55  9              THE COURT:  Okay.

09:41:56  10             And when can you get that done?

09:41:58  11             MS. MALIZIA:  Your Honor, I would think within the

09:42:00  12   next week.

09:42:01  13             THE COURT:  February -- we will just say February 8th

09:42:04  14   to reproduce in paper form the discovery and trial exhibits.

09:42:11  15             Mr. Fuentes, do you still have the discovery in

09:42:16  16   electronic form?

09:42:19  17             MR. FUENTES:  I think we probably do, Judge, but I

09:42:19  18   have not looked into it or asked anyone.

09:42:21  19             THE COURT:  How long do you think you need to make a

09:42:23  20   decision?

09:42:25  21             MR. FUENTES:  Not very long, Judge.  Between now and

09:42:26  22   the next status, or sooner if the Court would like.

09:42:30  23             THE COURT:  I think what I was going to shoot for was

09:42:33  24   the week of February 12th, status.  Is that enough time?

09:42:36  25             MR. FUENTES:  Plenty of time.

09:42:38　1　　　　　　　THE COURT:　So let's set a status for the week of

09:42:41　2　February 12th.

09:42:42　3　　　　　　　DEFENDANT BEY:　A status hearing for February 12th?

09:42:44　4　　　　　　　THE COURT:　We will give you a date and time and tell

09:42:48　5　us if it works or not.

09:42:49　6　　　　　　　THE COURTROOM DEPUTY:　February 13th at 10:45.

09:42:52　7　　　　　　　DEFENDANT BEY:　What day is that on?

09:42:54　8　　　　　　　THE COURTROOM DEPUTY:　That is a Wednesday.

09:42:55　9　　　　　　　MR. HOTALING:　February 13th is a Tuesday.

09:42:57　10　　　　　　THE COURTROOM DEPUTY:　I'm sorry, a Tuesday, at

09:43:01　11　10:45.

09:43:01　12　　　　　　DEFENDANT BEY:　That is good.

09:43:02　13　　　　　　THE COURT:　Okay.

09:43:03　14　　　　　　Now do you, Mr. Bey, have any objection to excluding

09:43:07　15　time under the Speedy Trial Act?　And what that means, and I

09:43:10　16　don't know if you remember this from the first time around,

09:43:15　17　but there is a law that says ordinarily from the date of the

09:43:19　18　arraignment, which is the first appearance after the

09:43:22　19　indictment, but since this is after the appeal, the trial

09:43:25　20　would normally have to start within 70 days.

09:43:27　21　　　　　　DEFENDANT BEY:　That is fine.

09:43:28　22　　　　　　THE COURT:　Let me just finish explaining the law.

09:43:31　23　　　　　　DEFENDANT BEY:　Okay.

09:43:32　24　　　　　　THE COURT:　But that 70-day clock can -- without

09:43:37　25　using legalese, you can stop the clock, all right, for reasons

09:43:42   1   like getting discovery to you again so that you can look at it
09:43:48   2   again, and trial preparation, and so on.
09:43:53   3          So when I say that time is excluded from that 70-day
09:43:58   4   clock, I mean we will not let time tick off of that 70 days.
09:44:03   5   And you can object if you want the clock to start ticking.
09:44:07   6          So I guess the first question is, do you object to
09:44:10   7   stopping the clock until the February 13th date?
09:44:13   8          DEFENDANT BEY:  No.
09:44:14   9          THE COURT:  Okay.
09:44:15   10         So we will exclude time through February 13th to
09:44:18   11  allow the discovery to be reproduced to you, and you can start
09:44:22   12  looking at it again.
09:44:23   13         DEFENDANT BEY:  Okay.
09:44:23   14         THE COURT:  Now on February 13th, what I would
09:44:26   15  anticipate is -- and it would help, I suppose, if you could
09:44:30   16  file, Mr. Fuentes, on the docket, whenever you have decided,
09:44:34   17  in advance of the 13th, whether it is a yes or no, okay?
09:44:39   18  Because if it is a no, I think I will try to get some other
09:44:43   19  attorney here on the 13th, all right?
09:44:45   20         MR. FUENTES:  Fine, Judge.
09:44:46   21         THE COURT:  Then what I would anticipate doing on the
09:44:49   22  13th is set the trial schedule, okay?
09:44:52   23         DEFENDANT BEY:  (Nodding head.)
09:44:53   24         MR. HOTALING:  (Nodding head.)
09:44:54   25         THE COURT:  I am getting nods for the record.

09:44:56  1        And what I would want to do is I would want to have

09:45:00  2  another Pre-Trial Conference.

09:45:02  3        DEFENDANT BEY:  Okay.

09:45:04  4        THE COURT:  I am not saying it is a complete clean

09:45:10  5  slate, but I do want to do things according to the way I

09:45:14  6  usually do them.

09:45:15  7        DEFENDANT BEY:  I can ask you now, I have new

09:45:18  8  discovery so I can file those, right?

09:45:21  9        THE COURT:  What you can do is if it is discovery,

09:45:27  10  and this is the exact kind of thing you would want to talk to

09:45:31  11  standby counsel about, because certain kinds of discovery the

09:45:37  12  defendant is obligated to turn over before a trial, for

09:45:41  13  example --

09:45:41  14        DEFENDANT BEY:  I will -- that is why we are having

09:45:44  15  the hearings, right?

09:45:45  16        THE COURT:  Right.

09:45:46  17        DEFENDANT BEY:  Okay, okay.

09:45:48  18        THE COURT:  I am saying is that certain kinds of

09:45:51  19  discovery would you have a duty to turn over before trial.

09:45:54  20        For example, if you asked the government to disclose

09:45:56  21  who their experts are going to be, and a summary of their

09:46:00  22  experts, you would have to do the same before trial.

09:46:02  23        DEFENDANT BEY:  Okay.

09:46:03  24        THE COURT:  There is certain evidence that -- and it

09:46:07  25  usually has to do with cross examination of witnesses that you

09:46:13   1   are entitled to hold back, just like the government is

09:46:17   2   entitled to hold back, under a particular rule of evidence,

09:46:21   3   608(b). But it's -- all I can tell you is that is the kind of

09:46:28   4   thing you would want to confer with your standby counsel on.

09:46:32   5        Okay?

09:46:32   6        DEFENDANT BEY:  Okay.

09:46:33   7        THE COURT:  So we will set the schedule going forward

09:46:36   8   on February 13, and if you want to get a head start, you can

09:46:43   9   look at my online site on the District Court, there is a

09:46:48   10  criminal pre-trial procedures link, and you can start reading

09:46:51   11  through that about the kinds of things you need to prepare.

09:46:55   12       All right?

09:46:55   13       DEFENDANT BEY:  Okay.

09:46:56   14       THE COURT:  Do you have any other questions, Mr. Bey?

09:46:59   15       DEFENDANT BEY:  Not right now.

09:47:00   16       THE COURT:  Anything else for the government?

09:47:01   17       MS. MALIZIA:  No, Judge.

09:47:03   18       THE COURT:  Mr. Fuentes?

09:47:05   19       MR. FUENTES:  No, Judge.

09:47:08   20       THE COURT:  Pre-trial?

09:47:09   21       PRE-TRIAL SERVICES OFFICER:  No, Your Honor.

09:47:10   22       Thank you.

09:47:11   23       THE COURT:  All right.

09:47:12   24       That is it for now.

09:47:13   25       Thank you.

1
2      (Proceedings concluded.)
3
4
5
6                C E R T I F I C A T E
7
8
9          I certify that the foregoing is a correct transcript
10    from the record of proceedings in the above-entitled matter.
11
12    /s/Krista Burgeson, CSR, RMR, CRR      January 21, 2019
      Federal Official Court Reporter       Date
13
14
15
16
17
18
19
20
21
22
23
24
25