**1**

1
2
3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

4    UNITED STATES OF AMERICA,                    )

5              Plaintiff,                          )
                                                   )
6    vs.                                           )    No. 14-CR-00447
                                                   )
7    HAKEEM EL BEY,                                )    Chicago, Illinois
                                                   )    February 13, 2018
8              Defendant.                          )    11:00 o'clock a.m.

9

10                   TRANSCRIPT OF PROCEEDINGS - HEARING
              BEFORE THE HONORABLE JUDGE EDMOND E. CHANG
11

12   APPEARANCES:

13

14   For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                                MS. KATHRYN E. MALIZIA
15                              MR. CHRISTOPHER P. HOTALING
                                219 South Dearborn Street
16                              Chicago, Illinois 60604
                                312-353-5300
17                              kathryn.malizia@usdoj.gov
                                christopher.hotaling@usdoj.gov
18

19   For the Defendant:        MR. HAKEEM EL BEY
                                PRO SE
20                              1905 East 172nd Street
                                South Holland, Illinois 60473
21
     Standby counsel:          JENNER & BLOCK LLP
22                              MR. GABRIEL A. FUENTES
                                353 N. Clark Street
23                              Chicago, Illinois 60654
                                312-222-9350
24                              gfuentes@jenner.com

25

**2**

| | |
|---|---|
| 1 | Court Reporter:           FEDERAL OFFICIAL COURT REPORTER |
| | MS. KRISTA BURGESON |
| 2 | 219 South Dearborn Street |
| | Chicago, Illinois 60604 |
| 3 | 312-435-5567 |
| | krista_burgeson@ilnd.uscourts.gov |

1     Court Reporter:           FEDERAL OFFICIAL COURT REPORTER
                                  MS. KRISTA BURGESON
2                                    219 South Dearborn Street
                                  Chicago, Illinois 60604
3                                    312-435-5567
                                  krista_burgeson@ilnd.uscourts.gov
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

10:57:18  25

| | | |
|---|---|---|
| 10:57:18 | 1 | THE COURTROOM DEPUTY: 14 CR 447, USA versus Bey. |
| 10:57:32 | 2 | MS. MALIZIA: Good morning, Your Honor. Kathryn |
| 10:57:35 | 3 | Malizia and Christopher Hotaling for the United States. |
| 10:57:35 | 4 | MR. HOTALING: Good morning, Your Honor. |
| 10:57:38 | 5 | MR. FUENTES: Good morning, Your Honor. Gabe Fuentes |
| 10:57:42 | 6 | as standby counsel. |
| 10:57:43 | 7 | THE COURT: And Mr. Bey, good morning to you. |
| 10:57:48 | 8 | DEFENDANT BEY: Good morning to you, Judge. |
| 10:57:50 | 9 | THE COURT: I think the first thing we need to take |
| 10:57:53 | 10 | care of is that Mr. Bey filed a -- what I would construe as a |
| 10:57:59 | 11 | motion to have what he called a private meeting with the |
| 10:58:06 | 12 | Court, which I am interpreting as ex parte, meaning just with |
| 10:58:12 | 13 | me. |
| 10:58:16 | 14 | Okay. So that did hit the docket. |
| 10:58:19 | 15 | Here is what I propose to do: |
| 10:58:23 | 16 | Mr. Bey, the general rule is, and it is usually quite |
| 10:58:26 | 17 | firm, is that there must not be any ex parte communications |
| 10:58:33 | 18 | from the parties, meaning that -- it is just a fancy Latin |
| 10:58:38 | 19 | term for really both sides should be present whenever the |
| 10:58:43 | 20 | Judge is hearing anything about the case. |
| 10:58:49 | 21 | DEFENDANT BEY: Okay. |
| 10:58:50 | 22 | THE COURT: And that is what you are asking for, |
| 10:58:52 | 23 | right? Just to talk to me without the government there? |
| 10:58:55 | 24 | DEFENDANT BEY: I didn't mind if the government came. |
| 10:58:58 | 25 | THE COURT: You just wanted it kind of under seal in |

**4**

| | | |
|---|---|---|
| 10:59:01 | 1 | other words, like the public didn't know? |
| 10:59:03 | 2 | DEFENDANT BEY: I wanted it in private, and your |
| 10:59:06 | 3 | chambers is private, and I wanted to see what we could do |
| 10:59:09 | 4 | about this case, with me requesting the right to subrogation. |
| 10:59:18 | 5 | THE COURT: Okay. |
| 10:59:20 | 6 | To the extent that -- because there was another |
| 10:59:22 | 7 | filing that was -- I think docketing called it an affidavit |
| 10:59:31 | 8 | for lack of a better term, which that was docket entry 146, |
| 10:59:36 | 9 | and, yeah, what was asserted in there, I am afraid there is no |
| 10:59:45 | 10 | legal effect and no relief that I can give you based on what |
| 10:59:50 | 11 | is in those papers. |
| 10:59:51 | 12 | So if what you are asking is to see if the case can |
| 10:59:55 | 13 | be resolved in some way short of trial, all right, that is |
| 10:59:58 | 14 | something that you have to talk to Mr. Fuentes about, and also |
| 11:00:02 | 15 | with the government, but I can't by rule participate in any |
| 11:00:08 | 16 | kind of negotiations to try to resolve the case short of |
| 11:00:12 | 17 | trial. |
| 11:00:13 | 18 | Do you understand that? |
| 11:00:14 | 19 | DEFENDANT BEY: Yeah, I do. |
| 11:00:16 | 20 | And no, no. What I am saying is I do have a right |
| 11:00:19 | 21 | to -- for the prosecutors, since the prosecutor brought the |
| 11:00:24 | 22 | case, to certify the subrogation on the case, and I have that |
| 11:00:29 | 23 | right. So I am -- I'm -- I'm -- I don't want to proceed |
| 11:00:37 | 24 | without that right. |
| 11:00:39 | 25 | So I would like my subrogation and -- |

11:00:42 **1**        THE COURT:  And I am afraid there is no right of

11:00:45 **2** subrogation that applies in a criminal case, that usually has

11:00:50 **3** to do with -- if someone has a claim, that claim can be

11:00:54 **4** subrogated to another party or entity, and then they can

11:00:58 **5** pursue that claim.  So that is not anything that applies to a

11:01:01 **6** criminal case.

11:01:02 **7**        DEFENDANT BEY:  Can I ask you a question, Judge?

11:01:13 **8**        THE COURT:  So I'll just finish out real quickly.

11:01:13 **9** There is no relief I can give you.  To the extent you think

11:01:17 **10** you have this right, you have now made a record of it, so this

11:01:23 **11** is being transcribed --

11:01:24 **12**        DEFENDANT BEY:  Is this on the record?

11:01:26 **13**        THE COURT:  Yes, everything in court that we do is on

11:01:28 **14** the record, and the transcript can always be prepared.

11:01:32 **15**        DEFENDANT BEY:  Because I just heard what you said.

11:01:35 **16** They made a claim.  No one have a higher claim than me,

11:01:37 **17** because they are using my name as equity.  They brought the

11:01:41 **18** case in my name.  So no one here has a higher claim than me.

11:01:43 **19** If they do, I would like to see it.  I would like them to come

11:01:46 **20** and let me know that they do.  No one here has a higher claim

11:01:50 **21** than me.

11:01:51 **22**        And so I do have that right.

11:01:53 **23**        THE COURT:  And I respectfully disagree.

11:01:55 **24**        DEFENDANT BEY:  And I can -- I won't consent to

11:01:59 **25** progress with the case without that right to subrogation, for

11:02:05 **1** them to certify it.

11:02:06 **2** THE COURT: So once again, and we do need to move on

11:02:10 **3** to other topics, but once again, the right to subrogation does

11:02:14 **4** not apply in criminal cases. And so there isn't any relief

11:02:20 **5** that I can give you based on what you are arguing now. And

11:02:24 **6** the government is entitled to continue to proceed with the

11:02:27 **7** prosecution.

11:02:29 **8** So we do need to move on to other topics at this

11:02:32 **9** point.

11:02:32 **10** DEFENDANT BEY: I just want to state one more thing.

11:02:35 **11** With that bond, I would like -- everything is in my

11:02:40 **12** name. My name is what brought this case. And the case has

11:02:43 **13** been bonded in my name. And so I want them to -- I am the

11:02:48 **14** subrogee. And with me being the subrogee, I want to -- I want

11:02:53 **15** to -- I want a settlement of this claim and closure.

11:03:01 **16** THE COURT: Thank you.

11:03:03 **17** Now --

11:03:05 **18** DEFENDANT BEY: Because it is in my name, and I am

11:03:07 **19** the name holder of Hakeem El Bey.

11:03:11 **20** I would like to have this case settled with closure

11:03:15 **21** and I would like to order the Court for it to be released to

11:03:19 **22** me.

11:03:19 **23** THE COURT: And you have made your record.

11:03:22 **24** DEFENDANT BEY: Okay.

11:03:23 **25** THE COURT: We will move on to another topic because

| | | |
|---|---|---|
| 11:03:26 | 1 | there was nothing additional or new in that statement. |
| 11:03:28 | 2 | DEFENDANT BEY:  Okay. |
| 11:03:29 | 3 | THE COURT:  So the next topic is I think setting the |
| 11:03:32 | 4 | case for trial again.  And also just to confirm, Mr. Bey, that |
| 11:03:41 | 5 | Mr. Fuentes has, again, graciously and kindly agreed to be |
| 11:03:46 | 6 | standby counsel, and so that happened between the last status |
| 11:03:51 | 7 | hearing and today.  And as we discussed at the last time, even |
| 11:03:55 | 8 | though you think you might not need standby counsel, I do |
| 11:04:03 | 9 | believe you ought to have the benefit of that, so that is why |
| 11:04:05 | 10 | he is back in here. |
| 11:04:06 | 11 | All right? |
| 11:04:07 | 12 | DEFENDANT BEY:  Yes, sir. |
| 11:04:08 | 13 | And I am glad to have him with me. |
| 11:04:10 | 14 | THE COURT:  All right. |
| 11:04:12 | 15 | So I do believe the next step is to set a trial date. |
| 11:04:17 | 16 | Is that the government's position? |
| 11:04:19 | 17 | MS. MALIZIA:  Yes, Your Honor. |
| 11:04:20 | 18 | THE COURT:  And Mr. Fuentes, can you think of |
| 11:04:23 | 19 | anything other than setting the trial date, and obviously |
| 11:04:26 | 20 | setting a proposed pretrial order date and everything else? |
| 11:04:32 | 21 | That is the next step in your view? |
| 11:04:35 | 22 | MR. FUENTES:  Judge, no, I do not have anything in |
| 11:04:38 | 23 | mind as standby counsel. |
| 11:04:39 | 24 | THE COURT:  All right. |
| 11:04:40 | 25 | And Mr. Bey, other than what you had asserted |

| 11:04:44 | 1 | earlier, is a trial date the next step? |
| 11:04:50 | 2 | DEFENDANT BEY:  I guess so, Judge. |
| 11:04:51 | 3 | I mean -- |
| 11:04:52 | 4 | THE COURT:  Okay. |
| 11:04:54 | 5 | DEFENDANT BEY:  I mean if we -- |
| 11:04:57 | 6 | You know, I am not consenting to proceeding, but if |
| 11:05:01 | 7 | this is what we have to do, then we have to do it. |
| 11:05:04 | 8 | THE COURT:  Okay. |
| 11:05:05 | 9 | DEFENDANT BEY:  Yes. |
| 11:05:06 | 10 | THE COURT:  And you are right, I am not asking you to |
| 11:05:10 | 11 | consent to the trial in the sense of giving up your right to |
| 11:05:13 | 12 | assert that you are not subject to one. |
| 11:05:15 | 13 | DEFENDANT BEY:  Yes. |
| 11:05:16 | 14 | THE COURT:  But since I have overridden that |
| 11:05:20 | 15 | argument, that I believe is the next step. |
| 11:05:26 | 16 | So I will start with the government and then we can |
| 11:05:29 | 17 | talk with Mr. Bey, Mr. Fuentes too, but what were you |
| 11:05:34 | 18 | thinking? |
| 11:05:34 | 19 | MS. MALIZIA:  Your Honor, we have a list of available |
| 11:05:36 | 20 | dates that our witnesses are available.  I have not had a |
| 11:05:39 | 21 | chance to speak with Mr. Fuentes or Mr. Bey. |
| 11:05:41 | 22 | THE COURT:  When does availability start? |
| 11:05:44 | 23 | MS. MALIZIA:  As early as the week of March 5th, and |
| 11:05:46 | 24 | then I have dates through September. |
| 11:05:48 | 25 | THE COURT:  Okay.  Wow, you're really prepared. |

11:05:56  1          What do you think, Mr. Bey and Mr. Fuentes, about a

11:06:02  2   trial date in -- what I am going to propose, it is a little

11:06:17  3   bit further out than March, because I do have a mid March

11:06:21  4   trial and then I will be out the last week of March.  How

11:06:25  5   about the week of April 16?

11:06:30  6          DEFENDANT BEY:  Okay.

11:06:30  7          MS. MALIZIA:  Your Honor, unfortunately one of our

11:06:33  8   witnesses is out that week, but we could do the following

11:06:37  9   week.

11:06:37  10         THE COURT:  Let me see if that works.

11:06:41  11         MR. FUENTES:  The 23rd?

11:06:44  12         THE COURT:  The first trial, if I remember the

11:06:47  13   transcript correctly, took all of two days, or two and a half

11:06:51  14   days.

11:06:51  15         MS. MALIZIA:  About that, Your Honor, yes.

11:06:53  16         THE COURT:  So we will budget no more than a week, I

11:06:57  17   think, and that is more than enough time.

11:07:00  18         April 23rd, what do you think?

11:07:05  19         DEFENDANT BEY:  That is fine with me, Judge.

11:07:07  20         THE COURT:  Mr. Fuentes, what does that look like?

11:07:10  21         MR. FUENTES:  Looks pretty good, Judge.  I have a

11:07:12  22   commitment in San Antonio on Friday the 27th.  It is a board I

11:07:17  23   am on, I could tell them that I am still on trial if we run

11:07:22  24   into the 27th, and I would be willing to do that.

11:07:24  25         THE COURT:  I would appreciate it, because if we

| | | |
|---|---|---|
| 11:07:27 | 1 | float to the next week it will start interfering with my May |
| 11:07:31 | 2 | trials. |
| 11:07:32 | 3 | MR. FUENTES:  Then I think we could do it on the |
| 11:07:37 | 4 | 23rd.  And I think it could be done in 2 or 3 days, but we |
| 11:07:40 | 5 | will see. |
| 11:07:40 | 6 | THE COURT:  Okay. |
| 11:07:41 | 7 | So April 23rd will be the trial date. |
| 11:07:43 | 8 | We will work backwards for a Pre-Trial Conference, |
| 11:07:46 | 9 | which I know you went through, but I would like to do it |
| 11:07:49 | 10 | again. |
| 11:08:04 | 11 | I will propose April 10th at 1:30? |
| 11:08:09 | 12 | MS. MALIZIA:  Judge, I have a trial set through that |
| 11:08:12 | 13 | week.  I'm hoping it will plead.  I could do it over the lunch |
| 11:08:14 | 14 | hour potentially, but at this point I do have a trial set for |
| 11:08:19 | 15 | that -- the whole week of April 9th. |
| 11:08:19 | 16 | THE COURT:  When do you think you will know for sure? |
| 11:08:21 | 17 | MS. MALIZIA:  I am hoping by the end of this week |
| 11:08:23 | 18 | I'll know one way or the other. |
| 11:08:23 | 19 | THE COURT:  Does it look good or not good? |
| 11:08:25 | 20 | MS. MALIZIA:  Your Honor, I have said it looks good |
| 11:08:28 | 21 | in the past, but -- it is a difficult defendant. |
| 11:08:31 | 22 | THE COURT:  Let's see. |
| 11:08:44 | 23 | I just don't want to squeeze it too close and -- |
| 11:08:48 | 24 | MR. HOTALING:  And Judge, if she is on trial, I am |
| 11:08:50 | 25 | available, and I am happy to. |

| | | |
|---|---|---|
| 11:08:54 | 1 | THE COURT:  Oh, yeah.  I forgot about you. |
| 11:08:54 | 2 | MR. HOTALING:  That is easy to happen.  And it |
| 11:08:58 | 3 | happens all the time, Judge. |
| 11:09:00 | 4 | THE COURT:  I am sure Ms. Malizia will be brought up |
| 11:09:04 | 5 | to speed. |
| 11:09:05 | 6 | So April 10th, does that work, Mr. Fuentes? |
| 11:09:08 | 7 | MR. FUENTES:  I know there is a meeting in D.C. I |
| 11:09:13 | 8 | usually attend. |
| 11:09:14 | 9 | THE COURT:  Another board meeting? |
| 11:09:17 | 10 | MR. FUENTES:  No, it is an important antitrust |
| 11:09:20 | 11 | practice group meeting involving some international lawyers. |
| 11:09:23 | 12 | THE COURT:  Okay. |
| 11:09:24 | 13 | Then how about April 12 at 1:00 p.m.? |
| 11:09:28 | 14 | MR. FUENTES:  That is the U.S. lawyers antitrust |
| 11:09:30 | 15 | meeting that follows the international meeting. |
| 11:09:34 | 16 | MR. HOTALING:  How many meetings? |
| 11:09:35 | 17 | MR. FUENTES:  That week is tough. |
| 11:09:37 | 18 | Does the following week work at all? |
| 11:09:40 | 19 | THE COURT:  I just don't want to squeeze it too |
| 11:09:43 | 20 | tight. |
| 11:09:43 | 21 | What I try to do at a Pre-Trial Conferences, in order |
| 11:09:49 | 22 | to make the trial pretty smooth, we cover the waterfront of |
| 11:09:52 | 23 | exhibits, for example, and if you have to adjust, either |
| 11:09:56 | 24 | strategy or exhibits, then it helps to have a little bit extra |
| 11:09:59 | 25 | time. |

**12**

| | | |
|---|---|---|
| 11:10:00 | 1 | What -- |
| 11:10:01 | 2 | Are you around April 9th or no? |
| 11:10:06 | 3 | MR. FUENTES:  I was going to suggest the 9th or the |
| 11:10:08 | 4 | 13th. |
| 11:10:09 | 5 | THE COURT:  April 9th at 1:30. |
| 11:10:12 | 6 | MR. FUENTES:  I could do that. |
| 11:10:13 | 7 | THE COURT:  Mr. Bey? |
| 11:10:14 | 8 | DEFENDANT BEY:  That is good. |
| 11:10:15 | 9 | THE COURT:  So April 9th at 1:30. |
| 11:10:18 | 10 | Then we will work backwards from there for the |
| 11:10:35 | 11 | proposed pretrial order and motions in limine.  Let's see. |
| 11:10:39 | 12 | So let's make that March 19.  And then responses to |
| 11:11:02 | 13 | motions in limine on March 28, and replies on April 3rd. |
| 11:11:22 | 14 | And so on that note, Mr. Bey, I meant to print out, |
| 11:11:26 | 15 | and I forgot to do it, I'm sorry, but I have a standing order |
| 11:11:30 | 16 | governing proposed pretrial orders, it is actually a pre-trial |
| 11:11:34 | 17 | statement, as well as motions in limine, exhibit list, and so |
| 11:11:41 | 18 | on, on my web site. |
| 11:11:44 | 19 | Maybe if you wait after the hearing we can print that |
| 11:11:46 | 20 | out for you. |
| 11:11:47 | 21 | DEFENDANT BEY:  Okay. |
| 11:11:48 | 22 | THE COURT:  And I am sure that Mr. Fuentes will be |
| 11:11:51 | 23 | able to get it too.  It takes a lot of work to put these |
| 11:11:55 | 24 | together. |
| 11:11:56 | 25 | You will see that you not only have to provide |

| 11:12:00 | 1 | motions in limine, meaning -- and you did this last time, |
| 11:12:03 | 2 | actually, but motions in advance of trial, but also a witness |
| 11:12:06 | 3 | list, with a very short description of what the witnesses are |
| 11:12:10 | 4 | about, exhibit lists, and -- |
| 11:12:14 | 5 | DEFENDANT BEY:  Okay. |
| 11:12:14 | 6 | THE COURT:  So it will take work before you even file |
| 11:12:18 | 7 | it, and then you also need to be conferring with Mr. Fuentes, |
| 11:12:21 | 8 | and actually it requires some discussion with the government, |
| 11:12:24 | 9 | too, about any objections to exhibits and so on. |
| 11:12:27 | 10 | I know you all went through this the last time, but |
| 11:12:30 | 11 | we are going to do it again, because now I am presiding over |
| 11:12:33 | 12 | this case.  And so, please, don't assume that any decisions |
| 11:12:40 | 13 | that were made the first time around are going to apply again, |
| 11:12:44 | 14 | because even though I will obviously give it some weight, it |
| 11:12:50 | 15 | is important to -- so it is not completely a clean slate, but |
| 11:12:55 | 16 | you ought to treat it as if whatever you want to do, you |
| 11:12:58 | 17 | should ask for it again, okay, Mr. Bey? |
| 11:13:01 | 18 | DEFENDANT BEY:  Okay. |
| 11:13:02 | 19 | THE COURT:  And the government will do the same. |
| 11:13:05 | 20 | DEFENDANT BEY:  Okay. |
| 11:13:06 | 21 | THE COURT:  So please don't think of it as, oh, I can |
| 11:13:09 | 22 | start the day before, because it's going to take work |
| 11:13:12 | 23 | beforehand.  All right? |
| 11:13:12 | 24 | DEFENDANT BEY:  Okay. |
| 11:13:20 | 25 | THE COURT:  I don't think I need another status |

**14**

| | | |
|---|---|---|
| 11:13:24 | 1 | before the Pre-Trial Conference, but do you want to set a |
| 11:13:29 | 2 | status date, Mr. Fuentes?  Do you think that would make sense |
| 11:13:32 | 3 | or no? |
| 11:13:35 | 4 | MR. FUENTES:  Judge, honestly, as standby counsel I |
| 11:13:39 | 5 | am not seeing it is necessary.  But I would think that if |
| 11:13:42 | 6 | Mr. El Bey, Mr. Bey, wants to raise anything, or have an |
| 11:13:46 | 7 | opportunity to raise something, and periodically in the past |
| 11:13:50 | 8 | he has filed things and raised questions, it might be helpful |
| 11:13:53 | 9 | to the Court to just pick a date where he can come in and we |
| 11:13:57 | 10 | can come in and discuss that, if need be, and maybe that will |
| 11:14:00 | 11 | be after the briefing completes on the 3rd of April, but then |
| 11:14:05 | 12 | we are here the following week. |
| 11:14:07 | 13 | THE COURT:  Right, it would have to be some sort of |
| 11:14:10 | 14 | mid March date for whatever reason. |
| 11:14:12 | 15 | Why don't we do this: |
| 11:14:14 | 16 | Are you working now? |
| 11:14:15 | 17 | DEFENDANT BEY:  No, no. |
| 11:14:16 | 18 | THE COURT:  All right. |
| 11:14:17 | 19 | So do you mind having another status in March? |
| 11:14:21 | 20 | DEFENDANT BEY:  No, I don't. |
| 11:14:23 | 21 | THE COURT:  I didn't know how hard it is for you to |
| 11:14:25 | 22 | get down here. |
| 11:14:26 | 23 | So let's say the week of March -- |
| 11:14:29 | 24 | When did I say is the joint pre-trial statement? |
| 11:14:33 | 25 | THE COURTROOM DEPUTY:  Pretrial order is due on March |

11:14:36   **1**    19th and the statement --

11:14:42   **2**         THE COURT: It is the same thing, it's the joint

11:14:45   **3**    pre-trial statement actually. So let's set it for -- let's

11:14:50   **4**    see.

11:14:50   **5**         So deeper in the week of March 19th.

11:14:55   **6**         THE COURTROOM DEPUTY: So we will see you back here

11:15:12   **7**    on March 22nd at 10:45.

11:15:21   **8**         DEFENDANT BEY: Okay, okay.

11:15:23   **9**         THE COURT: Is there any objection, Mr. Bey, to

11:15:26  **10**    excluding time under the Speedy Trial Act through the trial

11:15:29  **11**    date?

11:15:30  **12**         DEFENDANT BEY: No, not really, no.

11:15:33  **13**         THE COURT: I mean, you -- I do think there is

11:15:36  **14**    justification, because you are -- you are going to be filing

11:15:39  **15**    motions again, right?

11:15:41  **16**         DEFENDANT BEY: Um, yeah.

11:15:43  **17**         THE COURT: Right.

11:15:45  **18**         I mean, if you wanted to make the argument that we

11:15:48  **19**    should go to trial within 70 days, which actually we would

11:15:59  **20**    almost be there anyway.

11:16:01  **21**         MR. HOTALING: (Nodding head.)

11:16:01  **22**         THE COURT: Do you have a problem with the trial

11:16:02  **23**    date?

11:16:02  **24**         DEFENDANT BEY: Everything is fine, Judge.

11:16:04  **25**         THE COURT: Okay.

| | | |
|---|---|---|
| 11:16:05 | 1 | Let's exclude time through the trial date in order |
| 11:16:08 | 2 | to allow the preparation of the motions in limine and other |
| 11:16:13 | 3 | pre-trial filings, and for me to consider them, and for us |
| 11:16:16 | 4 | to hold the Pre-Trial Conference, and then, as I said, for |
| 11:16:19 | 5 | the parties to adjust their presentations for the trial |
| 11:16:22 | 6 | itself. |
| 11:16:23 | 7 | Anything else, Mr. Bey? |
| 11:16:24 | 8 | DEFENDANT BEY:  No. |
| 11:16:24 | 9 | THE COURT:  Mr. Fuentes? |
| 11:16:26 | 10 | MR. FUENTES:  I have a question, Judge. |
| 11:16:28 | 11 | THE COURT:  Okay. |
| 11:16:29 | 12 | MR. FUENTES:  I don't know that we would have an |
| 11:16:31 | 13 | answer today, but it relates to the standby counsel duty. |
| 11:16:34 | 14 | THE COURT:  Okay. |
| 11:16:35 | 15 | MR. FUENTES:  Last time we were here, and I was here |
| 11:16:37 | 16 | as standby counsel, Judge Posner frequently commented on how |
| 11:16:45 | 17 | he might -- he might override Mr. Bey's Faretta rights and |
| 11:16:56 | 18 | appoint me as trial counsel.  And Judge Posner suggested that |
| 11:17:00 | 19 | this could happen virtually at any time during the trial. |
| 11:17:03 | 20 | So as the Court could imagine, that left me in a |
| 11:17:07 | 21 | position of preparing every examination, preparing to step in |
| 11:17:11 | 22 | at a moment's notice, probably moving for a mistrial, Judge, |
| 11:17:14 | 23 | based on the inability of counsel to step in like that.  I |
| 11:17:18 | 24 | think it raises an issue. |
| 11:17:19 | 25 | I also think that there probably will be a lot less |

11:17:24  1   acrimony this time around than there was before, so the issue

11:17:28  2   may never arise.

11:17:29  3           But my request for the Court to consider is, if the

11:17:32  4   Court wishes me to step in at a moment's notice, or be

11:17:37  5   prepared to do that, I would want to know that ahead of time,

11:17:41  6   and that will affect how I prepare for the April 23rd trial.

11:17:53  7   And I can't guarantee the Court that I wouldn't move for a

11:17:55  8   mistrial were the Court to appoint me mid trial.  I don't

11:17:55  9   know.

11:17:59  10          But I just wanted to share that with the Court

11:18:00  11  because it really did affect my level of effort and investment

11:18:04  12  and preparedness, and so I wanted to share that with the

11:18:09  13  Court.

11:18:09  14          THE COURT:  Does the government have a position on

11:18:11  15  that?

11:18:12  16          MS. MALIZIA:  I don't think that we do, Your Honor.

11:18:14  17          THE COURT:  And Mr. Bey, what Mr. Fuentes is trying

11:18:17  18  to say in a nutshell, although you might grasp this, is that

11:18:23  19  if any Judge, during the middle of a trial or at any time

11:18:28  20  after allowing a defendant to represent himself decides that

11:18:36  21  the Judge now has additional doubts as to whether the

11:18:41  22  defendant is able to exercise that right, then the -- the

11:18:46  23  Judge does have an ongoing duty to monitor the situation.

11:18:51  24          Nothing that has happened so far would lead me to

11:18:55  25  think that the long question and answer that we went through

11:18:58 **1** the last time around does not still apply, and will not

11:19:02 **2** continue to apply.

11:19:03 **3** So although I will continue to monitor the situation,

11:19:08 **4** I don't actually expect to override Mr. Bey's right to

11:19:15 **5** represent himself.

11:19:16 **6** If that were to happen, it is much more likely I

11:19:19 **7** would mistry the case than expect standby counsel to parachute

11:19:28 **8** in and do everything as if he were the counsel from the very

11:19:31 **9** beginning. So I don't expect that that would be a problem, if

11:19:34 **10** it comes to that.

11:19:37 **11** I think it is unfair to standby counsel to require a

11:19:41 **12** level of preparation beyond what the -- what standby counsel

11:19:49 **13** truly means.

11:19:52 **14** And so I don't expect that level of preparation.

11:19:55 **15** MR. FUENTES: Thank you, Judge. That is very helpful

11:19:57 **16** for me to know. And I appreciate it.

11:20:00 **17** THE COURT: Okay.

11:20:01 **18** Anything else?

11:20:01 **19** MS. MALIZIA: Your Honor, just for the record, the

11:20:03 **20** government did confer with Mr. Bey before the status this

11:20:07 **21** morning and he confirmed that he received the discovery and

11:20:14 **22** the trial exhibits that you ordered us to produce.

11:20:17 **23** DEFENDANT BEY: Yes, I did receive it, Judge.

11:20:19 **24** THE COURT: Okay.

11:20:20 **25** Very good.

**19**

11:21:42   **1**          MS. MALIZIA:   Thank you, Your Honor.

11:21:42   **2**          MR. FUENTES:   Thanks.

11:21:42   **3**

**4**          (Proceedings concluded.)

**5**

**6**

**7**

**8**                C   E   R   T   I   F   I   C   A   T   E

**9**

**10**

**11**          I certify that the foregoing is a correct transcript

**12**   from the record of proceedings in the above-entitled matter.

**13**

**14**   /s/Krista Burgeson, CSR, RMR, CRR      January 21, 2019
         Federal Official Court Reporter      Date

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**