```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3

 4      UNITED STATES OF AMERICA,          )

 5                 Plaintiff,              )

 6      vs.                                )    No. 14-CR-00447

 7      HAKEEM EL BEY,                     )    Chicago, Illinois
                                           )    March 22, 2018
 8                 Defendant.              )    11:00 o'clock a.m.

 9

10              TRANSCRIPT OF PROCEEDINGS - HEARING
                        *** SEALED PORTION ***
11         BEFORE THE HONORABLE JUDGE EDMOND E. CHANG

12    APPEARANCES:

13

14      For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                                   MS. KATHRYN E. MALIZIA
15                                 MR. CHRISTOPHER P. HOTALING
                                   219 South Dearborn Street
16                                 Chicago, Illinois 60604
                                   312-353-5300
17                                 kathryn.malizia@usdoj.gov
                                   christopher.hotaling@usdoj.gov
18

19      For the Defendant:        MR. HAKEEM EL BEY
                                   PRO SE
20                                 1905 East 172nd Street
                                   South Holland, Illinois 60473
21
        Standby counsel:          JENNER & BLOCK LLP
22                                 MR. GABRIEL A. FUENTES
                                   353 N. Clark Street
23                                 Chicago, Illinois 60654
                                   312-222-9350
24                                 gfuentes@jenner.com

25
```

2

1   Court Reporter:              FEDERAL OFFICIAL COURT REPORTER
                                 MS. KRISTA BURGESON
2                                219 South Dearborn Street
                                 Chicago, Illinois 60604
3                                312-435-5567
                                 krista_burgeson@ilnd.uscourts.gov
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

11:00:00  25

| | | |
|---|---|---|
| 11:00:00 | 1 | THE COURTROOM DEPUTY:  14 CR 447, USA versus Hakeem |
| 11:00:04 | 2 | El Bey. |
| 11:00:04 | 3 | MS. MALIZIA:  Good morning.  Kathryn Malizia and |
| 11:00:10 | 4 | Christopher Hotaling for the United States. |
| 11:00:13 | 5 | MR. HOTALING:  Good morning, Your Honor. |
| 11:00:14 | 6 | DEFENDANT BEY:  Good morning, Your Honor. |
| 11:00:16 | 7 | MR. FUENTES:  Good morning, Judge, Gabe Fuentes, |
| 11:00:18 | 8 | standby counsel. |
| 11:00:19 | 9 | THE COURT:  And Mr. Bey, can you go ahead and state |
| 11:00:21 | 10 | your name. |
| 11:00:22 | 11 | DEFENDANT BEY:  My name is Bey, comma, Hakeem El, |
| 11:00:28 | 12 | doing business as Hakeem El Bey. |
| 11:00:33 | 13 | THE COURT:  I will just note for the record that this |
| 11:00:35 | 14 | appears to be the same Mr. Bey that I have been addressing |
| 11:00:38 | 15 | since the case was reassigned to me. |
| 11:00:40 | 16 | Good morning. |
| 11:00:41 | 17 | DEFENDANT BEY:  Good morning. |
| 11:00:42 | 18 | THE COURT:  There are a couple things up. |
| 11:00:44 | 19 | First, the government filed a motion to seal a set of |
| 11:00:48 | 20 | documents that I believe Mr. Bey had left with the government |
| 11:00:57 | 21 | as his proposed exhibits. |
| 11:00:59 | 22 | Do you remember doing that, Mr. Bey? |
| 11:01:01 | 23 | DEFENDANT BEY:  Yes, sir. |
| 11:01:02 | 24 | THE COURT:  And I think what the government's concern |
| 11:01:04 | 25 | is is that your -- some of your personal identifying |

11:01:08  1   information, like Social Security number, is --

11:01:11  2           DEFENDANT BEY:  I didn't put my Social Security

11:01:13  3   number on there, Judge.

11:01:14  4           THE COURT:  Really the only question, I think, that I

11:01:17  5   need to ask is, do you want any of those exhibits to be placed

11:01:22  6   under seal just in case it has some of your personal

11:01:32  7   identifiers or are you okay with those documents being filed

11:01:35  8   on the public record?

11:01:36  9           DEFENDANT BEY:  Okay, I will ask you a question

11:01:39  10  first, Judge, and this is very important.

11:01:41  11          Is this an equity court?

11:01:44  12          THE COURT:  I'm sorry?

11:01:44  13          DEFENDANT BEY:  Is this an equity court?

11:01:47  14          THE COURT:  This is a Federal Court.

11:01:48  15          DEFENDANT BEY:  But I mean, is this an equity court?

11:01:52  16          THE COURT:  That is not a term that is in Title 28,

11:01:55  17  which created the Federal Court system.

11:02:01  18          DEFENDANT BEY:  And --

11:02:02  19          THE COURT:  And I don't think it is really pertinent

11:02:04  20  to what we are dealing with today.

11:02:05  21          DEFENDANT BEY:  The reason I am asking that, because

11:02:09  22  dealing with finances or money, then it is an equity court.

11:02:14  23  And if it is an equity court, then I don't mind being sealed,

11:02:24  24  because I am the only equity in here.

11:02:28  25          So what I want to state is as far as my docketness

11:02:36  1    goes, is stating who and what I am, and I do want the record

11:02:41  2    to reflect that I am not a U.S. citizen, and that I am going

11:02:46  3    to challenge jurisdiction, and jurisdiction can be challenged

11:02:50  4    at any time.  And so I am challenging jurisdiction right now

11:02:54  5    and I think my documents reflect who and what I am.

11:02:58  6          And so upon that note, I am not consenting to

11:03:01  7    anything.  I thought that was very important for you all to --

11:03:11  8          THE COURT:  Okay.  I hear that.

11:03:12  9          DEFENDANT BEY:  Uh-huh.

11:03:13  10         THE COURT:  So I think the best way to proceed with

11:03:16  11   respect to the exhibits that I was asking about is I will

11:03:19  12   grant the government's motion to file that under seal, just so

11:03:22  13   that we have a record of what you had proposed to the

11:03:26  14   government as the exhibits that you wanted to introduce at

11:03:33  15   trial.  So go ahead and file that under seal, because -- you

11:03:37  16   didn't file it yet, right?

11:03:39  17         MS. MALIZIA:  Correct.

11:03:39  18         THE COURT:  So go ahead and file that under seal.

11:03:42  19         And consistent with the strong presumption of access

11:03:46  20   to trial exhibits, when we get to the Pre-Trial Conference,

11:03:51  21   and we examine the admissibility of exhibits, then -- and of

11:03:58  22   course, at trial, then the presumption will be that they will

11:04:01  23   be public.

11:04:02  24         But just for now, so that we can move forward, you

11:04:05  25   can go ahead and file that under seal.

11:04:07  1    DEFENDANT BEY:  Can I ask you one more thing?

11:04:08  2    THE COURT:  Sure.

11:04:09  3    DEFENDANT BEY:  You said that equity is not really

11:04:13  4  reputable to Title 28, but it is, because if it is equity,

11:04:18  5  then there are no charges.

11:04:19  6    And so what I am saying is if there is equity, then

11:04:25  7  they don't have anything here, because I am the only equity in

11:04:29  8  here, and so what I am saying to you is -- okay.

11:04:38  9    I am going to read this statement to you because I

11:04:41  10  think this is very important.

11:04:45  11    THE COURT:  I do have, Mr. Bey, the filing that you

11:04:49  12  had entitled.  At least on the first page, lawful notice.

11:04:53  13    DEFENDANT BEY:  Yes, sir.

11:04:54  14    THE COURT:  That is docket entry 150, so that is on

11:04:56  15  the docket.

11:04:57  16    DEFENDANT BEY:  Okay.

11:04:58  17    THE COURT:  And --

11:05:00  18    DEFENDANT BEY:  It is my W8, my foreign status, is

11:05:06  19  that filed on the case?  Because I don't want that sealed.  I

11:05:09  20  want there to be public record that --

11:05:12  21    THE COURT:  That is not under seal.

11:05:13  22    DEFENDANT BEY:  That is not going to be sealed, okay.

11:05:15  23    I want them to know that I am foreign to the United

11:05:19  24  States, and so on that note, you know, what I wanted to tell

11:05:24  25  you, right now, I am making a special private visitation with

11:05:36  1    my private tribunal to judge the matter today.

11:05:43  2         So if we are going to continue, then we continue

11:05:48  3    without my consent.  So you make the call.

11:05:55  4         THE COURT:  So in light of the fact that this

11:05:58  5    District Court is constituted by Title 28 and the charge

11:06:04  6    against you is a criminal charge, it is not a matter of

11:06:09  7    equity, neither the government nor the Court needs your

11:06:12  8    consent to move forward, because you are required by law to

11:06:17  9    face the charges.  So we will move forward.

11:06:21  10        The notice that you filed, one part of it deeper into

11:06:25  11   the filing, asks for an identity hearing.

11:06:28  12        DEFENDANT BEY:  Yes, sir.

11:06:29  13        THE COURT:  And so the government is going to have to

11:06:31  14   prove that you are the person that has been charged, and that

11:06:37  15   you are the person who submitted the returns that they claim

11:06:41  16   are unlawful.

11:06:43  17        So identity will be an issue, but at trial.  So there

11:06:47  18   is no separate identity hearing.

11:06:49  19        DEFENDANT BEY:  All right.

11:06:50  20        THE COURT:  The rest of the documents, I must say,

11:06:54  21   unfortunately, they don't have any particular legal effect.

11:06:58  22   There is nothing that would require either dismissal of the

11:07:02  23   charge in those documents nor really calling for a response

11:07:07  24   from the government.

11:07:10  25        So that is all I can really say, Mr. Bey, as to that.

11:07:14  1      DEFENDANT BEY:  Okay.

11:07:14  2      THE COURT:  All right.

11:07:15  3      Next is --

11:07:16  4      MS. MALIZIA:  Your Honor?

11:07:17  5      THE COURT:  Yes.

11:07:17  6      MS. MALIZIA:  Just to clarify for the record, the

11:07:19  7  government believes that what Mr. Bey filed under seal as the

11:07:23  8  lawful notice, is identical to what he left at the U.S.

11:07:28  9  Attorney's Office as his proposed exhibits.

11:07:30  10      THE COURT:  I didn't think the notice was under seal.

11:07:34  11      MS. MALIZIA:  It was not filed under seal but I think

11:07:37  12  the Court sealed it, or at least it is not accessible in the

11:07:43  13  public docket because it contains personal identifying

11:07:48  14  information.

11:07:49  15      THE COURT:  And this is actually the subject of the

11:07:51  16  Judge's meeting in one hour.

11:07:53  17      I know you want that to be public record, I thought

11:07:56  18  it was public record --

11:07:58  19      DEFENDANT BEY:  Yes.

11:07:58  20      THE COURT:  (Continuing) -- naturally, I can see

11:08:00  21  everything, so no warning popped up for me.

11:08:03  22      So I will order the clerk to unseal that docket

11:08:08  23  number.

11:08:08  24      DEFENDANT BEY:  Thank you.

11:08:09  25      THE COURTROOM DEPUTY:  Which docket number is that,

11:08:11   1   Judge?

11:08:12   2   THE COURT: 150.

11:08:13   3   THE COURTROOM DEPUTY: Thank you.

11:08:14   4   MS. MALIZIA: Your Honor, our motion may be moot then

11:08:16   5   since I believe that those two sets of documents are

11:08:19   6   identical, Exhibit A and the lawful notice.

11:08:23   7   THE COURT: Can you double check?

11:08:24   8   MS. MALIZIA: Yes.

11:08:25   9   DEFENDANT BEY: Exhibit A is just my DBA, that is all

11:08:28   10   it is, by DBA.

11:08:29   11   THE COURT: Your DBA?

11:08:31   12   DEFENDANT BEY: Yes, doing business as, that is what

11:08:33   13   Exhibit A is.

11:08:34   14   THE COURT: But you --

11:08:36   15   DEFENDANT BEY: But the lawful notice is stating --

11:08:38   16   MR. HOTALING: It is the lawful notice and the

11:08:40   17   documents that follow behind the document that said, lawful

11:08:44   18   notice.

11:08:44   19   THE COURT: It might be that you are talking about

11:08:46   20   two different things.

11:08:47   21   So definitely that docket entry will be unsealed, so

11:08:52   22   that will be on the public record.

11:08:54   23   DEFENDANT BEY: Okay, okay.

11:08:55   24   THE COURT: What I will ask the government to do is

11:08:57   25   to double check as to whether what Mr. Bey had given to you

11:09:03　1　that you were attempting to file under seal is the same.

11:09:07　2　　　　Since you think it is, right now I will just

11:09:09　3　terminate that motion as withdrawn.

11:09:12　4　　　　If it is not, if you double check and you find that

11:09:14　5　there are some additional documents that don't match up with

11:09:19　6　what Mr. Bey himself has filed, then go ahead and file another

11:09:23　7　motion.

11:09:23　8　　　　All right?

11:09:24　9　　　　MS. MALIZIA:  Okay.

11:09:25　10　　　　And thank you, Your Honor.

11:09:26　11　　　　DEFENDANT BEY:  It is the same page.

11:09:27　12　　　　THE COURT:  I'm sorry?

11:09:28　13　　　　DEFENDANT BEY:  I gave everything to everybody.

11:09:31　14　Everything is the same.  What you got, she got.

11:09:40　15　　　　THE COURT:  They'll just double check.  All right?

11:09:41　16　　　　The next thing on the agenda is I just wanted to get

11:09:46　17　a sense of what, if anything, has Mr. Bey done in taking

11:09:57　18　advantage of the availability of standby counsel?

11:10:02　19　　　　So for this part of the hearing, and it may be

11:10:05　20　appropriate I think to do this ex parte and under seal, so the

11:10:12　21　government does not hear what is going on between Mr. Bey and

11:10:16　22　counsel, but I will say that I will encourage Mr. Bey to

11:10:21　23　utilize the services of standby counsel to, at the very least,

11:10:26　24　put exhibits into particular formats and so on.

11:10:35　25　　　　But again, because this is a matter of what is

11:10:37  1   happening between the defendant and Mr. Fuentes, do you have

11:10:40  2   any objection to going ex parte and under seal?

11:10:43  3          MS. MALIZIA:  No, Judge.

11:10:44  4          MR. HOTALING:  No objection.

11:10:45  5          And we can step outside.

11:10:46  6          THE COURT:  If you can do that.  Thank you.

11:11:07  7          And actually, everyone else should step out as

11:11:10  8   well.

11:11:10  9

11:11:10  10         (WHEREUPON THE PROCEEDINGS WERE CONTINUED

11:11:10  11          EX PARTE AND UNDER SEAL.)

11:11:10  12

11:11:11  13

11:11:13  14

11:11:15  15

11:11:19  16

11:11:20  17

11:11:22  18

11:11:23  19

11:11:25  20

11:11:26  21

11:11:27  22

11:11:30  23

11:11:39  24

11:11:43  25





| | | |
|---|---|---|
| 11:13:22 | 1 | |
| 11:13:23 | 2 | |
| 11:13:27 | 3 | |
| 11:13:30 | 4 | |
| 11:13:35 | 5 | |
| 11:13:39 | 6 | |
| 11:13:44 | 7 | |
| 11:13:48 | 8 | |
| 11:13:53 | 9 | |
| 11:13:57 | 10 | |
| 11:14:01 | 11 | |
| 11:14:03 | 12 | |
| 11:14:08 | 13 | |
| 11:14:11 | 14 | |
| 11:14:16 | 15 | |
| 11:14:23 | 16 | |
| 11:14:23 | 17 | |
| 11:14:27 | 18 | |
| 11:14:32 | 19 | |
| 11:14:32 | 20 | |
| 11:14:38 | 21 | |
| 11:14:40 | 22 | |
| 11:14:43 | 23 | |
| 11:14:43 | 24 | |
| 11:14:47 | 25 | |





| | | |
|---|---|---|
| 11:17:24 | 1 | ███████████ |
| 11:17:25 | 2 | ████████████████████████ |
| 11:17:26 | 3 | █████████████ |
| 11:17:27 | 4 | ██████████████ |
| 11:17:28 | 5 | ████████████████ |
| 11:17:28 | 6 | |
| 11:17:28 | 7 | (WHEREUPON THE PROCEEDINGS WERE CONTINUED |
| 11:17:28 | 8 | IN OPEN COURT.) |
| 11:17:44 | 9 | |
| 11:17:53 | 10 | THE COURT:  Okay.  We are now back on the public |
| 11:17:55 | 11 | record. |
| 11:17:56 | 12 | I do believe there is an appropriate line of |
| 11:18:00 | 13 | communication between Mr. Bey and Mr. Fuentes, and so that is |
| 11:18:06 | 14 | good news. |
| 11:18:06 | 15 | The other item I will put on the public record is |
| 11:18:11 | 16 | that to the extent that Mr. Fuentes assists Mr. Bey at his |
| 11:18:17 | 17 | request to file documents or exhibits on the record, the Court |
| 11:18:21 | 18 | will not consider that as standby counsel vouching for either |
| 11:18:25 | 19 | the legal or factual accuracy of any document or filing, but |
| 11:18:30 | 20 | that he is just helping Mr. Bey effectuate those filings that |
| 11:18:37 | 21 | Mr. Bey is filing for himself. |
| 11:18:49 | 22 | So you said that you wanted to challenge |
| 11:18:52 | 23 | jurisdiction, so I need you to put that in writing. |
| 11:18:54 | 24 | DEFENDANT BEY:  Okay. |
| 11:18:55 | 25 | THE COURT:  When do you think you can file that kind |

11:18:57 1    of motion?

11:18:57 2              DEFENDANT BEY:  Today is Thursday?  I can have it

11:19:00 3    Monday on the docket.

11:19:02 4              THE COURT:  That is --

11:19:03 5              THE COURTROOM DEPUTY:  March 26th, Judge.

11:19:04 6              THE COURT:  Um, okay.

11:19:07 7              March 26th.

11:19:10 8              And there usually is a 15-page limit on motions.

11:19:14 9              DEFENDANT BEY:  Okay.

11:19:14 10             THE COURT:  Do you think you can fit that?

11:19:19 11             DEFENDANT BEY:  Yes, sir.

11:19:20 12             THE COURT:  All right.

11:19:21 13             Then I will ask the government to reply by -- let's

11:19:24 14   see, our pre-trial is April 9, and so why don't you try to

11:19:28 15   respond by April 4, which is the Wednesday after, and then I

11:19:35 16   will look at those two filings in advance of the April 9

11:19:39 17   Pre-Trial Conference.  And same 15-page limit on the

11:19:46 18   government.

11:19:48 19             Then our next date is the April 9th Pre-Trial

11:19:54 20   Conference.

11:19:54 21             DEFENDANT BEY:  Okay.

11:19:56 22             THE COURT:  April 9th, right?  Yes.

11:19:59 23             We are all set for that, Mr. Bey?

11:20:01 24             DEFENDANT BEY:  Yes, Judge.

11:20:05 25             Did you give a time on that, Judge?

| | | |
|---|---|---|
| 11:20:08 | 1 | MR. HOTALING:  It is 1:30. |
| 11:20:10 | 2 | THE COURT:  1:30. |
| 11:20:12 | 3 | DEFENDANT BEY:  Okay. |
| 11:20:13 | 4 | THE COURT:  Mr. Fuentes, anything you want to put on |
| 11:20:15 | 5 | the record? |
| 11:20:15 | 6 | MR. FUENTES:  No, just that I don't know that it is |
| 11:20:18 | 7 | important for the Court to acknowledge it, but the other thing |
| 11:20:21 | 8 | we talked about in our conference was that Jenner & Block |
| 11:20:24 | 9 | filing documents for Mr. El Bey as standby counsel creates no |
| 11:20:29 | 10 | duties from Jenner & Block to Mr. El Bey.  Probably most |
| 11:20:33 | 11 | important for you, Mr. El Bey, to acknowledge that on the |
| 11:20:35 | 12 | record if you agree with that. |
| 11:20:37 | 13 | DEFENDANT BEY:  Oh, yes.  Yes. |
| 11:20:39 | 14 | Yes, I do. |
| 11:20:39 | 15 | MR. FUENTES:  Thank you. |
| 11:20:40 | 16 | THE COURT:  All right. |
| 11:20:40 | 17 | Anything else the government wants to put on the |
| 11:20:42 | 18 | record? |
| 11:20:42 | 19 | MS. MALIZIA:  No, Your Honor. |
| 11:20:43 | 20 | THE COURT:  But there was a -- I think you had one |
| 11:20:46 | 21 | stipulation in the joint statement, and there was a very minor |
| 11:20:51 | 22 | typo. |
| 11:20:51 | 23 | MS. MALIZIA:  I apologize. |
| 11:20:53 | 24 | THE COURT:  Let's see. |
| 11:20:55 | 25 | Page 4, Mr. Bey, do you remember that you stipulated |

11:21:05  1    to the name changes, does that sound familiar?

11:21:08  2              DEFENDANT BEY:  Yes, sir.

11:21:08  3              THE COURT:  So the last sentence, I think it says,

11:21:11  4    "At the time of the charged offenses, the defendant was

11:21:15  5    received income through the U.S. Postal Service," and so I --

11:21:21  6    did you want to say was receiving income?

11:21:23  7              MS. MALIZIA:  Yes, Your Honor, that was the intended

11:21:25  8    language.

11:21:26  9              DEFENDANT BEY:  Well, I would like to state this

11:21:28  10   though.

11:21:28  11             Friday, we said that didn't matter, they weren't

11:21:31  12   going to put it on there.

11:21:33  13             But if they are going to put it on there, that is not

11:21:35  14   what they told me Friday.

11:21:37  15             MS. MALIZIA:  Your Honor, we had discussed how it

11:21:39  16   came into trial last time, that the defendant was receiving

11:21:42  17   disability benefits from the Postal Service which standby

11:21:48  18   counsel raised the issue that that could be perceived as

11:21:48  19   prejudicial to the jury.

11:21:49  20             So to avoid introducing that in the government's

11:21:54  21   affirmative case, this was the compromise that we brokered.

11:21:59  22             THE COURT:  So, Mr. Bey, are you comfortable with

11:22:03  23   stipulating to the sentence, "At the time of the charged

11:22:07  24   offenses, the defendant was receiving income through the U.S.

11:22:11  25   Postal Service"?

11:22:12　1　　　　　　　DEFENDANT BEY:  No, I am not, because it is not

11:22:14　2　true.

11:22:15　3　　　　　　　THE COURT:  Okay.

11:22:18　4　　　　　　　DEFENDANT BEY:  Oh, oh, I'm sorry.

11:22:20　5　　　　　　　Yes, that is true.  That is okay.  That is true.

11:22:23　6　Because they had it for 209.  Yes, that is fine.

11:22:28　7　　　　　　　THE COURT:  I think what might be important, so that

11:22:31　8　this doesn't -- so that we are all on the same page, and

11:22:36　9　literally on the same page, I am going to ask the government

11:22:39　10　to prepare an actual stipulation for filing, and then present

11:22:44　11　it to Mr. Bey.

11:22:46　12　　　　　　　DEFENDANT BEY:  Okay.

11:22:47　13　　　　　　　THE COURT:  Then you can double check the language

11:22:50　14　and make sure it is the same.

11:22:51　15　　　　　　　DEFENDANT BEY:  Okay.

11:22:51　16　　　　　　　THE COURT:  And then if you agree with it, then sign

11:22:54　17　it, and we will have an actual stipulation before trial, and

11:22:58　18　you can file it on the docket sometime before the Pre-Trial

11:23:02　19　Conference or you can just hand it up at the Pre-Trial

11:23:04　20　Conference.  But let's literally get on the same page.

11:23:04　21　　　　　　　DEFENDANT BEY:  Okay.

11:23:09　22　　　　　　　THE COURT:  See you on April 9.

11:23:12　23　　　　　　　DEFENDANT BEY:  Thank you, Judge.

11:23:13　24　　　　　　　MR. FUENTES:  Thank you, Judge.

11:23:14　25　　　　　　　MR. HOTALING:  And we excluded time through the trial

| | | |
|---|---|---|
| 11:23:16 | 1 | date? |
| 11:23:17 | 2 | THE COURT:  Yes, we already have. |
| 11:23:18 | 3 | MR. HOTALING:  Just making sure. |
| 11:23:19 | 4 | Thank you. |
| 11:23:19 | 5 | MS. MALIZIA:  Thank you. |
| 11:23:20 | 6 | And Your Honor, just to clarify for the record, was |
| 11:23:22 | 7 | it -- we had two proposed stipulations in the joint pretrial |
| 11:23:26 | 8 | order, is it Your Honor's desire that the defendant stipulate |
| 11:23:29 | 9 | in writing to both? |
| 11:23:33 | 10 | THE COURT:  Yes, if he still agrees. |
| 11:23:35 | 11 | I thought it was just one big paragraph. |
| 11:23:37 | 12 | MR. HOTALING:  Right above it. |
| 11:23:38 | 13 | MS. MALIZIA:  There is a stipulation to the |
| 11:23:40 | 14 | admissibility of the government's exhibits as well. |
| 11:23:41 | 15 | THE COURT:  Oh, I see. |
| 11:23:46 | 16 | Yes, so if Mr. Bey is still comfortable with signing |
| 11:23:50 | 17 | that, you can present it to him. |
| 11:23:52 | 18 | DEFENDANT BEY:  Okay. |
| 11:23:53 | 19 | MS. MALIZIA:  Okay. |
| 11:23:54 | 20 | Thank you, Your Honor. |
| 11:23:54 | 21 | MR. HOTALING:  Thank you. |
| | 22 | |
| | 23 | (Proceedings concluded.) |
| | 24 | |
| | 25 | |

1                    C E R T I F I C A T E

2

3

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    /s/Krista Burgeson, CSR, RMR, CRR      January 21, 2019
     Federal Official Court Reporter       Date
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25