08:44:15

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-CR-00447 |
| | ) |
| HAKEEM EL BEY, | ) Chicago, Illinois |
| | ) July 24, 2018 |
| Defendant. | ) 10:00 o'clock a.m. |

### TRANSCRIPT OF PROCEEDINGS - HEARING
BEFORE THE HONORABLE JUDGE EDMOND E. CHANG

APPEARANCES:


For the Plaintiff:     UNITED STATES ATTORNEY'S OFFICE
                       MR. CHRISTOPHER P. HOTALING
                       219 South Dearborn Street
                       Chicago, Illinois 60604
                       312-353-5300
                       christopher.hotaling@usdoj.gov


For the Defendant:     MR. HAKEEM EL BEY
                       PRO SE
                       1905 East 172nd Street
                       South Holland, Illinois 60473

Standby counsel:       JENNER & BLOCK LLP
                       MR. GABRIEL A. FUENTES
                       353 N. Clark Street
                       Chicago, Illinois 60654
                       312-222-9350
                       gfuentes@jenner.com

| | | |
|---|---|---|
| 1 | Court Reporter: | FEDERAL OFFICIAL COURT REPORTER |
| 2 | | MS. KRISTA BURGESON |
| | | 219 South Dearborn Street |
| 3 | | Chicago, Illinois 60604 |
| | | 312-435-5567 |
| 4 | | krista_burgeson@ilnd.uscourts.gov |

1      (Whereupon, the following proceedings were heard in
2  open court.)

3
09:38:32

4      THE COURTROOM DEPUTY:  14 CR 447, USA versus Hakeem
09:38:32

5  El Bey.
09:38:39

6      MR. HOTALING:  Good morning, Your Honor.  Chris
10:06:49

7  Hotaling on behalf of the United States.
10:06:51

8      DEFENDANT BEY:  Good morning, Your Honor.  Hakeem El
10:06:53

9  Bey, private citizen.
10:06:56

10     MR. FUENTES:  Good morning, Judge.  Gabe Fuentes
10:06:58

11  appearing as appointed standby counsel.
10:07:01

12     PROBATION OFFICER:  Good morning, Your Honor.  Sandra
10:07:04

13  DiNicholas on behalf of the Probation Office.
10:07:07

14     THE COURT:  All right.  Good morning everyone.
10:07:11

15     We are here for sentencing.  Is everyone ready to
10:07:13

16  proceed?
10:07:16

17     MR. HOTALING:  I think Ms. Malizia is in front of
10:07:17

18  Judge Leinenweber.  I am happy to start things off, but most
10:07:21

19  of the paperwork and most of the filings were done by her.  I
10:07:25

20  think her court appearance was at 9:30.  She should be here
10:07:29

21  momentarily.
10:07:33

22     I am happy to start things up, but she is the one who
10:07:35

23  submitted the government's position papers and she has a copy
10:07:40

24  of the PSR, which I do not have.
10:07:44

25     THE COURT:  Why don't we see how far we can get
10:07:46

| | | |
|---|---|---|
| 10:07:49 | 1 | before the 3553(a) factors basically. |
| 10:07:53 | 2 | MR. HOTALING: Sounds good to me. |
| 10:07:54 | 3 | THE COURT: First Mr. Bey, good morning to you. |
| 10:07:56 | 4 | DEFENDANT BEY: Good morning. |
| 10:07:57 | 5 | THE COURT: So I wanted to first let you know that in |
| 10:08:02 | 6 | looking at some of these other filings that you had submitted |
| 10:08:07 | 7 | earlier, and there is docket entries 184, 185, 188, 190, and |
| 10:08:18 | 8 | they were variously titled things like bonded claim, amended |
| 10:08:24 | 9 | bonded claim, notice of interest, notice of merger. Like some |
| 10:08:31 | 10 | of the other filings that you have submitted in this case, I |
| 10:08:34 | 11 | have to conclude that they don't really have any legal effect |
| 10:08:38 | 12 | or really operative effect. |
| 10:08:42 | 13 | So to the extent that you were filing that in an |
| 10:08:45 | 14 | effort to overturn the conviction or something else, they |
| 10:08:52 | 15 | simply do not have any merit. |
| 10:08:54 | 16 | DEFENDANT BEY: I was really filing them because I |
| 10:08:56 | 17 | was saying I was in the wrong court, the wrong jurisdiction, |
| 10:09:00 | 18 | because I am seeking equity. So this is an Article 1 court, I |
| 10:09:06 | 19 | need to be with an Article 3 Judge, and I was trying to get |
| 10:09:11 | 20 | you to see me in your chambers. |
| 10:09:15 | 21 | THE COURT: And as I have said before with these |
| 10:09:19 | 22 | similar filings, this Court does have jurisdiction over the |
| 10:09:24 | 23 | Federal Criminal Code, and that is what this prosecution is. |
| 10:09:29 | 24 | So there is no jurisdictional defect. |
| 10:09:31 | 25 | I wanted to let you know I at least took a look at |

```
10:09:35   1   them and I am rejecting the jurisdictional argument.
10:09:38   2           Then with regard to the pre-sentence report, Mr. Bey.
10:09:43   3           DEFENDANT BEY:  Yes, sir.
10:09:45   4           THE COURT:  You remember you had one the first time
10:09:52   5   around.
10:09:52   6           DEFENDANT BEY:  Yes.
10:09:52   7           THE COURT:  Then there was a shorter update.
10:09:55   8           DEFENDANT BEY:  Yes.
10:09:56   9           THE COURT:  Did you get a copy of the update?
10:09:58  10           DEFENDANT BEY:  I don't remember reading anything.  I
10:10:00  11   told counsel I don't remember seeing anything.
10:10:04  12           THE COURT:  It was quite short, and it was sent to
10:10:08  13   you.  Perhaps -- do you have an extra copy, by chance?
10:10:35  14           PROBATION OFFICER:  I do not.
10:10:37  15           THE COURT:  Let's recess for the moment, maybe
10:10:40  16   co-counsel for the government will get here, and I can print
10:10:43  17   out the update and then you can look through it.  And it is
10:10:52  18   much shorter than the presentence report and you should be
10:10:55  19   able to look through it.
10:10:58  20           DEFENDANT BEY:  Do we have to re-set it?  It is not
10:11:02  21   going to change your decision on what you are going to do?
10:11:05  22           THE COURT:  I am keeping an open mind, of course, but
10:11:08  23   it is your right to read through the report and it would make
10:11:14  24   sense to read it before we proceed to sentencing.
10:11:16  25           DEFENDANT BEY:  You are going to make the final
```

10:11:20 1    decision anyway.

10:11:22 2              MR. HOTALING:  It is only 10 minutes.

10:11:23 3              THE COURT:  Let's take a brief recess.  Okay?

10:11:26 4              DEFENDANT BEY:  Okay, okay.

10:11:29 5              THE COURTROOM DEPUTY:  All rise.

10:11:31 6              (Whereupon a recess was had.)

10:22:35 7              THE COURT:  Mr. Bey, are you ready?

10:22:37 8              DEFENDANT BEY:  Yes, sir.

10:22:38 9              THE COURT:  All right.

10:22:39 10             THE COURTROOM DEPUTY:  14-CR-447, People versus El

10:22:40 11   Bey.

10:22:40 12             MR. HOTALING:  Good morning again, Your Honor.  Chris

10:22:41 13   Hotaling, on behalf of the United States.

10:22:44 14             DEFENDANT BEY:  Good morning, Your Honor.  Hakeem El

10:22:47 15   Bey, private citizen.

10:22:48 16             MR. FUENTES:  Gabriel Fuentes, court appointed

10:22:51 17   standby counsel.

10:22:52 18             PROBATION OFFICER:  And good morning, Sandra Di

10:22:56 19   Nicholas, U.S. Probation.

10:22:57 20             THE COURT:  All right.  Good morning everyone.

10:22:58 21             Mr. Bey, you have had a chance to look at the update

10:23:03 22   to the pre-sentence report?

10:23:04 23             DEFENDANT BEY:  Yes, sir, I did.

10:23:05 24             THE COURT:  You had enough time to look at it?

10:23:07 25             DEFENDANT BEY:  Yes.

10:23:08  1          THE COURT:  Do you have any objections or corrections
10:23:10  2  to propose to either the original pre-sentence report or to
10:23:13  3  the update?
10:23:15  4          DEFENDANT BEY:  Yes, I have objections, but I mean,
10:23:18  5  it is not going to matter.
10:23:19  6          But I mean, no, it is --
10:23:21  7          THE COURT:  I am talking about -- your jurisdictional
10:23:24  8  argument you have preserved many times over.
10:23:27  9          DEFENDANT BEY:  Oh, yeah, yeah.
10:23:29  10         THE COURT:  I am talking about the pre-sentence
10:23:32  11 report and the update.  Do you have any objections or
10:23:34  12 corrections to propose to those two documents?
10:23:36  13         DEFENDANT BEY:  No.
10:23:36  14         THE COURT:  Anything from the government?
10:23:38  15         MR. HOTALING:  No, Your Honor.
10:23:39  16         I have had an opportunity to review it and we have no
10:23:43  17 changes or corrections to be made.
10:23:44  18         THE COURT:  All right.
10:23:45  19         Then I will adopt the pre-sentence report as based on
10:23:50  20 accurate and detailed information.
10:23:52  21         That includes a sentencing guidelines calculation,
10:23:55  22 and I'll just put it on the record.  This is the same
10:23:56  23 guidelines calculation that was in place the first time
10:24:00  24 around, Mr. Bey, it's under the 2014 manual.  So we put all
10:24:06  25 the counts together because they are crimes for which the

10:24:10  1    sentence -- largely based on the loss amount, or the intended

10:24:14  2    loss amount.  So the base offense level under Guideline

10:24:19  3    2(b)1.1 is 7.  16 levels are added because the intended loss

10:24:25  4    was $2.1 million and that results in a total offense level of

10:24:29  5    23.  There's no criminal history points.

10:24:32  6          So the advice of the guidelines was 46 to 57 months,

10:24:38  7    which is lower than last time around because of the absence of

10:24:41  8    I think the obstruction enhancement.

10:24:48  9          Does that square with the government's calculations?

10:24:50  10         MR. HOTALING:  It does, Your Honor.

10:24:52  11         THE COURT:  And Mr. Bey, do you have any objections

10:24:54  12   to the guidelines calculation?  Separate from your

10:25:09  13   jurisdictional argument.

10:25:10  14         DEFENDANT BEY:  No.

10:25:11  15         THE COURT:  Okay.

10:25:11  16         DEFENDANT BEY:  Really I think it should be zero

10:25:15  17   (indicating).

10:25:15  18         But other than that, no.

10:25:17  19         THE COURT:  To the extent you are saying that there

10:25:19  20   is no loss amount or -- okay.  I guess maybe -- it is hard to

10:25:26  21   interpret exactly what you are saying on that one, but this is

10:25:30  22   an accurate guidelines calculation based on the trial evidence

10:25:38  23   and the counts of conviction.  So I do adopt that guidelines

10:25:42  24   calculation.

10:25:44  25         We are just going to have to march forward.

10:25:47  1        So if you can make your 3553 presentation.

10:25:50  2        MR. HOTALING:  Absolutely.

10:25:53  3        Your Honor has had the opportunity to hear the trial

10:25:56  4  testimony in this case and has had an opportunity to see where

10:26:04  5  Mr. Bey, Mr. El Bey, I should say, kind of fits within the

10:26:08  6  scheme that was concocted here.

10:26:12  7        A very deliberate, a very well thought out plan to

10:26:17  8  defraud the United States government of hundreds of thousands

10:26:22  9  of dollars, money to which he just simply had no legal right.

10:26:28  10        The creation of the trust that was done in his name,

10:26:33  11  the filing of trust tax returns in his name, each of which,

10:26:39  12  each separate instance in which he claimed he was entitled to

10:26:43  13  a refund of $300,000 each.  It is a staggering scheme.  It is

10:26:50  14  a staggering impact on our government's ability to function

10:26:55  15  because the government's ability to function largely is based

10:26:59  16  on the proper payment of tax.  And when individuals, such as

10:27:05  17  Mr. El Bey, try to cheat that system by taking money out of

10:27:10  18  the treasury that it is lawfully entitled to, it causes real

10:27:18  19  and significant harm on the government, the proper and true

10:27:20  20  functioning of the United States government.  And if we think

10:27:22  21  to ourselves, if other people kind of caught on to this

10:27:25  22  scheme, and were similarly submitting bogus tax returns for

10:27:30  23  hundreds of thousands of dollars in ill gotten refunds, our

10:27:36  24  government would shut down.  This Court could not function,

10:27:41  25  without the proper functioning of the tax system.  And that is

| 10:27:42 | 1 | what this scheme went to the heart of, the proper functioning |

what this scheme went to the heart of, the proper functioning
of our government's tax system, and our ability as a
government to function.

        So we really haven't heard any sort of remorse from
Mr. El Bey about his role in this, and obviously that is
factored into the guidelines.  He is not getting acceptance of
responsibility.

        But in terms of the nature of the offense under 3553,
it is a very serious offense, and it is an offense that goes
to, like I just mentioned, goes to the heart of our system of
government.

        With respect to the characteristics of the defendant,
Your Honor has had an opportunity to interact with Mr. El Bey
over the course of this case, and like I just mentioned, he
really seeming has no remorse with respect to what he has
done.  I am still not sure if he really thinks what he did was
wrong.

        I think the jury's verdict, now twice, hopefully has
sunk -- gotten the message in to Mr. El Bey that what he has
been doing is wrong.  But I guess we will hear about that in
just a few moments.

        I think as we are continuing to go through the 3553
characteristics that the specific circumstances of the
defendant that I just mentioned, the need for deterrence,
sending an appropriate sentence does do that, a custodial

| | |
|---|---|
| 10:29:08 | 1 |
| 10:29:11 | 2 |
| 10:29:15 | 3 |
| 10:29:17 | 4 |
| 10:29:20 | 5 |
| 10:29:25 | 6 |
| 10:29:28 | 7 |
| 10:29:32 | 8 |
| 10:29:36 | 9 |
| 10:29:42 | 10 |
| 10:29:44 | 11 |
| 10:29:47 | 12 |
| 10:29:50 | 13 |
| 10:29:56 | 14 |
| 10:30:00 | 15 |
| 10:30:03 | 16 |
| 10:30:10 | 17 |
| 10:30:14 | 18 |
| 10:30:17 | 19 |
| 10:30:21 | 20 |
| 10:30:25 | 21 |
| 10:30:33 | 22 |
| 10:30:33 | 23 |
| 10:30:38 | 24 |
| 10:30:42 | 25 |

sentence, and I should point out obviously Mr. El Bey has already served his custodial sentence, and so he has already done the time with respect to that.

But still the whole point of sending the right message to the community that a custodial sentence -- if you are going to deliberately defraud the United States government, if you are going to willfully and knowingly submit fraudulent tax returns, there is a real consequence associated with those criminal acts. And the consequence is a term in the Bureau of Prisons.

Now, like I said, he has already served that, but I think the reimposition of the sentence that he previously received is sufficient to send the right message to the community about what the impact of a crime such as this is.

I think certainly with respect to general deterrence that the term of imprisonment, and I think Judge Posner issued a sentence of 28 months as I recall was the sentence. Sending that message to the community about engaging in this kind of conduct, is going to result in you doing very real time, with a really significant loss of one's liberty. So I think re-imposing a term of custodial sentence is important to send that appropriate message.

In terms of specific deterrence as to Mr. El Bey, I'm not sure it's going to get him off kind of the course we've been on in terms of the sovereign citizen. But hopefully, I

10:30:46  1    don't think Mr. El Bey wants to spend any more time in an
10:30:51  2    orange jumpsuit in a Bureau of Prisons facility, so hopefully
10:30:58  3    reimposing that same sentence will send the same message about
10:31:02  4    flying the straight and narrow with respect to his conduct
10:31:02  5    going forward into the future.
10:31:04  6            So for all of those reasons, it is the government's
10:31:06  7    suggestion that the Court reimpose the same term of
10:31:10  8    imprisonment that Judge Posner issued during the first time
10:31:13  9    around, and that essentially -- that he will have already
10:31:18  10   served that sentence, but nevertheless, having that same term
10:31:23  11   reimposed, and that it is the government's position that that
10:31:26  12   is a term that is sufficient but not greater than necessary to
10:31:30  13   satisfy the conditions of 3553.
10:31:31  14           THE COURT:  The sentencing memo asks for supervised
10:31:35  15   release to be imposed, it appears for the sole purpose of
10:31:43  16   trying to help the collection efforts on restitution.
10:31:45  17           MR. HOTALING:  We --
10:31:47  18           I'm sorry.
10:31:48  19           THE COURT:  I was going to say that the government,
10:31:50  20   even without supervised release, would be able to make its
10:31:54  21   collection efforts, and issue citations and subpoenas and --
10:31:58  22           MR. HOTALING:  Garnishments as well, absolutely,
10:32:01  23   going forward.
10:32:02  24           I am going to stand on our position that we put in
10:32:05  25   our sentencing memo with respect to that.

| | | |
|---|---|---|
| 10:32:08 | 1 | THE COURT: Okay. |
| 10:32:13 | 2 | Mr. Bey, what would you like to say on your own |
| 10:32:15 | 3 | behalf? |
| 10:32:16 | 4 | DEFENDANT BEY: Is this supposed to be about |
| 10:32:18 | 5 | allocution? |
| 10:32:20 | 6 | THE COURT: Yes. |
| 10:32:21 | 7 | DEFENDANT BEY: Okay. |
| 10:32:22 | 8 | I just want to say that -- Judge, I want to give you |
| 10:32:34 | 9 | something and -- the defendant is not me, Judge. And so what |
| 10:32:40 | 10 | I am saying is I have the defendant right here, and I would |
| 10:32:44 | 11 | like to give it to you and tell you that I am -- |
| 10:32:48 | 12 | THE COURT: All right. |
| 10:32:48 | 13 | You want to tender an exhibit for the record? |
| 10:32:51 | 14 | DEFENDANT BEY: Yes. |
| 10:32:53 | 15 | THE COURT: Why don't you give it to the courtroom |
| 10:32:55 | 16 | deputy and she will -- |
| 10:32:56 | 17 | MR. HOTALING: Judge, can I just see it first? I |
| 10:32:59 | 18 | haven't seen -- |
| 10:33:00 | 19 | THE COURT: Yes. |
| 10:33:00 | 20 | Hand it to Mr. Hotaling first. |
| 10:33:04 | 21 | DEFENDANT BEY: Okay. |
| 10:33:04 | 22 | MR. HOTALING: And then is it okay if I hand this up |
| 10:33:08 | 23 | for you? |
| 10:33:09 | 24 | DEFENDANT BEY: Sure. |
| 10:33:10 | 25 | THE COURTROOM DEPUTY: Okay. |

10:33:11   1          THE COURT:  Thank you.

10:33:35   2          Okay, Mr. Bey.  Do you want to describe what this is?

10:33:39   3          DEFENDANT BEY:  Well, it is the defendant, and what I

10:33:42   4   am trying to tell you is -- I am going to say, I do not

10:33:45   5   accept, I do not accept, I do not accept.

10:33:47   6          You have the defendant there (indicating) who is

10:33:51   7   responsible for payment, or whatever, and so I think they did

10:33:59   8   a body attachment on me last time for 28 months, took me out

10:34:09   9   of society, away from my family, my children, and I feel that

10:34:23  10   they are trying to punch me a second time, and it will not

10:34:31  11   change anything.  What I am saying is I am not a threat to

10:34:34  12   society.  I am not hurting anyone.  You know, I -- I try to

10:34:40  13   follow all laws and guidelines.  They haven't had any problems

10:34:46  14   out of me and they won't have any problems out of me.

10:34:55  15          That is all I am going to say.

10:34:57  16          THE COURT:  So just for the record, and we will put

10:34:59  17   this -- I guess we will post this on the docket, although I

10:35:03  18   think I have seen a form of this in your most recent filings,

10:35:08  19   it bears Fredrick Jones' name and it purports to be a --

10:35:11  20          DEFENDANT BEY:  Yes, also known as Hakeem El Bey.

10:35:14  21          THE COURT:  I understand.

10:35:15  22          And it is a birth certificate.

10:35:18  23          So like I said, I think this or a version of it has

10:35:22  24   been attached to some of your more recent filings.

10:35:25  25          To the extent it is some kind of motion for acquittal

10:35:30  1  or new trial, it comes late for one, there is no good cause to
10:35:34  2  extend the time, nor would I extend the time in exercising
10:35:39  3  discretion in light of the fact that it is just a birth
10:35:44  4  certificate.  It doesn't have evidentiary value in explaining
10:35:50  5  why the convictions ought to be vacated or there should be a
10:35:54  6  new trial.
10:35:56  7          So Mr. Bey, in deciding what your sentence ought to
10:36:02  8  be, I do have to consider, and you remember this from the last
10:36:05  9  time around, certain goals and factors in picking a sentence
10:36:08  10  for you.  I have to consider, of course, the nature and
10:36:13  11  circumstances of the crimes that you committed, and I have to
10:36:18  12  consider your personal history and characteristics, and then I
10:36:22  13  have to try to achieve certain goals that Congress has set
10:36:26  14  forth for judges.  We have to try to pick a sentence that is
10:36:30  15  enough, but not greater than necessary, to provide for just
10:36:33  16  punishment for the crime, to reflect the seriousness of the
10:36:37  17  offense, to promote respect for the law, to provide for
10:36:41  18  deterrence, and that is both general deterrence, meaning
10:36:45  19  sending a message to others, and specific deterrence, meaning
10:36:48  20  sending a message to you, to not commit another crime.  I have
10:36:53  21  to provide for the protection of the public, I do have to
10:36:56  22  consider things like medical or rehabilitative needs, but that
10:37:01  23  goal can only ever push down a sentence and not push it up.
10:37:05  24          I do have to consider the advice of the guidelines,
10:37:08  25  which is 46 to 57 months here, and then the need for

restitution.  And finally to avoid unwarranted disparities,
meaning to treat you like I would treat anyone else who has
committed the same kind of crime that you committed and has
the same kind of background that you have.

So weighing all of those, of course with regard to
the offense, the government is correct that this is a serious
offense.  This took money, $600,000, right out of the
treasury, and there was an intent to obtain a lot more than
that.  And for all the debate that we legitimately have over
tax policy generally and tax rates and so on, no one doubts
that taxes though is -- taxes are still necessary to operate
the most basic programs that we have in government, like to
have a military, to have infrastructure, transportation, to
support educational programs and so on, even at some basic
fundamental level.  There is no dispute over that.  And so it
is a very serious crime.

I do believe that the evidence showed beyond a
reasonable doubt that you knew what you did violated the law,
and that it is willful.  I think the government was speaking
maybe colloquially, or -- and not in legalistic terms when the
government said things like, you don't know that you did
something wrong.

I believe you absolutely did, and that you adjusted
the signature just so in terms of reserving rights and so on
on those returns.  You just disagree with the law, you don't

like what it says, and you wanted to get money from the treasury, so you did what you did.

You have shown no remorse whatsoever.

I almost surely would have sentenced you to more than 28 months had I been the sentencing judge the first time around, because I would have been fearful that you would repeat the crime because you don't seem to recognize the jurisdiction of the court, even though you really well know that you are subject to the jurisdiction of the courts, and that you cannot deprive and steal, because that is what it was, stealing money from the Federal Government.

I also would have been more concerned about general deterrence, that is sending a message to others, because I myself had another trial with this same scheme, the $300,000 trust scheme, and I sentenced that defendant to much more time than 28 months, because I would have wanted to send the message that not just all tax schemes, but this one in particular, must stop.

Having said that, you did not have any issues in the Bureau of Prisons. You showed up for sentencing eventually and you did your time. You worked in the Bureau of Prisons. You actually got a positive employment review, I don't know if you saw that in the update, but you did.

There is no evidence, and that is all we can go on, that you committed any other crime afterwards. And so in

terms of deterring you more, I think that reason actually
drops away, because despite the fact that you don't want to
recognize the jurisdiction of the courts and the Federal
Criminal Code over you, you are -- you are rational enough
that you know that if you violate the criminal laws again,
that there will be -- that another prosecution would be geared
up against you and then you could do more time.  So it does
seem like you have gotten that message.

        Still, on general deterrence, I still would have
probably sentenced you to more than 28 months, but I am not
going to do that at this point.  The government is not asking
for more than that, and as I said, given your conduct in
prison, I am satisfied that specific deterrence is not much of
an issue anymore.

        It is disturbing that you are refusing to provide
financial information to the Probation Office, but as I said,
the government can -- there will be other ways that they will
find out about what your finances are, and maybe it is
absolutely true that there is nothing you can pay towards the
restitution, but that is not enough of a reason to give you
more prison time.

        In terms of your personal history too, you were
otherwise law abiding, you had the Postal Service job for a
long time, and separating you from your sister at this point
at age 59, that also weighs against additional prison time,

10:42:20  1    beyond what you got the first time.

10:42:22  2          So on balance I believe the appropriate sentence is

10:42:25  3    28 months, time considered served.  So there should be no

10:42:33  4    additional prison time that you will have to do.

10:42:35  5          With regard to supervised release, I don't think,

10:42:38  6    just for the purpose of collecting its worth, the Probation

10:42:43  7    Office's time and resource drain to supervise you.  So I will

10:42:48  8    not impose any supervised release on you.

10:42:51  9          The way you are going to be still subject to the

10:42:54  10   jurisdiction of the court is when the government files in this

10:42:58  11   case collection efforts against you, and so it is not

10:43:02  12   completely over, but there will not be any supervised release

10:43:07  13   itself.

10:43:07  14         You do have to pay restitution of $600,000 to the

10:43:11  15   Department of Treasury, and the updated report, as you saw,

10:43:14  16   says that no monies have been paid to that.  And so it is

10:43:17  17   still $600,000.

10:43:20  18         On the current record you don't have an ability to

10:43:23  19   pay a fine, so I won't impose a fine.

10:43:27  20         The forfeiture, did you have any further objections

10:43:32  21   you wanted to make as to the forfeiture, Mr. Bey?

10:43:36  22         DEFENDANT BEY:  No.

10:43:36  23         THE COURT:  So based on the jury's verdict and the

10:43:39  24   motion for preliminary order of forfeiture, I do order the

10:43:43  25   forfeiture of 439 South Hoxie and the 2010 Buick LaCrosse

10:43:49  1   sedan that is identified in the motion, so we will enter that
10:43:54  2   preliminary order of forfeiture.
10:43:56  3         The assessment is $800.  I believe you have paid $400
10:44:00  4   towards that.  So I will put in the judgment that it is $800,
10:44:06  5   however, $400 is credited for prior payments.
10:44:12  6         You do have a right to appeal the sentence, as well
10:44:14  7   as the convictions, and if you are going to do that, file a
10:44:17  8   notice of appeal within 14 days of entry of the judgment on
10:44:22  9   the docket.
10:44:24  10        You have a right to counsel.  If you can't afford a
10:44:27  11   counsel you can ask to have one appointed free of charge.  You
10:44:30  12   can also represent yourself, of course.
10:44:32  13        If you can't afford the fees and costs of appeal, you
10:44:36  14   can ask to have those waived, then you won't have to pay those
10:44:40  15   as well.
10:44:41  16        Is there anything else for the government?
10:44:43  17        MR. HOTALING:  Nothing further, Your Honor.
10:44:44  18        THE COURT:  For probation?
10:44:46  19        PROBATION OFFICER:  Nothing, Your Honor.
10:44:47  20        Thank you.
10:44:47  21        THE COURT:  Mr. Bey, anything else?  Any last words
10:44:51  22   here?
10:44:52  23        DEFENDANT BEY:  No.
10:44:52  24        THE COURT:  Okay.
10:44:53  25        DEFENDANT BEY:  Thank you for not sending me back to

| | | |
|---|---|---|
| 10:44:56 | 1 | that place.  I appreciate that. |
| 10:44:57 | 2 | THE COURT:  All right. |
| 10:44:59 | 3 | We are adjourned. |
| 10:45:00 | 4 | MR. HOTALING:  Thank you, Your Honor. |
| 10:45:02 | 5 | DEFENDANT BEY:  Thank you, Judge. |
| 10:45:03 | 6 | MR. FUENTES:  One question, Judge. |
| 10:45:05 | 7 | THE COURT:  Okay. |
| 10:45:06 | 8 | MR. FUENTES:  Did the Court contemplate entering any |
| 10:45:08 | 9 | additional orders with respect to this matter? |
| 10:45:11 | 10 | THE COURT:  It is possible.  It is not like I would |
| 10:45:13 | 11 | lose jurisdiction for that, but that is -- I sent an email to |
| 10:45:17 | 12 | myself on that, let me put it that way. |
| 10:45:20 | 13 | MR. FUENTES:  Okay, Judge. |
| 10:45:21 | 14 | Thank you. |
| 10:45:22 | 15 | THE COURTROOM DEPUTY:  All rise. |
| 10:45:24 | 16 | Court is adjourned. |
| | 17 | |
| | 18 | (Proceedings adjourned.) |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1

# C E R T I F I C A T E

2

3

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    /s/Krista Burgeson, CSR, RMR, CRR      January 21, 2019
     Federal Official Court Reporter        Date
8

9

10:45:26    10

10:45:26
10:45:26    11

10:45:27
10:45:27    12

13

14

15

16

17

18

19

20

21

22

23

24

25