UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) 14 CR 447 |
| v. | ) |
| | ) Judge Edmond E. Chang |
| HAKEEM EL BEY | ) |

## SECOND FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States Attorney for entry of a second final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On August 13, 2014, an indictment was returned charging defendant Hakeem El Bey with mail fraud, in violation of 18 U.S.C. § 1341, among other violations;

(b) The indictment sought forfeiture to the United States of property that constituted or was derived from proceeds traceable to the charged offenses, including but not limited to approximately $600,000; the real property located at 439 South Hoxie, Calumet City, Illinois, PIN: 29-12-231-004 ("Hoxie property"); and a Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937 ("2010 Buick");

(c) Beginning on March 2, 2015, a jury trial was held before the Hon. Richard A. Posner, sitting by designation in the district court. On March 4, 2015, the jury returned a verdict of guilty against defendant El Bey on all counts of the indictment and returned a special verdict finding that the foregoing property subject to forfeiture. On August 18, 2015, a preliminary order of forfeiture was entered in which all right, title, and interest of defendant El Bey in the 2010 Buick and the Hoxie property was forfeited to the United States. On January 11, 2016, a Final Order of

Forfeiture was entered in which all right, title, and interest of defendant El Bey and of any other third party in the 2010 Buick and the Hoxie property was forfeited the United States;

(d) On September 30, 2015, defendant El Bey filed a notice of appeal seeking to vacate his conviction. On January 19, 2018, defendant El Bey's conviction was vacated, and the case was remanded for a new trial. On January 29, 2018, the Court instructed the government to determine whether the Hoxie property and the 2010 Buick had been auctioned following entry of the final order of forfeiture. Further, because the conviction had been vacated, the government was ordered to put a hold on any pending auction of the 2010 Buick and the Hoxie property. Pursuant to the final order of forfeiture dated January 11, 2016, the 2010 Buick was sold on April 14, 2016, and the proceeds from the sale of the 2010 Buick, in the amount of $9,221.23, have been held in the custody of the Department of Treasury pending further order of the Court. As directed, the government halted all efforts to sell the Hoxie property pending further order of the Court;

(e) Beginning on April 24, 2018, a second jury trial was held before this Court. On April 25, 2018, the jury returned a verdict of guilty against defendant El Bey on all counts of the indictment and returned a special forfeiture verdict finding that the property named in the indictment was derived from proceeds traceable to the offenses of conviction and was subject to forfeiture, thereby making the property named in the indictment subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(f) On July 24, 2018, this Court entered a money judgment in the amount of $600,000 against defendant El Bey, and further entered a preliminary order of forfeiture, forfeiting all right, title, and interest of defendant El Bey in the 2010 Buick and the Hoxie property, in partial satisfaction of the judgment, for disposition according to law. Additionally, the United States was

ordered to publish notice of the government's intention to forfeit the foregoing property for disposition of the property according to law;

(g) Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Department of the Treasury posted a copy of the Notice of Forfeiture Action and Preliminary Order of Forfeiture on the front door of the Hoxie property. Personal Service was also executed for the 2010 Buick;

(h) Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), notice of the criminal forfeiture proceedings was posted on an official government internet site for at least 30 days beginning on August 30, 2018;

(i) The Preliminary Order of Forfeiture was served pursuant to the district court's ECF system as to ECF filers. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the Cook County Treasurer's office was served with a copy of the notice of forfeiture and preliminary order of forfeiture. No other parties, including mortgage holders, are known to have an ownership interest in the property and accordingly, no other parties were personally served with a copy of the notice of publication and preliminary order of forfeiture;

(j) To date, no petitions have been filed requesting a hearing to adjudicate any interest in the foregoing property in this case, and the time in which to do so has expired;

(k) On August 9, 2018, defendant El Bey filed a notice of appeal in the Seventh Circuit Court of Appeals. On July 1, 2019, defendant El Bey's appeal was dismissed.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Motion of the United States for Entry of a Second Final Order of Forfeiture is granted. It is further ordered,

2. That, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant HAKEEM EL BEY, and any third party, in the following property is hereby forfeit to the United States for disposition according to law:

    (a) Funds in the amount of $9,221.23, which funds represent the proceeds from the sale of a Quicksilver 2010 Buick LaCrosse 4-Door Sedan, VIN: 1G4GC5EG8AF300937; and

    (b) Real Property located at 439 South Hoxie, Calumet City, Illinois, legally described as follows:

    LOT 34 IN BLOCK 1 IN CALUMET CITY SUBDIVISION BEING A SUBDIVISION OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 12, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    PIN: 29-12-231-004

It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following entry of this order, the United States shall have clear title to the foregoing property and shall dispose of the property according to law. It is further ordered,

4. That, the United States is directed to sell the real property located at 439 South Hoxie, Calumet City, Illinois, and the proceeds from the sale shall be distributed as follows:

    (a) any outstanding state, county, city, or school taxes and any unpaid real estate taxes due and owing, as documented at the date of closing on the property;

    (b) the United States Department of the Treasury shall be permitted to deduct any reasonable and necessary costs incurred to effectuate the sale of the property and maintain the property pending its sale;

    (c) the net proceeds from the sale of the real property shall be issued to the United States Department of the Treasury.

5. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
EDMOND E. CHANG
United States District Judge

DATED: October 7, 2019